UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X     Index No. 20-cv-02663-JMA-ARL
JUSTYNA ZUBKO-VALVA, as Mother and Natural Guardian of
ANTHONY VALVA and ANDREW VALVA, and as
Administratrix of the Estate of THOMAS VALVA and JUSTYNA
ZUBKO-VALVA individually,

                                   Plaintiff(s),

-against-

THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER
MICHELE CLARK, Individually and in her Official Capacity, CPS
SUPERVISOR EDWARD HEEPE, Individually and in his Official
Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO,
Individually and in his Official Capacity, CPS INVESTIGATOR
JENNIFER LANTZ, Individually and in her Official Capacity, CPS
INVESTIGATOR MELISSA ESTRADA, Individually and in her
Official Capacity, CPS INVESTIGATOR LYDIA SABOSTO,
Individually and in her Official Capacity, CPS SUPERVISOR
JEAN MONTAGUE, individually and in her Official Capacity,
DEPARTMENT OF SOCIAL SERVICES COUNTY ATTORNEY
RANDALL RATJE, ESQ., Individually and in his Official
Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE,
ESQ., Individually and in her Official Capacity, THE LAW
OFFICE OF DONNA MCCABE, SHANA CURTI, ESQ.,
Individually and in her Official Capacity, ORSETTI & CURTI
PLLC, EAST MORICHES UNION FREE SCHOOL DISTRICT,
PRINCIPAL EDWARD SCHNEYER, Individually and in his
Official Capacity, SCHOOL SUPERINTENDENT CHARLES
RUSSO, Individually and in his Official Capacity, HOPE
SCHWARTZ ZIMMERMAN, Individually, ATTORNEY FOR
CHILDREN ETHAN HALPERN, ESQ, Individually and in his
Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK
COUNTY, INC., CHILDREN'S LAW BUREAU, MICHAEL
VALVA, and ANGELA POLLINA,

                                   Defendant(s).
-------------------------------------------------------------------------X

1

**MEMORANDUM OF LAW**

Respectfully submitted,

MONTFORT HEALY McGUIRE & SALLEY, LLP
*Attorney for Defendant Attorney for Children Donna McCabe*
*Esq., individually, and in her official capacity and the Law Office*
*of Donna McCabe*
840 Franklin Avenue
Garden City, NY 11530
(516) 747-4082

By _____

Michael J. Boranian, Esq. (MB 1576)

By _____

Joseph R. Crafa, Esq., of counsel (JRC 8092)

## TABLE OF CONTENTS

1. PRELIMINARY STATEMENT............................................................4

2. INTRODUCTION....................................................................4

3. THE STANDARD FOR REVIEW....................................................7

4. PLAINTIFF'S FACTUAL ASSERTIONS...........................................9

5. THE FEDERAL CLAIMS...........................................................13

6. THE STATE CLAIMS..............................................................17

7. CONCLUSION........................................................................22

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support of the within pre-answer application, pursuant to FRCP 12 (b) (6), to dismiss plaintiff's complaint on behalf of defendant Attorney for Children Donna McCabe Esq., Individually, and in her Official Capacity and the Law Office of Donna McCabe (hereinafter "Ms. McCabe"). It is respectfully submitted that plaintiff has failed to set forth a cognizable cause of action for which relief can be granted with respect to plaintiff's claims of civil federal civil rights violations and plaintiff's pendant claims under state law.

**INTRODUCTION**

Plaintiff brings this lawsuit against The County of Suffolk, a senior caseworker, supervisors, the director and investigators of the Suffolk County Child Protective Services, an attorney with the Suffolk County Department of Social Services, an attorney for the children appointed in Suffolk County, a school district and its principal and superintendent, the Legal Aid Society of Suffolk County, Children's Law Bureau, a Nassau County Supreme Court Judge, an attorney representing Michael Valva in a Nassau County divorce litigation as well as Ms. McCabe, Michael Valva and Angela Pollina. Plaintiff accuses the various defendants of conspiring to violate plaintiff's civil rights under Federal Law and asserts various claims under State Law which allegedly resulted in the alleged homicide of Thomas Valva, and infant under the age of 14 years on January 17, 2020, by his father Michael Valva and girlfriend Angela Pollina. Plaintiff alleges the infant Thomas Valva and his infant brothers were physically and emotionally abused by his father, Michael Valva and his girlfriend Angelina Pollina. Plaintiff alleges Thomas Valva died after being forced to stay in an unheated garage in January 2020 by

his father and Ms. Pollina. At the time, Michael Valva had temporary custody of his three sons and they were living in a home in Center Moriches with Angelina Pollina and her children.

Plaintiff alleges all the defendants ignored plaintiff's repeated pleas and evidence that her children were not safe in the custody of her husband Michael Valva and his girlfriend Angela Pollina and were subject to repeated abuses. Plaintiff claims that all the defendants took no action in response to her repeated complaints and worked, individually and in concert to ignore and reject plaintiff's complaints in an effort to maintain custody of the children with Mr. Valva and Ms. Pollina.

As noted in her affidavit, defendant Ms. McCabe was appointed by the Nassau County Supreme Court as the attorney for the children in the divorce proceeding commenced by Michael Valva against plaintiff herein, Justyna Zubko-Valva. As such, her clients were the children, Thomas Valva, Anthony Valva and Andrew Valva and her duties and responsibilities were to represent the wishes of the children in the divorce proceeding as set forth in 22 NYCRR 7.2 which sets forth:

> (a) As used in this Part, attorney for the child means a law guardian appointed by the Family Court pursuant to section 249 of the Family Court Act, or by the Supreme Court or a Surrogate's Court in a proceeding over which the Family Court might have exercised jurisdiction had such action or proceeding been commenced in Family Court or referred thereto.

