UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

JUSTYNA ZUBKO-VALVA, as Mother and Natural
Guardian of ANTHONY VALVA and ANDREW VALVA
and as Administratrix of the Estate of THOMAS VALA,
and JUSTYNA ZUBKO-VALVA, individually,

Civil Action No.:
20 Civ. 02663
(JMA) (ST)

Plaintiff,

-against-

THE COUNTY OF SUFFOLK, CPS SENIOR
CASEWORKER MICHELE CLARK, Individually and
in her Official Capacity, CPS SUPERVISOR EDWARD
HEEPE, Individually and in his Official Capacity, CPS
ASSISTANT DIRECTOR ROBERT LETO, Individually
and in his Official Capacity, CPS INVESTIGATOR,
JENNIFER LANTZ, Individually and in her Official
Capacity, CPS INVESTIGATOR, MELISSA ESTRADA,
Individually and in her Official Capacity, CPS
INVESTIGATOR, LYDIA SABOSTO, Individually and in
her Official Capacity, CSP SUPERVISOR, JEAN
MONTAGUE, Individually and in her Official Capacity,
DEPARTMENT OF SOCIAL SERVICES COUNTY
ATTORNEY RANDALL RATJE, ESQ., Individually and in
his Official Capacity, ATTORNEY FOR CHILDREN
DONNA MCCABE, ESQ., Individually and in her Official
Capacity, THE LAW OFFICE OF DONNA MCCABE,
SHANA CURTI, ESQ., Individually and in her Official
Capacity, ORSETTI & CURTI, PLLC, EAST MORICHES
UNION FREE SCHOOL DISTRICT, PRINCIPAL
EDWARD SCHNEYER, Individually and in his Official
Capacity, SCHOOL SUPERINTENDENT CHARLES
RUSSO, Individually and in his Official Capacity, HOPE
SCHWARTZ ZIMMERMAN, Individually, ATTORNEY
FOR CHILDREN ETHAN HALPERN, ESQ., Individually
and in his Official Capacity, THE LEGAL AID SOCIETY
OF SUFFOLK COUNTY, INC., CHILDREN'S LAW
BUREAU, MICHAEL VALVA, and ANGELA POLLINA,

Defendants.

------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DISTRICT DEFENDANTS' MOTION TO DISMISS

CONGDON, FLAHERTY, O'CALLAGHAN,
TRAVIS & FISHLINGER, ESQS.

By: _Christine Gasser_
       CHRISTINE GASSER

*Attorneys for Defendants* – EAST MORICHES
UNION FREE SCHOOL DISTRICT, PRINCIPAL
EDWARD SCHNEYER, Individually and in his
Official Capacity, and SCHOOL
SUPERINTENDENT CHARLES RUSSO,
Individually and in his Official Capacity
Office & P.O. Address
The OMNI
333 Earle Ovington Boulevard - Suite 502
Uniondale, New York 11553-3625
(516) 542-5900
[E-Mail: Cgasser@cfolegal.com]

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................(i)

PRELIMINARY STATEMENT ......................................................................................1

PROCEDURAL HISTORY.............................................................................................1

STATEMENT OF FACTS .............................................................................................2

STANDARD OF REVIEW .............................................................................................5

POINT I

      PLAINTIFFS' CLAIMS UNDER §1983 SHOULD
      BE DISMISSED ..................................................................................................6

POINT II

      THE INDIVIDUALLY NAMED DISTRICT DEFENDANTS
      SHOULD BE DISMISSED FROM THE ACTION..........................................19

POINT III

      PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED.............................22

POINT IV

      THE COURT SHOULD DECLINE TO EXERCISE
      JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS ...................................25

CONCLUSION...............................................................................................................26

## TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE**

Allen v. WestPoint–Pepperell Inc., 945 F.2d 40 (2d Cir.1991)........................................................5

Alvarez v. Peters, 2020 U.S. Dist. Lexis 62783 (E.D.N.Y. 2020)................................................18

Anderson v. Creighton, 483 U.S. 635 (1987) .............................................................................20

Ashcroft v. Iqbal, 556 U.S. 662 (2009)..........................................................................................5

Atuahene v. City of Hartford, 10 Fed. Appx. 33 (2d Cir. 2001)....................................................21

Azeez v. City of New York, 790 Fed. Appx. 270 (2d Cir. 2019)...................................................17

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .........................................................................5

Bernshtein v. City of New York, 496 Fed. Appx. 140 (2d Cir. 2012)...........................................16

Berry v. Village of Millbrook, 815 F.Supp.2d 711 (S.D.N.Y. 2011) .............................................5

Blyden v. Mancusi, 186 F.3d 252 (2d Cir. 1999) .........................................................................21

Bungert v. City of Shelton, 2005 WL 2663054 (D. Conn. 2005)....................................................7

Campbell v. Brentwood U.F.S.D., 904 F.Supp.2d 275 (E.D.N.Y. 2012) ........................10, 14, 20

Carlsbad Tech, Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1867 (2009) .............................................25

Carr v. County of Sullivan, 2018 U.S. Dist. LEXIS 131667 (S.D. N.Y. 2018) ...........................21

Chalen v. Glen Cove School Dist., 29 A.D.3d 508 (2d Dep't 2006)............................................22

Chambers v. North Rockland C.S.D., 815 F. Supp.2d 753 (S.D.N.Y. 2011)....................7, 12, 20

Ciamriello v. County of Nassau, 292 F. 3d 307 (2d Cir. 2002)....................................................19

City of L.A. v. Heller, 475 U.S. 796 (1986) ................................................................................16

Claudio v. Sawyer, 409 Fed. Appx. 464 (2d Cir. 2011) ..............................................................16

Cortec Industries, Inc. v. SUM Holding L.P., 949 F.2d 42 (2d Cir. 1991).....................................6

C.T. v. Valley Stream UFSD, 201 F.Supp.3d 307 (E.D. N.Y. 2016) ...........................................24

i

<u>Daytree at Cortland Square, Inc. v. Walsh</u>, 332 F.Supp.3d 610 (E.D. N.Y. 2018) ......................18

<u>De Lourdes Torres v. Jones</u>, 26 N.Y.3d 742 (2016) ........................................................................17

<u>DeShaney v. Winnebago County Dept. of Soc. Services</u>, 489 U.S. 189 (1989) ....... 6-9, 13, 17, 20

<u>Doe v. Hillsboro Independent Sch. Dist.</u>, 113 F.3d 1412 (5th Cir. 1997) ........................................7

<u>Drain v. Freeport UFSD</u>, 2015 WL 1014451 (E.D. N.Y. 2015)........................................10, 11, 14

<u>Dwares v. City of New York</u>, 985 F.2d 94 (2d Cir. 1993) ......................................................11, 15

<u>Edwards v. Jericho Union Free Sch. Dist.</u>, 904 F.Supp.2d 294 (E.D.N.Y. 2012)........................16

<u>Elissa v. City of New York</u>, 44 Misc.3d 526 (Sup. Ct. Queens Co. 2014)....................................22