> (b) The attorney for the child is subject to the ethical requirements applicable to all lawyers, including but not limited to constraints on: ex parte communication; disclosure of client confidences and attorney work product; conflicts of interest; and becoming a witness in the litigation.

> (c) In juvenile delinquency and person in need of supervision proceedings, where the child is the respondent, the attorney for the child must zealously defend the child.

> (d) In other types of proceedings, where the child is the subject, the attorney for the child must zealously advocate the child's position.

(1) In ascertaining the child's position, the attorney for the child must consult with and advise the child to the extent of and in a manner consistent with the child's capacities, and have a thorough knowledge of the child's circumstances.

(2) If the child is capable of knowing, voluntary and considered judgment, the attorney for the child should be directed by the wishes of the child, even if the attorney for the child believes that what the child wants is not in the child's best interests. The attorney should explain fully the options available to the child, and may recommend to the child a course of action that in the attorney's view would best promote the child's interests.

(3) When the attorney for the child is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child, the attorney for the child would be justified in advocating a position that is contrary to the child's wishes. In these circumstances, the attorney for the child must inform the court of the child's articulated wishes if the child wants the attorney to do so, notwithstanding the attorney's position.

As a result, defendant Ms. McCabe was the attorney for the children and had no duty with respect to either the husband and father, Michael Valva, or the wife and mother, Justyna Zubko-Valva.

The role of the attorney for the child is "to be an advocate for and represent the best interests of the child, not the parents" (*Matter of Brittany W.*, 25 A.D.3d 560, 560, 806 N.Y.S.2d 426; see *Matter of Hanehan v. Hanehan, 8 A.D.3d 712, 714, 778 N.Y.S.2d 539*). Absent a conflict of interest or failure to diligently represent the best interests of the child, the attorney for the child should not be removed (*see Matter of King v. King, 266 A.D.2d 546, 547, 698 N.Y.S.2d 906*).

Sagaria v. Sagaria, 173 A.D.3d 1096, 1097, 100 N.Y.S.3d 892 (2nd Dept., 2019).

An attorney for the child is not either parent's advocate, he or she is an attorney duly appointed by the court to perform a clearly defined duty: representing the child to the best of his or her ability (*see* 22 NYCRR § 7.2[d] ["Where the child is the subject, the attorney for the child must zealously advocate the child's position"] ). The role "is to be an advocate for and represent the best interests of the child, not the parents." *Zappin v. Comfort, 49 Misc 3d 1201(A), 26 N.Y.S.3d 217 (Sup. Ct., NY Co. 2015), aff'd, 146 AD3d 575, 49 N.Y.S.3d 6 (1st Dept. 2017), citing In re Brittany W., 25 AD3d 560, 806 N.Y.S.2d 426, 427 (2d Dept. 2006).* An attorney for

6

the child may, of course, advocate for a position that either agrees or disagrees with one or both parents — logically, in a custody case between two parents, it may well be that the attorney for the child sometimes agrees with one parent or another on at least some issues, or disagrees with one or both parents on at least some of the other issues. It would not be possible (or reasonable) for there to be, what Husband seems to be advocating for, a rule that an attorney for the child would be required to always take a position that deviates from what either parent is asking for, lest the attorney for the child be accused of "taking sides." There is, of course, no such rule. An attorney for the child, of course, may sometimes agree with one or both parents. Accordingly, Father is not correct when he states (without supporting legal basis or citation) that "Mr. Wiener and Ms. Bender are adversaries in the instant action with Mr. Wiener representing [Wife] and Ms. Bender representing the parties' son, O." [Jewell Affir. ¶35]. An attorney for the child is not necessarily an "adversary" or "ally," for, against, with, or opposed to either parent. As the Appellate Division, Second Department has held, there is no evidence of an inappropriate "bias" against one parent merely because an attorney for the child adopts a position favoring the child's placement with the other parent. *In re Brittany W., 25 AD3d 560, 806 N.Y.S.2d 426, 427 (2d Dept. 2006)*. To require otherwise would not be logical, possible, or in the children's best interests.

C.C. v. D.D., 64 Misc.3rd 1216(A) (Supreme Court, New York County 2019). Here, on September 6, 2017, Ms. McCabe did argue that temporary custody be given to the father as the mother had refused to bring the children to meet with Ms. McCabe, refused to bring the children for a forensic evaluation for over a year, and completely misrepresented the Children's visit with Ms. McCabe when Mr. Valva brought them for a meeting. Such a position is not evidence of an inappropriate bias.