<u>Estate of M.D. v. New York</u>, 241 F.Supp.3d 413 (S.D. N.Y. 2017) ............................9, 12, 16, 21

<u>Fischer v. Maloney</u>, 43 N.Y.2d 553 (1978) .................................................................................24

<u>Forrester v. Bass</u>, 397 F.3d 1047 (8th Cir. 2005) .....................................................................8, 14

<u>Gazzola v. County of Nassau</u>, 2016 WL 6068138 (E.D.N.Y. 2016).............................................15

<u>Gilmore v. Uncommon Sch. Troy Prep</u>, 2020 U.S. Dist. Lexis 204454 (N.D.N.Y. 2020) ...........18

<u>Greenberg, Trager & Herbst, LLP v. HSBC Bank USA</u>, 17 N.Y.3d 565 (2011) .........................22

<u>Hanig v. Yorktown Central Sch. Dist.</u>, 384 F.Supp.2d 710 (S.D. N.Y. 2005) ................................5

<u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1992).....................................................................................20

<u>Harris v. Mills</u>, 572 F.3d 66 (2d Cir.2009) ......................................................................................5

<u>Hayden v. Paterson</u>, 594 F.3d 150 (2d Cir. 2010) ...........................................................................5

<u>Hilbert S. v. County of Tioga</u>, 2005 U.S. Dist. LEXIS 29423 (N.D. N.Y. 2005) ............... 8, 13-14

<u>Int'l Audiotext Network v. American Tel. & Tel. Col.</u>, 62 F.3d 69 (2d Cir. 1995) ........................5

<u>Johnson v. City of New York</u>, 2020 U.S. Dist. LEXIS 79552 (S.D.N.Y. 2020)............................18

<u>Jones v. Nickens</u>, 961 F.Supp.2d 475 (E.D. N.Y. 2013) ....................................................7, 10, 12

<u>Kentucky v. Graham</u>, 473 U.S. 159 (1985) ....................................................................................21

K.D. v. White Plains Sch. Dist., 921 F. Supp. 2d 197 (S.D.N.Y. 2013) ........................................19

Kolari v. New York Presbyterian Hospital, 455 F.3d 118, 121-22 (2d Cir. 2006)........................25

K.W. v. City of New York, 275 F.R.D. 393 (E.D.N.Y. 2011) ........................................................10

Langdon v. Skelding, 524 Fed. Appx. 172 (6th Cir. 2013) ........................................................8, 12

Lanza v. Merrill Lynch & Co., 154 F.2d 56, 61 (2d Cir. 1998) .....................................................25

Lee v. State of N.Y. Dep't of Correctional Services, 1999 WL 673339 (S.D. N.Y. 1999).............6

Matican v. City of New York, 424 F.Supp.2d 497 (E.D.N.Y. 2006) ........................................9, 11

Mendoza v. County of Nassau, 2012 WL 4490530 (E.D.N.Y. 2012)............................................21

Milton v. Valley Stream CHSD, 2018 U.S. Dist. LEXIS 33816 (E.D. N.Y. 2018) ......................10

Mitchell v. Forsyth, 472 U.S. 511 (1985)......................................................................................20

Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978)............................... 15-16

Moore v. City of New York, 219 F.Supp.2d 335 (E.D. N.Y. 2002)...............................................24

Morning v. Riverhead Central School District, 27 A.D.3d 435 (2d Dep't 2006)..........................22

Nieves v. Board of Educ., 2006 WL 2989004 (E.D. N.Y. 2006) ..................................................10

Pena v. DePrisco, 432 F.3d 98 (2d Cir. 2005) .......................................................................11, 13

Picott v. Chatmon, 2017 WL 4155375 (S.D. N.Y. 2017)..............................................................16

Piechowicz v. Lancaster Cent. Sch. Dist., 2018 U.S. Dist. Lexis 47772 (W.D.N.Y. 2018)..........23

Pratt v. Robinson, 39 N.Y.2d 554 (1976) .....................................................................................22

Pulka v. Edelman, 40 N.Y.2d 781 (1976), rearg. den., 41 N.Y.2d 901 (1977).............................22

Purdy v. Public Administrator of County of Westchester, 72 N.Y.2d 1 (1988).............................22

P.W. v. Fairport C.S.D., 927 F.Supp.2d 76 (W.D. N.Y. 2013) ........................................... 10-11, 14

Reid v. Freeport Public Sch. Dist., 89 F.Supp.3d 450 (E.D. N.Y. 2015) ......................................16

Risica v. Dumas, 466 F.Supp.2d 434 (D. Conn. 2006)..............................................................7, 10

Romero v. City of New York, 839 F.Supp.2d 588 (E.D.N.Y. 2012) ...............................7

Salmon v. Blesser, 802 F.3d 249 (2d Cir. 2015)...........................................................24

Saucier v. Katz, 533 U.S. 194 (2001) .........................................................................20

Segal v. City of New York, 459 F.3d 207 (2006)..........................................................16

Smith v. Guilford, 226 Fed. Appx. 58 (2d Cir. 2007).....................................................14

Smith v. Half Hollow Hills Central School District, 298 F.3d 168 (2d Cir. 2002) .......14

Teresa T. v. Ragaglia, 154 F.Supp.2d 290 (D. Conn. 2001)...........................................13

Thomas v. Venditto, 925 F.Supp.2d 352 (E.D. N.Y. 2013) ...........................................21

T.K. v. N.Y.C. Dep't of Ed., 779 F.Supp.2d 289 (E.D.N.Y. 2011).................................14

Turyants v. City of New York, 2020 U.S. Dist. Lexis 27492 (E.D.N.Y. 2020).............17

United Mine Workers v. Gibbs, 383 U.S. 715 (1966) ....................................................25

U.S. Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.-Petrobras,
2001 WL 300735 (S.D. N.Y. 2001)..............................................................................6

Valencia v. Sung M. Lee, 316 F.3d 299, 305 (2d Cir. 2003)..........................................25

Vega v. Lantz, 596 F.3d 77 (2d Cir. 2010) ..................................................................18

Veronica School District 47J v. Acton, 515 U.S. 646 (1995)..........................................9

Williams v. City of New York, 2012 U.S. Dist. LEXIS 112482 (S.D. N.Y. 2012) ......16

Wyke v. Polk County Sch. Bd., 129 F.3d 560 (11th Cir. 1997) .......................................9

Ying Jing Gan v. City of New York, 996 F.2d. 522 (2d Cir. 1993) ................................9

Young v. Campbell, 87 A.D.3d 692 (2d Dep't 2011) ....................................................24

Zahra v. Town of Southold, 48 F.3d 674 (2d Cir. 1985) ...............................................15

## STATUTES AND REGULATIONS

28 U.S.C. §1367(1) ....................................................................................................25

28 U.S.C. §1367(C) (3)...............................................................................................25

42 U.S.C. §1983 .................................................................................................... 1, 19

Fed. R. Civ. P. 12(b) (6) .......................................................................................... 1

N.Y. Soc. Serv. Law § 417 ..................................................................................... 24

N.Y. Gen. Mun. Law § 50-i .................................................................................... 24

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of defendants, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, and SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, ("District defendants") in support of their motion, pursuant to Fed. R. Civ. P. 12(b) (6), seeking dismissal of plaintiff's complaint as against District defendants.