## THE STANDARD FOR REVIEW

In Donohue v. Wing, 2018 WL 3973012, CV 17-3870 (JMA) (AKT) (2018), the Hon. A. Kathleen Tomlinson recommended to Judge Azrack that plaintiff's complaint be dismissed pursuant to FRCP 12 (b) (6). Magistrate Judge Tomlinson set forth the standard for review as follows:

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the pleading as true and draw all reasonable inferences in favor of the non-movant. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ); *Reed v. Garden City Union Free School Dist.*, *987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013)* (quoting *Warney v. Monroe County, 587 F.3d 113, 120 (2d Cir. 2009)* ). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546, 127 S. Ct. 1955, 1959 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009)*, in which the court set forth a two-pronged approach to be utilized in analyzing a motion to dismiss. District courts are first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*; *Brookfield Asset Mgmt., Inc. v. AIG Fin. Prods. Corp.*, No. 09-CV-8285, 2010 WL 3910590, at *4 (S.D.N.Y. Sept. 29, 2010) (quoting Iqbal, 129 S. Ct. at 1949) ("A complaint is inadequately pled 'if it tenders naked assertions' devoid of 'further factual enhancement.' "). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." Id. at 678 (citing *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

In resolving a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Court generally "must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint 'relies heavily' and which are, thus, rendered 'integral' to the complaint." *Soller v. Boudreux, No. 12-CV-0167, 2015 WL 500492, at *6 (E.D.N.Y. Feb. 3, 2015)* (quoting *Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002)* ) (citing *In re Thelen, LLP, 736 F.3d 213, 218 (2d Cir. 2013)* ); accord *Lawrence v. Sharkey*, No. 13-CV-1743, 2015 WL 2213274, at *3 (E.D.N.Y. May 8, 2015). However, Rule 12(d) provides that:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule

56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Applying the standard for review to the within motion to dismiss pursuant to FRCP 12 (b) (6) it is clear that plaintiff has not "stated enough facts to state a claim for relief that is plausible on its face." Plaintiff has not pleaded factual content that would allow the court to draw a reasonable inference that defendant Ms. McCabe is liable for the misconduct alleged. Indeed, despite the impressive length of plaintiff's complaint, the allegations are devoid of facts but are replete with baseless conclusions and accusations that are not entitled to the assumption of truth.

## PLAINTIFF'S FACTUAL ASSERTIONS

Plaintiff's factual assertions with respect to Ms. McCabe allege that plaintiff provided all defendants with evidence of abuse of her children at the hands of defendants Valva and Pollina. With no facts, plaintiff asserts defendants, including Ms. McCabe hid the truth about the children's health and fabricated false, misleading and dishonest reports about plaintiff and her children (Complaint para. 42-45).

Plaintiff cites, at paragraph 46, a court appearance before the Hon. Hope Schwartz Zimmerman on September 6, 2017. At paragraph 47, plaintiff alleges defendant Ms. Curti, Mr. Valva's divorce attorney, conspired with Ms. McCabe to fabricate abuse claims against plaintiff. At paragraph 52, plaintiff alleges Mr. Valva was planning, with the knowledge, consent and assistance of defendant Ms. Curti and Ms. McCabe, to make false allegations of child abuse against plaintiff with the Suffolk County Child Protective Services. Plaintiff offers no facts to support the alleged conspiracy or any knowledge, consent and assistance of Ms. McCabe in any plan or scheme by Mr. Valva to make false allegations against plaintiff.

Paragraphs 58 through 84 of plaintiff's complaint make allegations and conclusions about the court appearance on September 6, 2017. As the complaint "relies heavily" upon the court appearance before J. Zimmerman, the certified transcript is annexed to the affidavit of Ms. McCabe. Donohue v. Wing, 2018 WL 3973012, CV 17-3870 (JMA" (AKT) (2018) and cases cited therein as quoted above.

At paragraph 61 of the complaint, plaintiff accuses Ms. McCabe of making several false, misleading and dishonest statements to the Court. Plaintiff also falsely alleges Ms. McCabe was a close personal friend of Ms. Curti and was friendly with Mr. Valva. Plaintiff alleges Ms. McCabe improperly interviewed the children and lied to the court that the children were not upset after being interviewed by Ms. McCabe (para. 66), that McCabe lied to the court that plaintiff had been non-compliant with court-ordered forensic evaluation by Dr. Peter Favaro (para. 67, 68) and failed to present Judge Zimmerman with evidence plaintiff claims to have had regarding the abuse of the children by Mr. Valva and Ms. Pollina (para. 73).

A reading of the transcript of the court appearance before Judge Zimmerman on September 6, 2017, reveals an initial discussion by the court that plaintiff did not accept the lawyer appointed by the court to represent her and was representing herself (transcript, p. 2, 3).  Ms. McCabe noted they were last before J. Zimmerman 3-4 weeks earlier. At that time the court directed plaintiff to contact Dr. Favaro's office. Ms. McCabe advised J. Zimmerman that plaintiff did contact Dr. Favaro and could make the first appointment for September 11th. A report would not be available until November assuming all the subsequent appointments were made (transcript, p. 5). Ms. McCabe notes the order requiring a forensic evaluation of the children was over a year earlier and no forensic evaluation of the children had been performed. Plaintiff failed to bring the children for an appointment with their attorney (Ms. McCabe) scheduled for August 28, 2017. Ms. McCabe informed the court that she had not seen the children since the prior August. At the request of Ms. McCabe, Mr.

Valva brought the children to her on August 24th. Judge Zimmerman agreed it was not outside the scope of Ms. McCabe's representation to ask Mr. Valva to bring the children to her office (transcript, p. 10).

Ms. McCabe continued to explain to Judge Zimmerman that she had a nice meeting with the children. The next day she received an e-mail from plaintiff stating the children were crying the entire time and Mr. Valva was interfering with the interview. Ms. McCabe advised the court that plaintiff's accusations were not true and it was concerning to her. Plaintiff refused to bring the children to an interview with Ms. McCabe on August 28th. Judge Zimmerman noted that either parent has the right to bring the children to their attorney.