This case arises out of the death of plaintiff student Thomas Valva ("TV") at his home on January 17, 2020, while in the custody and control of his father, defendant Michael Valva, and his girlfriend, defendant Angela Pollina. The plaintiff mother, Justyna Zubko-Valva, who did not have custody of TV or his brothers Anthony and Andrew Valva, alleges that the District defendants are liable for TV's death, and the pain and suffering caused to the three minor plaintiffs, as well as for various damages to her.

Defendants seek dismissal of plaintiff's claims pursuant to 42 U.S.C. §1983, and plaintiffs' New York State law claims. Alternatively, as there is no plausible basis for the §1983 claim against the District defendants, the Court should decline to exercise jurisdiction over plaintiff's state law claims.

## PROCEDURAL HISTORY

Plaintiff filed the complaint on June 16, 2020. Pursuant to this Court's rules, the District defendants and the other defendants requested a pre-motion conference. That conference was held on October 20, 2020, and the parties prepared a scheduling order thereafter. The District defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b) (6), as the complaint fails to state a constitutional claim upon which relief may be granted.

## STATEMENT OF FACTS[1]

Plaintiff Justyna Zubko-Valva, commenced this action seeking damages for alleged constitutional violations and personal injuries sustained as a result of the death of her son TV, and for injuries allegedly sustained by TV and sons Anthony and Andrew, due to abuse and neglect by defendants Valva and Pollina (Exhibit "A" ¶ 3-6).   It is alleged that District defendants failed to act to protect the sons from the abuse (A ¶ 3-4).

The complaint contains twenty-three claims for relief.   Claims 1 to 9 are brought under 42 U.S.C. §1983 (A ¶ 280-380).   Claims 6 and 8 are not addressed to the District defendants (A ¶ 332-38, 345-62).   Claims 2, 3, 4, 5, and 7 are addressed to the District defendants and other defendants (A ¶ 300-331, 339-44).   These §1983 claims allege malicious prosecution (2), fabrication of evidence/denial of a fair trial (3), malicious abuse of process (4), "stigma plus" (5), and conspiracy to violate plaintiffs' civil rights (7).   However, in over 39 pages of factual allegations, the complaint contains no factual allegations indicating any acts by the District defendants relevant to claims 2, 3, 4, 5, and 7 (A ¶ 47-210, 254-73).

The 11 pages of factual allegations arguably relevant to District defendants are at paragraphs 211 to 253, and 274 to 279 of the complaint.   These paragraphs contain no factual allegations that said defendants were involved in initiating matrimonial or family court proceedings against the plaintiff mother (2nd claim) (A ¶ 300-12); no factual allegations that said defendants denied the plaintiff mother a right to a fair trial or played any role in those proceedings (3rd claim) (A ¶ 313-18); no factual allegations that said defendants engaged in an abuse of process (4th claim); made false statements about the plaintiff mother to Social Services

---

[1] For the purposes of this motion only, the facts alleged in the complaint are assumed to be true.

or to the named judges (5th claim); or engaged in a conspiracy to deprive the plaintiff mother of her parental rights (7th) (A, ¶ 319-24, 325-31, 339-44).

The first claim, under §1983, alleges that District defendants and others were deliberately indifferent to abuse of the infant plaintiffs despite the plaintiff mother providing evidence of abuse by the father and Pollina (A ¶ 280-99). The defendants allegedly made false, misleading and dishonest reports about the plaintiff and her children, and "refused to remove" the children from the father's custody (A ¶ 294-95). The ninth §1983 cause of action alleges municipal liability based upon District defendants' purported failure to train employees, and to implement rules, policies and procedures (A ¶ 363-80).

Plaintiff also alleges New York State law claims, including for wrongful death (10), pain and suffering (11), intentional infliction of emotional distress (14), defamation (15), negligent hiring/training/supervision/retention (17), negligence (18), violation of Social Services Law §413 (20), and breach of the in loco parentis duty (23).

Plaintiff alleges that the District defendants did nothing to protect her sons despite receiving evidence of abuse by their father (A ¶ 217). However, plaintiff acknowledges that District employees filed reports with the CPS Hotline regarding the alleged abuse of the plaintiff students, including Jennifer Holborrow, Jean Rakowski, and Michelle Cagliano, and school psychologist Renee Emin (A ¶ 229). Plaintiff alleges that CPS reports were made on September 27, 2018, January 16, 2019, February 27, 2019 (A ¶ 226, 228, 231-33, 235, 236). These three reports, made by District employees, incorporated by reference in the complaint, are annexed as Exhibit "B". The complaint, therefore, admits that District employees made CPS reports.

Plaintiff specifically acknowledges that the September 27, 2018 report was made by Renee Emin, who reported abuse suspicions including lack of supervision, food, medical

attention to weight, and other issues with TV and Anthony (A ¶ 226).  The January 16, 2019 report, by defendant Schneyer and teacher Michelle Romano, reported that TV had a "suspicious bruise" and swollen eye, with conflicting stories about the injury.  The February 27, 2019 report, by teacher Jennifer Holborrow and defendant Schneyer, reported weight loss, inadequate food concerns, clothes smelling of and soaked in urine, and the child "having to stay in the garage for unknown amount of time" (*See* Exhibit "B").

Seven additional CPS reports were made by District employees, including teachers identified in the complaint (A ¶ 229), and by defendant Schneyer.  They report the students being kept in the garage "for weeks and days" (March 13, 2019), being on the mattress in the cold garage (March 15, 2019), being coached to misbehave and refuse to tell the teachers things (March 18, 2019), a bump on the forehead (May 14, 2019), facial abrasions with dried blood (June 7, 2019), visible facial lacerations with changing explanations, and malnutrition concerns (November 19, 2019).  Those reports referenced in the complaint are annexed as Exhibit "C".

The complaint states that on December 19, 2017 the plaintiff mother provided CPS with a flash drive with evidence of the children's abuse by Valva and Pollina, and met with CPS (A ¶ 112, 120).  Plaintiff also filed three CPS reports in November, 2017, and January, 2018 (A ¶ 103).  Dr. Berens, who was involved in Anthony's care, also made a CPS report against defendant Valva, and complaints were made by other doctors as well (A ¶ 116-17, 229).  In addition, plaintiff also alleges that a CPS worker visited TV and Anthony at school on November 1, 2017 (A ¶ 99).

The complaint states that, in connection with a Neglect Proceeding against the mother, CPS had obtained a Stay Away Order of Protection barring plaintiff from "any unsupervised visits with her children" (A ¶ 208).

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Berry v. Village of Millbrook, 815 F.Supp.2d 711 (S.D.N.Y. 2011) (complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do").