Ms. McCabe requested a change in custody based upon plaintiff's mischaracterizations of the meeting between Ms. McCabe and the children and the failure of plaintiff to bring the children to a court ordered meeting with Ms. McCabe. The request for change in custody was at least until the forensic evaluations were completed (transcript, p. 16). Ms. McCabe clearly sought a temporary change in custody because plaintiff refused to abide by the court order directing a forensic evaluation of her or the children and interfered with the ability of Ms. McCabe to perform her duty as the attorney for the children by refusing to bring the children to meet with their attorney.

Plaintiff informed Judge Zimmerman that the prior judge, Judge Ricigliano reviewed plaintiff's contention that Mr. Valva had a hard-core pornography addiction and prevented overnight visitation. Ms. Curti noted that plaintiff's portrayal of what transpired with Judge Ricigliano was not true. Ms. Curti further informed Judge Zimmerman that plaintiff had not complied with the court orders regarding the children's visits with their attorney (Ms. McCabe) or the forensic evaluations.

In the afternoon, Judge Zimmerman awarded temporary custody to Michael Valva. The Court advised plaintiff that she had read plaintiff's papers and listened to the thumb drive submitted by plaintiff purporting to

11

contain voluminous evidence of misconduct on the part of Michael Valva. Although plaintiff accuses Ms. McCabe of failing to provide Judge Zimmerman with plaintiff's alleged evidence of abuse, plaintiff provided her evidence directly to Judge Zimmerman and the Court noted she had reviewed it.

Far from any conspiracy to harm plaintiff, the transcript shows quite clearly that plaintiff did not comply with court orders requiring a forensic evaluation of the children and an order requiring plaintiff to bring the children to meet with their attorney. Therefore, Judge Zimmerman granted temporary custody to Mr. Valva. Judge Zimmerman directed Mr. Valva to enroll the children in the school district and have the children evaluated. The order granting custody on September 6, 2017 was temporary (transcript, p. 22). This order of Judge Zimmerman was two years and four months before the tragic death of Thomas Valva.

Plaintiff notes, at paragraph 85 of the complaint, that on September 20, 2017 Judge Zimmerman modified the order to allow plaintiff unsupervised visitation with her children. Plaintiff, of course, had the right to move to re-argue Judge Zimmerman's decision or take an appeal. Plaintiff did not do so.

Plaintiff's complaint alleges, starting at paragraph 93, that defendant Michael Valva filed child abuse allegations against plaintiff with the Suffolk County Child Protective Services. Plaintiff offers conclusory claims that Mr. Valva's accusations against plaintiff were with the knowledge, consent, guidance and encouragement of Ms. McCabe, among others. Plaintiff offers no facts to support any participation of Ms. McCabe with Mr. Valva's abuse claims against plaintiff.

After many paragraphs alleging wrongdoing, falsehoods and fabrications by various member of the Suffolk County Child Protective Services and Assistant County Attorney Ratje, plaintiff notes at paragraph 188 of the complaint that Ethen Halpern was appointed Attorney for Children on January 17, 2018 in Suffolk County by Justice Cheng who was presiding over the Suffolk County neglect proceeding. This appointment was

only 4 months after the court appearance in Nassau County before Judge Zimmerman on September 6, 2017 and a full two years before the death of Thomas Valva. Plaintiff goes on to allege that Mr. Halpern, like the other attorneys, Judge Zimmerman, CPS case workers and supervisors and school personnel, turned a "blind eye" to plaintiff's evidence of abuse of her children at the hands of Michael Valva and Angela Pollina. Plaintiff alleges Mr. Halpern, as did all others, lied, mislead and dishonestly provided information to the court that plaintiff neglected the children.

Plaintiff offers conclusory allegations, without supporting facts, that Ms. McCabe made false and misleading statement to CPS investigator Clark and filed false statement to Judge Lorintz in the Nassau County matrimonial proceedings (para. 196-201). Judge Lorintz had succeeded Judge Zimmerman with respect to the Nassau County matrimonial litigation. Such bare conclusory allegations fail to meet the "plausibility standard."

## THE FEDERAL CLAIMS

Plaintiff alleges as the First Cause of Action (para. 280, et seq. of plaintiff's complaint), as a Second Claim for Relief (para. 300, et. seq.), as a Third Claim for Relief (para. 313 et. seq.) as a Forth Claim for Relief (para. 319 et. seq.), as a Fifth Claim for Relief (para. 325 et. seq.), and as a Seventh Claim for Relief (para. 339 et. seq.) that Ms. McCabe is liable to plaintiff for a violation of 42 U.S.C. 1983.

> The terms of s 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' This second element requires that the plaintiff show that the defendant acted 'under color of law.'

Adickes v. S.H. Kress & Company, 398 U.S. 144, 150, 90 S.Ct. 1598, 26, L.Ed2d 142 (1970).

At all times, defendant Ms. McCabe was a private lawyer and not a state actor. At no time did Ms. McCabe act under color of state law. Polk County v. Dodson, 454 U.S. 312, 102 S. Ct. 445, 70 L.Ed2d 509 (1981) (holding "that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). See also, Deluz v. The Law Office of Frederick Cohen, 2011 WL 677914 (E.D. California, 2011) ("It is well established that private lawyers appointed to serve as public defenders are not operating under color of law for purposes of a 1983 action when they are performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." citing Polk County). Plaintiff's First, Second, Third, Fourth, Fifth and Seventh causes of action set forth in the complaint allege Ms. McCabe, along with other defendants are liable to plaintiff for violations of plaintiff's civil rights under 42 U.S.C. 1983. Because Ms. McCabe is not a state actor and was not operating under color of state law, Ms. McCabe can have no liability to plaintiff for a claimed violation of plaintiff's civil rights under 42 U.S.C. 1983. "We believe that the analogy of a law guardian to a public defender is apt. Although both are supplied and funded by the state, each acts according to the best interests of the client with "no 'obligation to the mission of the state.' " Meeker, 782 F.2d at 155 (quoting Polk Cty., 454 U.S. at 320, 102 S.Ct. 445).Accordingly, we hold that law guardians who act as "attorney[s] for the child" are not state actors for the purposes of suits filed pursuant to § 1983. Milan v. Wertheimer, 808 F.3d 961, 964 (2nd Cir., 2015).