To determine plausibility, courts follow a "two-pronged approach." Ashcroft, 556 U.S. at 679. "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Plaintiff's complaint herein should be dismissed since the allegations, even if true, do not support a plausible constitutional claim.

In addition, "[i]n assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference, . . . and documents that are 'integral' to plaintiff's claims, even if not explicitly incorporated by reference." Hanig v. Yorktown Central Sch. Dist., 384 F.Supp.2d 710 (S.D. N.Y. 2005); Allen v. WestPoint–Pepperell Inc., 945 F.2d 40, 44 (2d Cir.1991).

In Int'l Audiotext Network v. American Tel. & Tel. Col., 62 F.3d 69 (2d Cir. 1995), where the defendant's Rule 12(b) (6) motion was granted, defendant had attached a copy of the Agreement between the parties to its motion. On plaintiff's appeal, the Second Circuit noted that

the complaint is "deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Id.* at 71.   The Second Circuit considered the Agreement in deciding "whether [plaintiff] can prove any set of facts that would entitle it to relief." *Id.* at 71-72; *see* Lee v. State of N.Y. Dep't of Correctional Services, 1999 WL 673339 (S.D. N.Y. 1999) (court could take judicial notice of signed waiver of extradition and hearing transcript on Rule 12 (b) (6) motion); Cortec Industries, Inc. v. SUM Holding L.P., 949 F.2d 42 (2d Cir. 1991) (court could consider documents submitted on motion where plaintiffs had documents, had knowledge of and relied upon them, and where documents were "integral to its complaint"); U.S. Fidelity & Guaranty Co. v. Petroleo Brasileiro S.A.-Petrobras, 2001 WL 300735 (S.D. N.Y. 2001) (court can consider documents referenced in complaint, in plaintiffs' possession, or that plaintiffs knew of and relied upon in bringing suit).

Plaintiff's complaint alleges that CPS reports were made by District employees (A ¶ 226, 229, 235, 236).  District defendants submit these reports made to CPS that were incorporated by reference in plaintiff's complaint as Exhibits B and C.

## POINT I

### PLAINTIFF'S §1983 CLAIMS AGAINST DISTRICT DEFENDANTS SHOULD BE DISMISSED

Plaintiff's first §1983 claim alleges that District defendants failed to protect the minor plaintiffs from abuse by defendants Valva and Pollina.  This §1983 claim fails to state a cause of action and must be dismissed as against District defendants.

It is well settled that the State does not owe a duty to protect individuals from the violent acts of third parties under the Due Process Clause.  In DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989), the minor plaintiff was beaten by his father with whom he lived.  The action on plaintiff's behalf was commenced against social workers and other officials

who allegedly knew of the abuse but did not remove the child from the father's custody.  The child had been hospitalized for various injuries, but, after investigation, was returned to the father's. Despite ongoing issues, including documented suspicious injuries, he remained with the father who then beat him, causing life-threatening injuries.

Notwithstanding these facts, the Supreme Court held that the State had "no constitutional duty to protect [plaintiff] against his father's violence, [and] its failure to do so – though calamitous in hindsight – simply does not constitute a violation of the Due Process Clause." *Id.* at 202.  As the Court noted, the harm was not inflicted on the minor plaintiff by the State, but by his father. *See id.* at 202-03.  The Court reiterated that the Due Process Clause of the Fourteenth Amendment "does not transform every tort committed by a state actor into a constitutional violation." *Id.* at 202.  As the purpose of the clause is "to protect the people from the State, not to ensure that the State protected them from each other," *id.* at 196, the Court refused to expand the reach of the Due Process Clause. *See id.* at 203.  Under DeShaney, plaintiffs herein have no viable constitutional claim against the District defendants.

The DeShaney rule has been applied to schools, establishing that the Due Process Clause does not impose a constitutional duty upon a school to protect students from harm inflicted by private actors, resulting in the dismissal of numerous §1983 actions. *See* Romero v. City of New York, 839 F.Supp.2d 588, 2012 WL 899945 (E.D.N.Y. 2012); Chambers v. North Rockland C.S.D., 815 F. Supp.2d 753 (S.D.N.Y. 2011); Risica v. Dumas, 466 F.Supp.2d 434 (D. Conn. 2006); Bungert v. City of Shelton, 2005 WL 2663054 (D. Conn. 2005); Doe v. Hillsboro Independent Sch. Dist., 113 F.3d 1412 (5th Cir. 1997).

DeShaney has also been applied in social services cases, arising from alleged failure to protect children from harm by private actors such as parents.  For example, in Jones v. Nickens,

961 F.Supp.2d 475 (E.D. N.Y. 2013), the decedent child was allegedly abused and assaulted by his mother and her boyfriend, resulting in his death.  The child was not removed from their custody despite orders of protection and notice to DSS of the abuse.  The child had been admitted to Stony Brook Hospital ("SBH") with a fractured skull and other signs of abuse. However, medical professionals there did not report findings of child abuse, and the child was discharged back to the mother and boyfriend, where he died.  A §1983 action was commenced against the SBH defendants and others.  The SBH defendants moved to dismiss the complaint. Describing the facts as "analogous" to DeShaney, Judge Joseph Bianco held that plaintiffs had no plausible substantive due process claim against the SBH defendants, noting that a State's failure to protect against private violence does not constitute a due process violation. *See id.* at 486-87.

In Hilbert S. v. County of Tioga, 2005 U.S. Dist. LEXIS 29423 (N.D. N.Y. 2005), a §1983 action was brought against the County, DSS, and individual employees, alleging that they failed to properly investigate and take remedial action as to child abuse allegations.  Following DeShaney, the court rejected plaintiff's due process claim based upon defendants not doing enough to stop the abuse at home, and not following reporting and investigation requirements.  It held that these were nothing more than "claims of negligence or nonfeasance" and were not affirmative acts "that served to increase the children's vulnerability to the already present danger from their mother and her paramour."  Hilbert S., 2005 U.S. Dist. LEXIS at 13-14; *see* Langdon v. Skelding, 524 Fed. Appx. 172 (6th Cir. 2013) (where minor child died in fire at home after long history of abuse complaints, plaintiff had no viable due process claim against CPS based on claim they did not sufficiently investigate complaints); Forrester v. Bass, 397 F.3d 1047 (8th Cir. 2005) (where minor children died from abuse after social services allegedly failed to follow state

procedures and filed false assessments, plaintiff had no substantive due process claim); Estate of M.D. v. New York, 241 F.Supp.3d 413 (S.D. N.Y. 2017) (where child died while in care of mother and partner allegedly due to lack of action by social services after reports to State hotline, plaintiff had no substantive due process claim).

Plaintiff has no §1983 plausible due process claim under DeShaney, and neither of the exceptions that have been raised to the DeShaney analysis applies in the present case.