An exception to the rule is found where a private actor jointly participates with a state actor to violate plaintiff's constitutional rights. Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, (1970). Plaintiff's First Cause of Action (paragraphs 280-299) alleges several of the defendants, including Ms. McCabe acted with "deliberate indifference" with respect to plaintiff's alleged complaints that her children were being abused and mistreated by defendants Valva and Pollina. Plaintiff fails to allege that Ms. McCabe jointly participated with a state actor to violate plaintiff's constitutional rights and, as a result, the first cause of action must be dismissed as to Ms.

14

McCabe.  Plaintiff merely alleges that for over 2 years, she provided the defendants, including Ms. McCabe with information and evidence that her children were suffering abuse and the hand of their father and his girlfriend. Plaintiff fails to provide any facts that directly, or from which it can be inferred that Ms. McCabe and the other defendants conspired to harm plaintiff.

> To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *See Carson v. Lewis, 35 F.Supp.2d 250, 271 (E.D.N.Y.1999); see, e.g., Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 131 (2d Cir.1997) (citing Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir.1996)* (setting forth elements)). While "conclusory allegations" of a § 1983 conspiracy are insufficient, *Dwares v. City of New York, 985 F.2d 94, 99–100 (2nd Cir.1993)* (citing cases), we have recognized that such "conspiracies are by their very nature secretive operations," and may have to be proven by circumstantial, rather than direct, evidence. *Rounseville v. Zahl, 13 F.3d 625, 632 (2d Cir.1994).*

Culbertson v. York, 200 F.3d 65, 72 (2nd Cir., 1999)

Plaintiff has wholly failed to set forth any agreement between Ms. McCabe and any "state actors" to act together to inflict an unconstitutional injury upon plaintiff or her children. Plaintiff has failed to set forth an overt act committed in furtherance of that goal causing damages to plaintiff.

The remainder of plaintiff's federal claims against Ms. McCabe fail for the same reasons. Plaintiff's Second Claim for Relief (para. 330-312) alleges the defendants directly and actively were involved in the initiation of the Neglect Proceeding against plaintiff brought in Suffolk County. Other than alleging Ms. McCabe appeared before J. Cheng in the Neglect Proceeding in Suffolk County and allegedly spoke with CPS investigator Clark, plaintiff fails to allege any agreement between Ms. McCabe, a non-state actor and any state actor to inflict upon plaintiff an unconstitutional injury. It is noted that the Nassau County matrimonial action was ongoing, although stayed, during the time of the Suffolk County Neglect Proceeding. Plaintiff fails to

allege, with any facts, how Ms. McCabe was involved, much less initiated the Neglect Proceeding brought in Suffolk County against plaintiff by Michael Valva.

Plaintiff's Third and Fourth Claims for Relief (para. 313-324) fails to allege how Ms. McCabe conspired with a state actor to fabricate evidence or deny plaintiff a fair trial or abused process with respect to the Neglect Proceeding in Suffolk County. Plaintiff does not even allege Ms. McCabe testified at the proceeding. Plaintiff does set forth that Judge Cheng found in plaintiff's favor (para. 202). However, this determination has no effect upon plaintiff's allegations against Ms. McCabe.

Plaintiff's Fifth Claim for Relief (para. 325-332), alleges defendants published false statements about plaintiff to third parties thereby injuring her reputation. Plaintiff has wholly failed to allege any Third party to whom Ms. McCabe provided any claimed false information about plaintiff. Any statement made by Ms. McCabe, the appointed attorney for the children in the Nassau County matrimonial action, in the context of litigation are absolutely immune.

> Commencing with this Court's 1897 decision in *Youmans v. Smith, 153 N.Y. 214, 47 N.E. 265 (1897),* we have held that absolute immunity from liability for defamation exists for oral or written statements made by attorneys in connection with a proceeding before a court "when such words and writings are material and pertinent to the questions involved" (*id. at 219, 47 N.E. 265).*

Front, Inc., v. Khalil, 24 N.Y.3d 713, 718, 4 N.Y.S.3d 581, 28 N.E.3d 15 (2015).  The Front case further held that a privilege exists to statements made during a phase prior to litigation but the privilege can be lost where it can be proved that the statement were not pertinent to a good faith anticipated litigation (id., 24, N.Y.3d at 720). Therefore, any statements made by Ms. McCabe with respect to the matrimonial litigation or the family court litigation are privileged. Plaintiff has not alleged any false statements by Ms. McCabe to third parties outside the scope of the litigations.

Plaintiff has failed to articulate what statements Ms. McCabe made to any third-parties that were false and has failed to articulate that any particular statements made by Ms. McCabe were false and made with malice toward plaintiff if such statements were made before litigation commenced. See Daytree at Cortland Square, Inc. v Walsh, 332 F.Supp.3d 610 (USDC EDNY 2018, Bianco, J.).