A. **The Special Relationship Exception Does Not Apply.**

Courts have held that a special relationship may exist when there is "some type of custody or other restraint on individuals' ability to fend for themselves." Matican v. City of New York, 424 F.Supp.2d 497, 504 (E.D.N.Y. 2006). In Ying Jing Gan v. City of New York, 996 F.2d. 522, 533 (2d Cir. 1993), the Second Circuit held that "relationships that have been recognized to give rise to a governmental duty to protect against third-person attacks have included custodial relationships such as a prison and inmate or a mental institution and involuntary committed patient, and the relationship between a social service agency and foster child."

However, the relationship between a student and school district does not give rise to a constitutional duty to protect. Veronica School District 47J v. Acton, 515 U.S. 646, 655 (1995) ("we do not, of course, suggest that public schools as a general matter have such a degree of control over children as to give rise to a constitutional 'duty to protect'"); see Wyke v. Polk County Sch. Bd., 129 F.3d 560 (11th Cir. 1997) (mandating school attendance does not restrict student's liberty in same sense as incarcerating prisoners or involuntarily committing mental patients).

The weight of recent authority establishes that there is no duty to protect a student from private actors which arises from a special relationship between the school and its students. *See* Milton v. Valley Stream CHSD, 2018 U.S. Dist. LEXIS 33816 (E.D. N.Y. 2018) (overwhelming weight of authority is that special relationship exception not applicable in school setting); Drain v. Freeport UFSD, 2015 WL 1014451 (E.D. N.Y. 2015) (weight of authority in Second Circuit is that special relationship exception not imposed on school merely because plaintiff was student); P.W. v. Fairport Cent. School Dist., 927 F.Supp.2d 76, 82 (W.D. N.Y. 2013) (Second Circuit courts and others have held that special relationship doctrine does not apply to public schools); Campbell v. Brentwood U.F.S.D., 904 F.Supp.2d 275 (E.D.N.Y. 2012) (special relationship exception does not apply to school setting); K.W. v. City of New York, 275 F.R.D. 393, 398 (E.D.N.Y. 2011) (recent decisions in Second Circuit and other circuit courts have not found special relationship in school context); Risica v. Dumas, 466 F.Supp.2d 434 (D. Conn. 2006) (every circuit has held that "a public school student is not a confined individual, irrespective of compulsory education laws or the school's duty to act in loco parentis" and little doubt that Second Circuit would find students are not confined for 14th Amendment purposes); Nieves v. Board of Educ., 2006 WL 2989004 (E.D. N.Y. 2006) (public schools have no affirmative constitutional duty to protect students from private actions of other students).

In the social services context, in Jones v. Nickens, where familial abuse of a child led to his death, Judge Bianco rejected the special relationship exception, as the harm suffered by the decedent occurred while he was in the custody of private individuals. Even if the hospital defendants knew of or promised to correct the abuse, they had no affirmative duty to protect him under the Fourteenth Amendment. *See* Jones, 961 F.Supp.2d at 487.

The complaint does not specifically spell out the relationship between the minor plaintiffs and the District defendants, other than by reference to their being students at a District school (A at ¶ 222, 226, 229).  As the special relationship exception does not apply to a school setting, that exception does not apply in this matter.  District defendants had no constitutional duty to protect the plaintiff students from his father and girlfriend.  Further, as the abuse occurred when the children were in the father's custody at home, District defendants owed no legal duty to them at that time and place.

**B.  <u>The State Created Danger Exception Does Not Apply</u>.**

In <u>Dwares v. City of New York</u>, 985 F.2d 94 (2d Cir. 1993), the Second Circuit held that municipal defendants could be held liable for a substantive due process violation where the state actor created or increased the danger posed to an individual by a third party.  The <u>Dwares</u> complaint alleged that the defendant officers assured plaintiff's "skinhead" assailants that they could beat up protestors without being impeded or arrested.  <u>Dwares</u>, 985 F.2d at 99.  The Second Circuit found that such a "prearranged official sanction of a privately inflicted injury" made the protestors "more vulnerable to assaults," and violated plaintiff's due process rights.  *Id.*

The state created exception applies when the governmental actor's conduct can be characterized as affirmative as opposed to passive.  <u>Matican</u>, 424 F.Supp.2d at 505.  Mere allegations of failing to intercede without affirmative acts do not constitute a state created danger and are insufficient to state a substantive due process claim. *See* <u>Pena v. DePrisco</u>, 432 F.3d 98, 110 (2d Cir. 2005); <u>Drain v. Freeport UFSD</u>, 2015 WL 1014451 (E.D. N.Y. 2015) (no plausible due process claim where allegations do not demonstrate defendants "actively encouraged or facilitated" attack on plaintiff); <u>P.W. v. Fairport C.S.D.</u>, 927 F.Supp.2d 76 (W.D. N.Y. 2013) (school's failure to respond to bullying complaints and to discipline adequately was insufficient

to state plausible claim based on state created danger); Chambers v. North Rockland C.S.D., 815 F. Supp.2d 753 (S.D.N.Y. 2011) (school's failure to punish assailants despite prior complaints failed to establish state created danger).

The state created danger exception has been rejected in cases involving child abuse.  For example, in Langdon v. Skelding, 524 Fed. Appx. 172 (6th Cir. 2013), involving a minor's death, the exception did not apply to a claim based on a mere failure to act – that the defendants did not do enough to investigate the obvious dangers to the child. In Forrester v. Bass, 397 F.3d 1047 (8th Cir. 2005), where two minor children died from abuse, social services' allegedly failure to follow state procedures and filing of false assessments, were not deemed affirmative acts which created greater risks to the children than what they were originally exposed to.

In Jones v. Nickens, where the decedent child was abused by family, the child was not removed from their custody despite orders of protection and notice to DSS of the abuse. The Court noted that the state created danger exception requires a state actor to take an "affirmative step" to use its "authority to create an opportunity that would not otherwise have existed for [the boyfriend's] acts to occur." Jones, 961 F.Supp.2d at 487.  A claim that defendants failed to do enough to stop the abuse, and did nothing when suspicious circumstances indicated more action was an insufficient basis under the exception. See id. at 487-88.

In Estate of M.D. v. New York, 241 F.Supp3d 413 (S.D. N.Y. 2017), where a child died in the care of the mother and partner, the alleged lack of action by social services after reports to the State hotline did not communicate that abuse was permissible or create a danger to the child. At worst, defendants' actions were insufficient to prevent the danger, "placing the case squarely within the ambit of DeShaney" and not the state created danger exception.  Id. at 428.

In <u>Hilbert S. v. County of Tioga</u>, 2005 U.S. Dist. LEXIS 29423 (N.D. N.Y. 2005), allegations that defendants did not do enough to stop abuse in the home, and did not follow all reporting and investigation requirements, were not affirmative acts that increased the already present danger from the parent. <u>Hilbert S.</u>, 2005 U.S. Dist. LEXIS at 13-14; *see* <u>Teresa T. v. Ragaglia</u>, 154 F.Supp.2d 290 (D. Conn. 2001) (exception did not apply where father committed violence against autistic child, not defendants, who allegedly failed to act to protect children from father).