Plaintiff's Seventh Claim for Relief (para. 339-344) alleges Ms. McCabe, the CPS Defendants, the School Defendants, defendant Ms. Curti Mr. Halpern and Mr. Ratje conspired to deprive plaintiff of her parental and custodial rights with respect to her children. As noted above, plaintiff has failed to articulate an agreement between Ms. McCabe and any state actors to inflict a constitutional injury upon plaintiff.

Plaintiff notes on September 30, 2017, J. Zimmerman granted plaintiff unsupervised visitation with her children (para. 85). Plaintiff was not deprived of contact with her children. Plaintiff also notes that on April 12, 2019, Judge Cheng dismissed the Neglect Proceeding against plaintiff (para. 202-204). On July 16, 2019, ALJ Mannino cleared plaintiff of the CPS neglect charges (para. 205-210). Plaintiff was therefore free to petition the court for custody of her children based upon her long standing claims of abuse by Mr. Valva and Ms. Pollina.

### THE STATE CLAIMS

Plaintiff alleges at the Tenth (para. 382-384), Eleventh (para. 385-389) and Fourteenth Claim for Relief (para. 397-402) that Ms. McCabe, among others is liable for the wrongful death of Thomas Valva, his conscience pain and suffering and for the intentional infliction of emotional harm. Plaintiff's complaint alleges Ms. McCabe's argument to J. Zimmerman on September 6, 2017. Thereafter, plaintiff alleges Ms. McCabe "consented" "guided" and "encouraged" Mr. Valva to file child abuse allegations against plaintiff (para. 94) without any facts to support such a conclusory assertion. Plaintiff also alleges Ms. McCabe attempted to interject herself into the Suffolk County neglect proceeding and communicate with CPS investigator Clark

(para. 196-201) without any allegation as to what falsehoods were told by Ms. McCabe and what adverse effect the alleged falsehoods had on the neglect proceeding.

Based upon the complaint, Ms. McCabe's actions resulted in Judge Zimmerman deciding to grant custody of the children to Mr. Valva on a temporary basis. Despite plaintiff's insistence that the court was not made aware of her evidence of abuse, the Court assured all present that she had read plaintiff's papers and reviewed the thumb drive provided by plaintiff. Over the next 2 ½ years, plaintiff argues that Child Protective Services in Suffolk County, an Assistant County Attorney, an attorney appointed by the Court in Suffolk County to be the attorney for the children and various members of the school district all not only ignored plaintiff's mountain of evidence that her children were being horribly abused by Mr. Valva and Ms. Pollina, but these professionals all intentionally lied, concealed and withheld evidence of such terrible abuse all because Mr. Valva was a New York City police officer. Such allegations stretch the bounds of credulity beyond all reason.

Plaintiff claims every individual and organization whose job it was to ensure the safety and health of children acted individually and together to make sure the Valva children remained in the custody of Michael Valva and Angela Pollina despite the overwhelming evidence presented by plaintiff to all the individuals and organizations, on multiple occasions, of the horrible abuse suffered by her children.

Despite plaintiff's claim that her desperate pleas for help were completed ignored, plaintiff only called the police on one occasion in January 2018 (para. 134-139), a full 2 years before Thomas' death. Plaintiff alleges, the Suffolk County Police Department, like everyone else, did nothing after learning that Michael Valva was a police officer and created a false and misleading report. Plaintiff made no further contact to the police.

Plaintiff complains that the Suffolk County defendants became involved in the custody issue as early as October of 2017 (para. 97 et seq.). As plaintiff alleges, Ms. McCabe was not appointed with respect to the

18

Suffolk County matter and the court decided to appoint an Attorney for the Children from the Suffolk County Panel, defendant Ethan Halpern. As a result, plaintiff's claims of intentional and negligent wrongdoing by the Suffolk County defendants more than 2 years before Tommy's death breaks any causal connection between the alleged wrongdoing of Ms. McCabe and the tragic events of January, 2020.

Ms. McCabe was appointed as the attorney for the Children. No duty was owed or relationship created with plaintiff Justyna Zubko-Valva. Sagaria v. Sagaria, 173 A.D.3d 1096, 1097, 100 N.Y.S.3d 892 (2nd Dept., 2019). Therefore any claims made by plaintiff against Ms. McCabe in negligence or attorney malpractice individually must be dismissed. "Failure to establish an attorney-client relationship prevents a plaintiff from proceeding on a legal malpractice claim. *See, e.g., M.J. Woods,* 271 F. Supp.2d 576." Case v. Clivilles, 216 F.Supp.3d 367, 379 (USDC SCNY, Griesa, J., 2016 (without an attorney-client relationship, there is no duty and a claim for legal malpractice falls).

Plaintiff's Fifteenth Claim for Relief (para. 403-411) alleges defamation as against Ms. McCabe and others. Plaintiff alleges Ms. McCabe published false information to third parties about plaintiff. Plaintiff fails to set forth what statements were published by Ms. McCabe that were false. Particularly, New York has established a 1 year statute of limitations with respect to claims of defamation (CPLR 215). Plaintiff has failed to allege any false statements published by Ms. McCabe within one year of the commencement of the instant lawsuit. As a result, the claim must be dismissed.