In the present case, plaintiff alleges the District defendants failed to make reports, or accurate reports, to CPS regarding the abuse by the defendant father. However, mere allegations of failing to intercede without affirmative acts do not constitute a state created danger, sufficient to state a substantive due process claim. <u>Pena</u>, 432 F.3d at 110. The alleged failures of the District defendants do not amount to a state created danger, because, as in <u>DeShaney</u>, the harm was not inflicted on the minor plaintiffs by *defendants*, but by his *father*. *See* <u>DeShaney</u>, 489 U.S. at 202-03.

Plaintiff alleges District defendants made false and misleading reports about the children (A at ¶ 218), and made no complaints about the father's abuse for a year (A at ¶ 226). However, as the above cases indicate, such allegations do not rise to the level of affirmative acts sufficient to trigger the state created danger exception. Defendants' actions did not increase the already present danger posed by defendants Valva and Pollina. Given plaintiff's allegation that abuse was repeatedly reported to CPS by herself and others (A at ¶ 103), there is simply no causal relationship between these defendants' actions and the alleged injury to the plaintiff children.

Significantly, the complaint actually establishes that the District defendants took action to address the suspected abuse. Plaintiff acknowledges that a CPS report was filed by psychologist

Emin (A at ¶ 226), directly references two other CPS reports filed by District employees (A at ¶ 235, 236), and admits that other teachers filed reports with CPS (A at ¶ 229). The CPS reports filed by District employees describe the abuse upon which plaintiff's complaint is based, and do not hide or mislead as to what was happening.

**C. Defendants' Conduct Does Not Shock the Conscience**

In order to assert a claim for a substantive due process violation, a plaintiff must allege conduct that is so egregious and offensive that it shocks the conscience. Smith v. Half Hollow Hills Central School District, 298 F.3d 168, 173 (2d Cir. 2002); *see also* Smith v. Guilford, 226 Fed. Appx. 58, 2007 WL 725512, *2 (2d Cir. 2007) (failure to act, while highly unfortunate, not so brutal or offensive to shock the conscience); T.K. v. N.Y.C. Dep't of Ed., 779 F.Supp.2d 289, 315 (E.D.N.Y. 2011) ("rigorous standard assures that constitution is not demoted to the equivalent of tort law"). For example, a school's being less than diligent in protecting a student is not "egregious conduct" that shocks the conscience, *see* Campbell, 904 F.Supp.2d at 281-82; an inadequate response to reports of bullying is not "conscience shocking." P.W., 927 F.Supp.2d 76 at 84; a failure to protect and prevent an assault and adhere to school policy is not conduct that shocks the conscience. Drain, 2015 WL 1014451, * 2-3.

In Forrester v. Bass, 397 F.3d 1047 (8th Cir. 2005), the court concluded that the official's alleged false assessment and failure to follow procedure was not so egregious or outrageous as to be conscience-shocking. Forrester, 397 F.3d at 1058-59. As the court noted, the abuse suffered by the children was "egregious," but private parties, not state actors" inflicted that abuse. *Id.* at 1058; *see* Hilbert S. v. County of Tioga, 2005 U.S. Dist. LEXIS 29423 (N.D. N.Y. 2005) (while not condoning official negligence, there was no egregious conduct by social service workers).

In the present case, the allegations against the District defendants do not rise to the level of outrageous, conscience-shocking conduct that violated plaintiff's due process rights. Indeed, the complaint actually acknowledges that defendants made numerous CPS reports regarding the minor plaintiffs, significantly undercutting the legal insufficiency of the due process claim. As plaintiffs' factual allegations fail to state a due process claim that is plausible on its face, the §1983 cause of action must be dismissed.

**D. Plaintiff Has No Plausible Claim under *Monell*.**

Plaintiff's ninth §1983 claim is for municipal liability against District defendants. It is well established that a municipal entity may be liable under §1983 only if a plaintiff has plead the three elements of a Monell claim. Specifically, plaintiff must plead and prove that the municipal entity had: "(1) an official policy or custom that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1985); Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978).

The Monell Court held that "[a] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694-95.

Even an assertion that a municipal entity had such a custom or policy of violating constitutional rights is "insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993); *see* Gazzola v. County of Nassau, 2016 WL 6068138 *6 (E.D.N.Y. 2016) (complaint does not "'suffice if it tenders naked assertion[s] devoid of further factual enhancement'");

Edwards v. Jericho Union Free Sch. Dist., 904 F.Supp.2d 294 (E.D.N.Y. 2012) (legal conclusion that conduct was undertaken as part of district's custom or practice is threadbare recital of Monell claim and cannot survive Rule 12(b)(6) motion).

Further, Monell does not provide for a separate cause of action against municipal entities, but extends liability to the entity where its policies or customs lead to "an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006).   In Segal, the Second Circuit noted that the district court correctly did not address the Monell claim where it found no underlying violation of due process. Id. at 219.

This analysis was applied in Bernshtein v. City of New York, 496 Fed. Appx. 140 (2d Cir. 2012), rejecting the Monell claim, where plaintiff failed to establish a deprivation of her constitutional rights. Id. at 144; see City of L.A. v. Heller, 475 U.S. 796, 799 (1986) (cases do not authorize damages award against municipality based on officer's actions where jury concluded officer inflicted no constitutional harm); Claudio v. Sawyer, 409 Fed. Appx. 464 (2d Cir. 2011) (where inadequately plead §1983 claim against officer dismissed, Monell claim was doomed as claim must be based on independent constitutional violation); Picott v. Chatmon, 2017 WL 4155375 (S.D. N.Y. 2017) (where plaintiff did not establish constitutional violation, Monell claim also fails); Reid v. Freeport Public Sch. Dist., 89 F.Supp.3d 450 (E.D. N.Y. 2015) (where plaintiff failed to adequately plead constitutional violation, no need to address entity's liability under Monell); Williams v. City of New York, 2012 U.S. Dist. LEXIS 112482 (S.D. N.Y. 2012) (Monell claim fails if no constitutional violation alleged or if court finds inadequately alleged claim); Estate of M.D. v. New York, 241 F.Supp3d 413 (S.D. N.Y. 2017) (same).

Under <u>DeShaney</u> and the facts of this case, plaintiff has no plausible due process claim. As such, even if plaintiff had adequately alleged an official policy or action, she cannot establish a <u>Monell</u> claim against District defendants.  The ninth cause of action must be dismissed.

**E.  The Remaining §1983 Claims Must be Dismissed.**

Plaintiff's complaint sets forth §1983 claims sounding in malicious prosecution, abuse of process, fabrication of evidence/denial of fair trial, stigma plus and conspiracy.  As noted above, the complaint fails to state any factual allegations as to acts taken by District defendants relevant to these claims.  Therefore, these claims must be dismissed against District defendants.