Plaintiff's Nineteenth Claim for Relief (para. 453-460) alleges negligence as against Ms. McCabe and Mr. Halpern. The Twenty-First Claim for Relief (para. 474-486) alleges legal malpractice as against Ms. McCabe. As noted above, Ms. McCabe owed no duty to plaintiff and therefore, plaintiff's claims of negligence

and legal malpractice must be dismissed. With respect to the children, the claims of negligence are duplicative of the claims of legal malpractice and therefore the negligence claims must be dismissed.

> Where claims of negligence, breach of contract, breach of fiduciary duty, negligent misrepresentation, or fraudulent misrepresentation are premised on the same facts and seek identical relief as a claim for legal malpractice, those claims are duplicative and must be dismissed. *Joyce v. Thompson Wigdor & Gilly LLP, No. 06civ15315, 2008 WL 2329227, at \*14 (S.D.N.Y. June 3, 2008) (citing Norwind v. Rowland, No. 04–9725, 2007 WL 2962350, at \*4 (S.D.N.Y. Oct. 10, 2007)* (breach of fiduciary duty and breach of contract); *Iannazzo v. Day Pitney LLP, No. 04civ7413, 2007 WL 2020052, at \*10–11 (S.D.N.Y. July 10, 2007)* (same); *Serova v. Teplen, No. 05civ6748, 2006 WL 349624, at \*4 (S.D.N.Y. Feb. 16, 2006)* (negligent and fraudulent misrepresentation); *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 10 A.D.3d 267, 271 (N.Y.App. Div. 1st Dep't 2004)* (breach of fiduciary duty); *Turk v. Angel, 293 A .D.2d 284, 284 (N.Y.App. Div. 1 st Dep't 2002)* (breach of fiduciary duty and breach of contract); *Mecca v. Shang, 258 A.D.2d 569, 570 (N.Y.App. Div.2d Dep't 1999)* (negligent and fraudulent misrepresentation)).

Meador v. Albanese Law Office, 2010 WL 3807163 (USDC NDNY 2010, Hurd, J.). Because plaintiff's claims of negligence are duplicative of the legal malpractice claims, the cause of action must be dismissed.

> Moreover, plaintiff's claims of legal malpractice must also be dismissed.

> In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages *(McCoy v. Feinman, 99 N.Y.2d 295, 301– 302, 755 N.Y.S.2d 693, 785 N.E.2d 714 [2002]* [internal quotation marks and citation omitted] ). To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence *(see Davis v. Klein,88 N.Y.2d 1008, 1009–1010, 648 N.Y.S.2d 871, 671 N.E.2d 1268 [1996]; Carmel v. Lunney, 70 N.Y.2d 169, 173, 518 N.Y.S.2d 605, 511 N.E.2d 1126 [1987]* ).

Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,  8 N.Y.3d 438, 442, 835 N.Y.S.2d 534, 867 N.E.2d 385, (2007). Initially, plaintiff has failed to allege that she would have succeeded in the underlying action "but for" the lawyer's negligence. Assuming plaintiff's allegations that McCabe was negligent in advocating that Judge

Zimmerman make a change in custody at the court appearance on September 6, 2017, plaintiff has failed to allege that custody would not otherwise have been changed and failed to show any efforts by plaintiff to reverse the decision regarding custody in the 2 ½ years before the events of January, 2020. Importantly, here, the court in Suffolk County appointed Ethan Halpern as Attorney for the Children in January of 2018 and thus, Mr. Halpern had the opportunity to act to remove custody from Mr. Valva.

> Moreover, plaintiff's successor counsel had sufficient time and opportunity to adequately protect plaintiff's rights (*see Golden v. Cascione, Chechanover & Purcigliotti, 286 A.D.2d 281, 729 N.Y.S.2d 140 [2001]; see also Greenwich v. Markhoff, 234 A.D.2d 112, 114, 650 N.Y.S.2d 704 [1996]*[complaint seeking to hold two successive counsel liable for failing to commence any action prior to expiration of statute of limitations was properly dismissed as against first law firm because, inter alia, such counsel had no "responsibility for allowing the Statute of Limitations to expire some two years" after it had been discharged] ).

Somma v. Dansker & Aspromonte Associates, 44 A.D.3d 376, 377, 843 N.Y.S.2d 577 (1st Dept., 2007).

> Courts in New York regularly hold that a lawyer's negligent actions cannot be the proximate cause of a plaintiff's alleged damages if subsequent counsel had "a sufficient opportunity to protect the plaintiffs' rights by pursuing any remedies it deemed appropriate on their behalf." *Katz v. Herzfeld & Rubin, P.C., 48 A.D.3d 640, 641, 853 N.Y.S.2d 104, 106 (2d Dep't 2008); see also Minkow v. Sanders, 82 A.D.3d 597, 598, 920 N.Y.S.2d 34, 35 (1st Dep't 2011)* ("Defendants' alleged failures to obtain and provide discovery ... could have been remediedbysuccessorcounsel."); Somma v. Dansker & Aspromonte Assocs., 44 A.D.3d 376, 377 , 843 N.Y.S.2d 577, 578 (1st Dep't 2007)(dismissing the plaintiff's legal malpractice claim because "successor counsel had sufficient time and opportunity to adequately protect plaintiff's rights").

Tokio Marine and Nichido Fire Insurance Co., LTD v. Calabrese, 2013 WL 752259 (USDC EDNY, Seybert, J., 2013).