**Malicious Prosecution**

"To prevail on a § 1983 claim for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law."  <u>Azeez v. City of New York</u>, 790 Fed. Appx. 270, 272 (2d Cir. 2019); <u>Turyants v. City of New York</u>, 2020 U.S. Dist. Lexis 27492, *16 (E.D.N.Y. 2020). Under New York law, the elements of the tort of malicious prosecution are "(1) commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice".  <u>De Lourdes Torres v. Jones</u>, 26 N.Y.3d 742, 760 (2016).

This claim against District defendants must be dismissed as plaintiff has not alleged that any criminal proceeding was brought against her.  The complaint alleges only civil proceedings brought by defendants other than the District defendants.

- 17 -

**Abuse of Process/Fabrication of Evidence/Denial of a Fair Trial**

An abuse of process claim can support liability under § 1983.  Johnson v. City of New York, 2020 U.S. Dist. LEXIS 79552, * 18 (S.D.N.Y. 2020).  To support such a claim, plaintiff must establish the elements of the state law tort claim.  In New York, a claim for abuse of process "lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification(3) in order to obtain a collateral objective that is outside the legitimate ends of the process."  Alvarez v. Peters, 2020 U.S. Dist. Lexis 62783 (E.D.N.Y. 2020).  To state a claim, plaintiff must allege an ulterior motive for the use of process.  *Id.*

Plaintiff alleges that she was subject to an unlawful, baseless neglect petition.  There is no allegation that District defendants were in anyway involved in or submitted evidence in that neglect proceeding, or employed any legal process against plaintiff.  The sole allegation that District defendants failed to act is insufficient to state a cause of action for abuse of process.

**Stigma Plus**

Alleged damage to a person's reputation does not rise to the level of a constitutional violation.  Gilmore v. Uncommon Sch. Troy Prep, 2020 U.S. Dist. Lexis 204454, *5 (N.D.N.Y. 2020).  To bring a § 1983 due process claim on a stigma plus theory, plaintiff must prove a "stigmatizing statement plus a deprivation of a tangible interest."  Vega v. Lantz, 596 F.3d 77, 81 (2d Cir. 2010). The elements of this cause of action are "(1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the plaintiff's status or rights."  Daytree at Cortland Square, Inc. v. Walsh, 332 F.Supp.3d 610, 634 (E.D. N.Y. 2018).

The complaint alleges that the mother's reputation was damaged by statements made during the matrimonial and family court proceeding.  As plaintiff does not allege involvement by District defendants in those proceedings, she has no plausible stigma plus claim against said defendants.  Even if the allegation of misleading and dishonest reports made *about her children* is accepted, they were *not made about the mother*.  The complaint fails to allege a statement sufficiently derogatory to injure the mother's reputation and as opposed to that of her children.

**Conspiracy**

Finally, plaintiff's seventh claim alleges conspiracy to violate plaintiff's civil rights under 42 U.S.C. §1983.  In order to survive a motion to dismiss on such a claim, plaintiff must allege: "(1) an agreement between a state actor and private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages".  Ciamriello v. County of Nassau, 292 F. 3d 307, 324-325 (2d Cir. 2002).  To state a claim, "plaintiff must provide some factual basis supporting a meeting of the minds, such as that defendants entered into an agreement, express or tacit, to achieve the unlawful end augmented by some details of time and place and the alleged effects of the conspiracy".  K.D. v. White Plains Sch. Dist., 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013). The complaint herein is devoid of any facts to establish this claim.  Thus, it should also be dismissed.

## POINT II

### THE INDIVIDUALLY NAMED DISTRICT DEFENDANTS SHOULD BE DISMISSED FROM THE ACTION

The caption of the complaint states that the individual District defendants are being sued in their individual and official capacities. These claims must be dismissed.

The individual defendants are entitled to qualified immunity.  Qualified immunity is "an immunity from suit rather than a mere defense to liability and is effectively lost if the case is

erroneously permitted to go to trial." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985).   The purpose of qualified immunity is to protect governmental employees from civil liability where performance of their discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1992).

The qualified immunity determination begins with an analysis of whether, on the facts alleged, the official's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 200-201 (2001).   The availability of the defense turns on the objective legal reasonableness of the allegedly unlawful action, "assessed in light of the legal rules that were 'clearly established' at the time it was taken." <u>Anderson v. Creighton</u>, 483 U.S. 635, 639 (1987).

As set forth in Point I, the complaint contains no plausible allegation that plaintiff's constitutional right to due process was violated by the District defendants, as her claims are precluded under <u>DeShaney</u>.   The minor plaintiffs had no clearly established constitutional right to be protected from assaults by third parties such as defendants Valva and Pollina.   To the contrary, it is well established that a school district does not have a constitutional duty to protect students from assaults by third parties.

In <u>Chambers v. North Rockland Central School District</u>, 815 F.Supp.2d 753 (S.D.N.Y. 2011), involving a student on student assault, the Court initially found that there was no violation of plaintiff's substantive due process rights. *See* <u>Chambers</u>, 815 F.Supp.2d at 773.   It then held that the individual defendants were entitled to qualified immunity because there was no clearly established constitutional duty to protect students from assaults by other students. *See id.* at 774; *see also* <u>Campbell v. Brentwood U.F.S.D.</u>, 904 F.Supp.2d 275 (E.D.N.Y. 2012) (where plaintiff failed to allege constitutional violation, it was unnecessary to consider individual defendants'

qualified immunity argument); <u>Blyden v. Mancusi</u>, 186 F.3d 252 (2d Cir. 1999) (for supervisor to be liable under §1983 there must have been underlying constitutional violation); <u>Estate of M.D. v. New York</u>, 241 F.Supp3d 413 (S.D. N.Y. 2017) (same).  In the present case, where the alleged failure to prevent abuse by the defendant father and girlfriend was not a violation of plaintiff's due process rights, there is no viable claim against the individual defendants.

Further, plaintiff's claims 2, 3, 4, 5, and 7 are addressed to the District defendants and other defendants (A ¶ 300-331, 339-44). These claims are not sufficiently specific as to which defendants performed what alleged acts in violation of plaintiff's rights.  Lumping all defendants together in each claim without alleging facts to distinguish their conduct fails to meet minimum pleading standards. *See* <u>Atuahene v. City of Hartford</u>, 10 Fed. Appx. 33 (2d Cir. 2001); <u>Thomas v. Venditto</u>, 925 F.Supp.2d 352 (E.D. N.Y. 2013) (insufficient for plaintiff to rely on group pleading against defendants without making specific factual allegations against them). A plaintiff must plead that each municipal defendant "through the official's own individual actions, has violated the Constitution" as a "showing of some personal responsibility of the defendant is required." <u>Carr v. County of Sullivan</u>, 2018 U.S. Dist. LEXIS 131667 (S.D. N.Y. 2018). Plaintiff's complaint lacks that necessary specificity.

The complaint also states that the individual District defendants are being sued in their official capacities.  To the extent that plaintiffs seek to hold the individual defendants liable in their official capacities, such claim must also be dismissed since it is duplicative of the claim against the District. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985); *see* <u>Mendoza v. County of Nassau</u>, 2012 WL 4490530 (E.D.N.Y. 2012) (suit against defendant official in official capacity dismissed as redundant).