Plaintiff's Twentieth Claim for Relief (para. 461-473) alleges Ms. McCabe is liable to plaintiff for failure to report plaintiff's allegations of abuse pursuant to Social Services Law section 413. Article 6 of New

York's Social Services Law requires, at section 413 that certain people and officials are required to report or cause a report to be made when they have "reasonable cause" to suspect that a child is an abused or maltreated child. Section 414 allows. "any person may make such a report if such person has reasonable cause to suspect that a child is an abused or maltreated child." Here, plaintiff alleges she filed multiple reports of abuse with Child Protective Services. In fact, plaintiff sues the County of Suffolk and various employees of Child Protective Services for failing to act upon her claims. As a result, Child Protective Services, the agency to whom a report is to be made (Social Services Law section 412, 415) was keenly aware from November 7, 2017 (complaint para. 103) of plaintiff's claims of abuse suffered by her children at the hands of their father. As plaintiff's claims of abuse were repeatedly reported to Child Protective Services, there can be no causal relationship between the alleged failure of Ms. McCabe to report and the claimed injuries to the Valva children and the death of Thomas Valva.

## CONCLUSION

Plaintiff's allegations against Ms. McCabe involve statements made to Judge Zimmerman on September 6, 2017. After hearing all parties and reviewing plaintiff's papers and electronic device where plaintiff claims she placed evidence of the abuse of the children by Michael Valva and Angela Pollina, Judge Zimmerman granted temporary custody to Michael Valva. Thereafter, plaintiff alleges she first made a complaint to Suffolk County Child Protective Services in November of 2017. Neglect proceedings commenced in Suffolk County against plaintiff and Michael Valva. In January of 2018, the Court in Suffolk County appointed Ethen Halpern as attorney for the children. Although plaintiff alleges Ms. McCabe attempted to "interfere" in the Suffolk County neglect proceeding and spoke with CPS Senior Caseworker Clark, plaintiff fails to allege what harm was caused by such claimed interaction. Ms. McCabe is not a state actor and any conclusory allegation that Ms. McCabe conspired with state actors to violate plaintiff's constitutional rights is not plausible as a matter of law.

22

Plaintiff has alleged the wrongdoing of Suffolk County, employees of Child Protective Services, an Assistant Suffolk County Attorney, a subsequently appointed Attorney for the Children, a school district and its principal and superintendent all failed to act upon plaintiff's repeated claims and alleged evidence of abuse of her children. All such alleged failures or intentional misdeeds occurred well after the claims of wrongdoing by Ms. McCabe. The Suffolk County defendants all had years to act to remove the children from the custody of Mr. Valva and Ms. Pollina and plaintiff claims they failed to do so. Such superseding and intervening acts or omission on the part of the subsequent alleged tortfeasors breaks any causal connection between the alleged wrongdoing on the part of Ms. McCabe and plaintiff's damages.

> Although foreseeability and proximate cause are generally questions for the factfinder, there are instances in which proximate cause can be determined as a matter of law because "only one conclusion may be drawn from the established facts" (*Derdiarian, 51 N.Y.2d at 315, 434 N.Y.S.2d 166, 414 N.E.2d 666; see Ventricelli, 45 N.Y.2d at 952, 411 N.Y.S.2d 555, 383 N.E.2d 1149*). Such cases may arise when the plaintiff's injuries are caused by "independent intervening acts which *operate upon* but *do not flow from* the original negligence" (*Derdiarian, 51 N.Y.2d at 315, 434 N.Y.S.2d 166, 414 N.E.2d 666* [emphasis added]; *see Campbell v. Central N.Y. Regional Transp. Auth., 7 N.Y.3d 819, 821, 822 N.Y.S.2d 751, 855 N.E.2d 1165 [2006]* ). Stated differently, proximate cause will be found lacking where the original negligent act merely "furnished the occasion for"—but did not cause—"an unrelated act to cause injuries not ordinarily anticipated" (*Derdiarian, 51 N.Y.2d at 316, 434 N.Y.S.2d 166, 414 N.E.2d 666*).

Hain v. Jamison, 28 N.Y.3d 524, 529, 530, 46 N.Y.S.3d 502, 68 N.E.3d 1233 (2016).

There can be no question that any alleged act or failure to act on the part of Ms. McCabe did not cause any of the alleged wrongful acts or omissions on the part of the Suffolk County defendants. Each Suffolk County defendant had an independent duty with respect to the allegations of plaintiff. Such duties did not flow from any claims of wrongdoing on the part of Ms. McCabe and flowed directly from the allegations and information provided by plaintiff. The alleged actions or failure on the part of the subsequent Suffolk County

defendant serves to sever any alleged causal relationship between the allegations of wrongdoing on the part of Ms. McCabe and the injuries and damages alleged as a matter of law.

WHEREFORE, it is respectfully submitted that the within motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(6) be granted in its entirety with respect to defendant Attorney for Children Donna McCabe Esq., Individually, and in her Official Capacity and the Law Office of Donna McCabe in its entirety. In the event this Hon. Court determines to dismiss the federal claims, but not the state claims, it is respectfully requested that this Court decline jurisdiction over the state claims and that they be dismissed to be re-commenced in state court, together with such other and further relief as to this Court may seem just and proper in the premises.

Dated:  December 15, 2020
        Garden City, NY

Respectfully submitted,

MONTFORT HEALY McGUIRE & SALLEY, LLP
*Attorney for Defendant Attorney for Children Donna McCabe Esq., individually, and in her official capacity and the Law Office of Donna McCabe*
840 Franklin Avenue
Garden City, NY 11530
(516) 747-4082

By _____
Michael J. Boranian, Esq. (MB 1576)

By _____
Joseph R. Crafa, Esq., of counsel (JRC 8092)

24