- 21 -

## POINT III

## PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED

The complaint alleges various state law claims against District defendants – including for the wrongful death of TV, and pain and suffering (10, 11), negligence (18), and "in loco parentis" (23). None of these claims are legally viable in the present case.

In order to recover in a negligence action, plaintiff must show the existence of a duty owed by defendant to plaintiff, and a breach of that duty with resulting injury to plaintiff. *See* Greenberg, Trager & Herbst, LLP v. HSBC Bank USA, 17 N.Y.3d 565, 576 (2011); Pulka v. Edelman, 40 N.Y.2d 781, 782 (1976), *rearg. den.*, 41 N.Y.2d 901(1977). Absent a duty owed to plaintiff, there can be no breach and no liability. *See* Pulka, 40 N.Y.2d at 782. The scope of a defendant's duty is, in the first instance, a question of law for the court to determine. *See* Purdy v. Public Administrator of County of Westchester, 72 N.Y.2d 1, 8 (1988).

It is well settled that a school district's duty of care for students is premised upon the school's custody and control of the student. Pratt v. Robinson, 39 N.Y.2d 554 (1976). As such, a school district is not liable where a student is injured off school premises. Where a school does not have physical custody and control over a student, "because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to resume control over the child's protection, the school's custodial duty also ceases." Pratt, 39 N.Y.2d at 560; *see* Chalen v. Glen Cove School Dist., 29 A.D.3d 508 (2d Dep't 2006) (where student found dead after leaving school, and no evidence that student died in school's custody, District granted summary judgment); Morning v. Riverhead Central School District, 27 A.D.3d 435 (2d Dep't 2006); (district not liable where decedent was not in its custody and control at time of disappearance and death); Elissa v. City of New York, 44 Misc.3d 526 (Sup. Ct. Queens Co. 2014) (defendant owed

decedent student no duty at time of death when he committed suicide outside its custody and control).

In Piechowicz v. Lancaster Cent. Sch. Dist., 2018 U.S. Dist. Lexis 47772 (W.D.N.Y. 2018), plaintiff brought an action against a school district for the wrongful death by suicide of his son, allegedly the result of bullying at school. The court held the complaint failed to state a cause of action for wrongful death. Noting that a plausible wrongful death claim requires a plausible negligence claim, the court held that a wrongful death claim could not be maintained as the school owed no duty to the decedent who was not in the school's custody and control when he died.

As these cases establish, plaintiff has no plausible causes of action for these state law claims because the alleged abuse by the defendant father and girlfriend occurred when the minor plaintiffs were at home in the father's custody, and outside of the defendants' custody and control. Plaintiff also has no plausible negligence claim (18) based upon the assumption of a special duty as there are no plausible factual allegations that defendants made assurances – in fact, plaintiff's allegations are to the contrary – that she warned defendants that the children were in danger – but they did nothing (A ¶ 216-17).

In addition, plaintiff's negligent hiring and training claim (17), is also without merit given that the complaint admits that District employees made numerous reports to the CPS hotline, a fact borne out by the CPS reports submitted by District defendants. Having admitted that District employees made CPS reports, plaintiff's claim of violation of the Social Services Law (20), also lacks merit. The claim that District defendants failed to remove the children from the home is without merit as school professionals are not among those listed in the Social

Services Law as authorized to cause a child to be placed into protective custody. *See* N.Y. Soc. Serv. Law § 417; <u>Young v. Campbell</u>, 87 A.D.3d 692 (2d Dep't 2011).

To the extent that plaintiff has asserted a defamation claim against District defendants (15), that too should be dismissed as discussed as to the stigma plus claim. The plaintiff mother claims that *her reputation* was damaged, but there is no allegation of any specific false statements made by *these defendants* or outside of the family court proceedings in which *they did not participate*. Thus, the complaint fails to state a defamation claim against these defendants. Further, the mother's defamation claim is untimely as there is no allegation of defamatory statements about her by these defendants within the applicable one year, ninety day statute of limitations. *See* N.Y. Gen. Mun. Law § 50-i.

Plaintiff's intentional infliction of emotional distress claim (14) should be dismissed because such a claim cannot be asserted if essentially duplicative of the tort causes of action. *See* <u>Salmon v. Blesser</u>, 802 F.3d 249 (2d Cir. 2015); <u>C.T. v. Valley Stream UFSD,</u> 201 F.Supp.3d 307,327-28 (E.D. N.Y. 2016); <u>Moore v. City of New York</u>, 219 F.Supp.2d 335 (E.D. N.Y. 2002). As plaintiff has alleged other tort causes of action, and the infliction of emotional distress claims fit squarely within them, that claim should be dismissed as duplicative. Further, in order to prevail based upon the intentional infliction of emotional distress plaintiff must show that defendants' conduct was so extreme and outrageous conduct as to exceed "all bounds usually tolerated by decent society." <u>Fischer v. Maloney</u>, 43 N.Y.2d 553, 557 (1978). As discussed above in Point I, the conduct of the District defendants was clearly not so egregious and offensive that it shocks the conscience, and the intentional infliction of emotional distress claim should be dismissed.

## POINT IV

## THE COURT SHOULD DECLINE TO EXERCISE
## JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS

Pursuant to 28 U.S.C. §1367(C)(3), a district court may decline to exercise supplemental jurisdiction over any state law claims that remain after all federal claims have been dismissed. *See* Carlsbad Tech, Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1867 (2009); Kolari v. New York Presbyterian Hospital, 455 F.3d 118, 121-22 (2d Cir. 2006).  This decision by the district court is discretionary but the Second Circuit has made it clear that the district court's discretion is not boundless.  Valencia v. Sung M. Lee, 316 F.3d 299, 305 (2d Cir. 2003).

When exercising this discretion, a court should balance the traditional values of judicial economy, convenience, fairness and comity . . . in deciding whether to exercise jurisdiction." Kolari, 455 F.3d at 122.  After noting these values, the Supreme Court has held that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Lanza v. Merrill Lynch & Co., 154 F.2d 56, 61 (2d Cir. 1998).

As demonstrated above, plaintiff's §1983 claims should be dismissed as there is no basis upon which it can be found that plaintiff's constitutional rights were violated.  As such, and since no discovery in this action has been done, this court should decline to exercise supplemental jurisdiction over the state law claims.  Plaintiff cannot claim any prejudice as a result of this dismissal given the early stage of this litigation and the fact that she will have ample time to recommence the action in State Court.  28 U.S.C. §1367(1).

## CONCLUSION

For the foregoing reasons, District defendants respectfully request that this Court grant their motion to dismiss the §1983 claims.  It is further requested that the Court dismiss the state law claims, or alternatively decline to exert jurisdiction over those claims.

Dated:  Uniondale, New York
        December 18, 2020.

Respectfully submitted,

CONGDON, FLAHERTY, O'CALLAGHAN,
TRAVIS & FISHLINGER, ESQS.

By:  *Christine Gasser*
     CHRISTINE GASSER
