UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

Docket No.: 20-CV-02663

JUSTYNA ZUBKO-VALVA, as Mother and Natural Guardian of A██████ V█████, and A█████ V█████, and as Administratrix of The Estate of T█████ V█████, and JUSTYNA ZUBKO-VALVA, individually,

                                         Plaintiff(s),

        -against-

THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in her Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, CPS INVESTIGATOR LYDIA SABOSTO, Individually and in her Official Capacity, CPS SUPERVISOR JEAN MONTAGUE, Individually and in her Official Capacity, DEPARTMENT OF SOCIAL SERVICES COUNTY ATTORNEY RANDALL RATJE, ESQ., Individually and in his Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in his Official Capacity, THE LAW OFFICE OF DONNA MCCABE, SHANA CURTI, ESQ., Individually and in her Official Capacity, ORSETTI & CURTI PLLC, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, HOPE SCHWARTZ ZIMMERMAN, Individually, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ. Individually and in his Official Capacity, THE LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC., CHILDREN'S LAW BUREAU, MICHAEL VALVA and ANGELA POLLINA,

                                         Defendants.

-------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS


VIGOROTO, BARKER, PATTERSON, NICHOLS & PORTER, LLP

By:     *Anna I. Hock*
        Anna Hock - 9249

        *Joseph Muscarella*
        Joseph Muscarella - 8482

Attorneys for Defendants SHANA CURTI, ESQ. and ORSETTI & CURTI PLLC
300 Garden City Plaza, Suite 308
Garden City, NY 11530
(516) 282-3355
VBPNP File No.: 0250-001
a.hock@vbpnplaw.com; j.muscarella@vbpnplaw.com

# TABLE OF CONTENTS

PRELIMINARY STATEMENT  ……………………………………....  1

STATEMENT OF FACTS  …………………………………………..  1

PROCEDURAL HISTORY  …………………………………………...  5

APPLICABLE STANDARD  …………………………………………  5

LEGAL ARGUMENT  …………………………………………  7

I.  DEFENDANTS ARE NOT STATE ACTORS, DID NOT ACT UNDER "COLOR OF STATE LAW" AND, THEREFORE, CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983 ………..  7

II.  DEFENDANTS DID NOT ACT UNDER THE COLOR OF LAW AND THERE ARE NO ALLEGED UNLAWFUL END THUS THE CONSPIRACY CLAIM MUST FAIL ……………...……..  9

A.  PLAINTIFF'S CLAIM FOR "STIGMA PLUS" UNDER 42 U.S.C. § 1983 MUST BE DISMISSED BECAUSE THE DEFENDANTS ARE NOT STATE ACTORS DO NOT ACT UNDER "COLOR OF STATE LAW." …………………………  11

B.  PLAINTIFF'S CLAIM FOR FABRICATION OF EVIDENCE/DENIAL OF THE RIGHT TO A FAIR TRIAL UNDER 42 U.S.C. § 1983 MUST BE DISMISSED BECAUSE THE DEFENDANTS ARE NOT STATE ACTORS DO NOT ACT UNDER "COLOR OF STATE LAW." …………………………  11

III.  PLAINTIFF FAILS TO PLEAD ANY OF THE REQUISITE ELEMENTS OF THE MALICIOUS PROSECUTION CLAIM AND THE MALICIOUS ABUSE OF PROCESS CLAIM ……….  12

IV.  PLAINTIFF FAILS TO PLEAD WRONGFUL DEATH AND NEGLIGENCE AGAINST THE DEFENDANTS, AS THE DEFENDANTS OWED PLAINITFF NO DUTY …………………  13

V.  PLAINTIFF'S CLAIM FOR CONCIOUS PAIN AND SUFFERING FAILS TO STATE A CAUSE OF ACTION ……….  14

VI.  PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS TIME BARRED AND ENTIRELY FAILS TO STATE A CAUSE OF ACTION ………………………  14

i

VII.    PLAINTIFF'S CLAIM FOR DEFAMATION IS TIME BARRED
        AND ENTIRELY FAILS TO STATE A CAUSE OF ACTION ….         15

CONCLUSION          …………………………………………………………………          17

## TABLE OF AUTHORITIES

Angola v. Civiletti, 666 F.2d 1, 4 (2d Cir. 1981)   …………………………………   9

Arena v. Department of Social Services of Nassau County
 216 F.Supp.2d 146 (E.D.N.Y. 2002)   …………………………   7

Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996) ………………………..   15

Bender v. City of New York, No. 09 Civ. 3286   …………………………………   9
 (BSJ), 2011 WL 4344203, at *1 (S.D.N.Y. Sept. 14, 2011)

Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2784-85
 73 L.Ed.2d 534 (1982)   …………………………………………..   7

Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997)   …………………………   8

Cestone v. Harkavy, 243 A.D. 732 (2d Dep't 1935) …………………………………   13

Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) ………………   9

Colantonio v. Mercy Med Ctr., 115 AD3d 902, 903 (2nd Dep't 2014) ………………..   16

Cook v. Sheldon, 41 F.3d 73, 79–80 (2d Cir.1994) …………………………………   12

Cuellar v. Love, 2014 U.S. Dist. LEXIS 51622, 2014 WL 1486458, *5
 (S.D.N.Y. April 11, 2014)   …………………………………………..   14

Cummins v. County of Onondaga, 84 N.Y.2d 322 (1994) ……………………………   14

Daniel v. Safir, 135 F.Supp.2d 367 (EDNY 2001)   …………………………………   7

DeCrenza v. Children's Law Ctr., No. 14 CIV. 3921 (KBF),
 2014 WL 12783237, (S.D.N.Y. June 6, 2014) …………………………………   8, 11

Diaz v. City Univ. of New York, 2014 U.S. Dist. LEXIS 184757 (S.D.N.Y. 2014) ……   15

Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir. 1993) …………………………..   7, 9

Elmasri v. England, 111 F.Supp.2d 212 (E.D.N.Y. 2000) ……………………………   7

Erbacci, Serone & Moriarty, Ltd. v. United States, 939 F.Supp 1045 (S.D.N.Y. 1996).   7, 8

Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155 (1978) ……………………………   8

Foster v. Churchill, 87 N.Y.S 2d 744, 751 (1996) …………………………………   16

Hakala v. Van Schaick, 171 Misc. 418 ……………………………………………… 13

Havell v. Islam, 292 A.D.2d 210, 210, 739 N.Y.S.2d 371, 372 (1st Dep't 2002) ………….. 14

Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993) ………. 15

*Iqbal*, 556 U.S. at 679 ……………………………………………………… 5

Jean-Laurent v. Wilkerson, 461 F. App'x 18 (2d Cir. 2012) …………………………. 9

Kopec v. Coughlin, 767 F.Supp. 467 (S.D.N.Y. 1991) ……………………………….. 5

Koulkina v. City of New York, 559 F. Supp. 2d 300 (S.D.N.Y. 2008) ……………….. 8, 10

Lugar v. Edmondson Oil Company, 457 U.S. 922, 102 S.Ct. 2744,
   73 L.Ed.2d 482 (1982)  …………………………………………….. 7, 8

Lugar v. Edmondson Oil Company, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753-54 (1982)

Mascarella v. Brown, 813 F. Supp. 1015 (S.D. N.Y. 1993) …………………………… 13

McDarby v. Dinkins, 907 F.2d 1334 (2nd Cir. 1990) …………………………….. 7

Milione. City Univ. of N.Y.,950 F.Supp. 2d 704, 713-714 (S.D.N.Y. 2013) ………….. 6

Neufeld v. Neufeld, 910 F. Supp. 977, 981 (S.D.N.Y. 1996) ……………………………. 14

Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001) … 6

RCC Ventures, LLC v. Am. DG Energy, Inc., 2018 WL 7 1415219, at
   *2 (S.D.N.Y. Mar. 19, 2018) …………………………………………… 6

Rinaldi v. Holt, 42 NY2d 369, 379 (1977)  ……………………………………… 16

Rosenberg v. Metlife, Inc., 8 NY3d 359, 365, (2007) ………………………………... 17

Samuels v. Air Transp. Local, 504, 992 F.2d 12, 15 (2d Cir.1993) ……………………. 6

Santan-Morris v. New York Univ. Med. Ctr., 1996 U.S. Dist. LEXIS 18237,
   1996 WL 709577, *2 (S.D.N.Y. Dec. 10, 1996)  ……………………………. 14

Savino v. City of New York, 331 F.3d 63, 76 (2d Cir.2003) ……………………………. 12

Seltzer v. Fields, 20 AD2d 60, 63 (1st Dep't 1963)  …………………………………. 17

Sexter & Warmflash, P.C. v. Margrabe, 38 AD3d 163, 172 (1st Dep't 2007) …………. 17

iv

Silver v. Kuehbeck, 2005 U.S. Dist. LEXIS 26956,
    2005 WL 2990642, *7 (S.D.N.Y. Nov. 7, 2005) ……………………………….. 15

Solomon v. City of New York, 66 N.Y.2d 1026 (1985) …………………………… 13

Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) …………………………….. 15

Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992) ………………….. 12

Spinale v. USDA, 621 F. Supp. 2d 112 (S.D.N.Y. 2009) ………………………….. 11

Ticketmaster Corp. v. Lidsky, 245 AD2d 142, (1st Dep't 1997) ………………….. 17

United Mine Workers v. Gibbs, 38 U.S. 715, 726 (1966) ………………………….. 6

United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen
    & Helpers of America, 941 F.2d 1292 (2nd Cir. 1991) …………………………. 7

Vernes v. Phillips, 266 N.Y. 298, (1935) …………………………………………….. 13

Valva v. Valva, Index No. 203503/2015 …………………………………………….. 2

Warren, 33 F. Supp. 2d at 177 ……………………………………………………….. 9

Statutes

28 U.S.C. 1367    ……………………………………………….. 6
42 U.S.C. § 1983    ……………………………………………….. 7, 8, 11

Rules

CPLR § 215 [3]    ……………………………………………….. 16
Rule 12(b)(6)    ……………………………………………….. 5
Rule 12(c)    ……………………………………………….. 5

## PRELIMINARY STATEMENT

It is respectfully submitted that the Complaint must be dismissed, with prejudice, as Plaintiff failed to state a single federal or state cognizable claim upon which relief may be granted. To that end, it is indeed Plaintiff's inactions that led to the grant of temporary custody in favor of her husband as opposed to the actions of these moving Defendants or their alleged conspirators. Indeed, Defendants cannot be found liable in the course of zealous representation in a Divorce Proceeding where they never owed a duty to Plaintiff.

## STATEMENT OF FACTS

On or about June 16, 2020, Defendant Michael Valva ("VALVA") commenced a Divorce Proceeding against Plaintiff, Justyna Zubko-Valva ("ZUBKO"). (Exhibit "H"). Representing VALVA were these moving Defendants, Shanna Curti, ESQ. of Orsetti & Curti, PLLC (collectively referred to as "CURTI"). VALVA and ZUBKO had three children together, A███████, T█████ and A█████ ("CHILDREN"). On March 18, 2016, the Hon. Fran Ricigliano appointed Defendant Donna McCabe, Esq. ("MCCABE") as Attorney for the CHILDREN. (Exhibit "I"). Thereafter, on July 26, 2016, the Hon. Fran Ricigliano issued an order appointing a forensic evaluation to determine the parties' psycho-social backgrounds, capacity for parenting and needs of each of the three CHILDREN. (Exhibit "J"). The order was to be complied with within ninety days which included having the CHILDREN interviewed by the forensic evaluator. To that end, as ZUBKO retained custody, she was directed to make the appointment with the forensic evaluator for the CHILDREN.

In the meantime, CURTI represented VALVA in a real estate transaction and the mortgage broker requested a letter. CURTI had provided two prior letters on September 20, 2016 and May 30, 2017, both of which were identical except for the property addresses. (Exhibit "D"). The third

letter, dated July 7, 2017, annexed to the Complaint, for the first time provided an elaborate explanation of VALVA's custody proceeding ("Letter"). (Exhibit "E"). But yet, the Letter is in a different font (does not match the signature line), with an incomplete letterhead (the bottom is not present) and the signature is identical to the September 20, 2016 letter. Indeed, ZUBKO has already attempted to use this same Letter to suggest the same conspiracy in the Divorce Proceeding now alleged herein. To that end, on June 27, 2019, the Hon. Joseph Lorintz, Supreme Court, Nassau County, in the case of <u>Valva v. Valva</u>, Index No. 203503/2015, opined, in part, as follows:

> The letter dated July 7, 2017 does not prove that the Plaintiff's counsel is part of a plot against the Defendant. Moreover, the Plaintiff's counsel denied that she wrote it. Upon closer examination, it appears to this Court that the signature on the letter dated September 20, 2016 is the same signature that appears on the letter dated July 7, 2017. The phrasing is also inconsistent with counsel's writing in the other letter and in submission to this Court. Moreover, the letter erroneously states that the marital property would be sold during the ongoing divorce litigation. Thus, it is possible that someone other than the Plaintiff's attorney, who had access to the letter dated June 20, 2016, fabricated the letter and provided it to the mortgage company in July 2017. Thus, the letter is less evidence of a conspiracy than it is of fraud and forgery. (Exhibit "F").

Following this decision, ZUBKO never attempted to prove the authenticity of the Letter. Most importantly, it is also suspicious how ZUBKO obtained a copy of the Letter that was part of a private real estate transaction to which she was not a party.

In the meantime, the matter was transferred to co-Defendant, Hon. Hope Schwartz Zimmerman ("HON. ZIMMERMAN"). A hearing was held on September 6, 2017, over a year after the Court directed a forensic evaluation which had yet to take place. Moreover, ZUBKO also failed to schedule a meeting with the CHILDREN and MCCABE. A hearing was held on the record prompting a further Order of the same date. (Exhibit "G"). The Order suspended ZUBKO's access to the CHILDREN and granted VALVA temporary custody. The Order referenced the hearing on

the record which outlined why ZUBKO lost access to the CHILDREN, the letter was never

addressed. The HON. ZIMMERMAN rendered her decision as follows:

> THE COURT: …Mrs. Valva, you've got a lot of problems here. I'm
> not suggesting for a moment that Mr. Valva doesn't have problems
> in this case. You both have a lot of problems. I don't believe that my
> orders are being obeyed. … Mrs. Valva, I need to get to trial. I can't
> try this case until there's a forensic examination. I am extremely
> concerned that your children are not going to school. An eight-year-
> old who goes to Manhattan, where there is a public school in your
> neighborhood..…
>
> MS. McCABE: …These parties have joint legal custody and there's
> no determination of custody…..I believe it might be time for this
> Court to make a change in custody at this point. ….
> THE COURT: So your application is for an immediate change in
> custody?
> MS. McCABE: Yes, Judge, until we get the forensic back. …
>
> THE COURT: …I am not making any final determinations, I want
> you to understand that. But there's certain things that have to be
> done in terms of preparing this case for trial and getting the children
> organized, and until that happens, I can't have the trial. So I'm
> awarding temporary, temporary custody of the children to the
> father… I've listened to this carefully, and based on my reading of
> the papers and my listening to this -- I'm pointing to a thumb drive
> – I am awarding the father temporary, temporary custody. (Exhibit
> "G").

Keeping this in mind, Plaintiff is attempting to deem CURTI and MCCABE state actors

by way of attempting to allege a conspiracy with HON. ZIMMERMAN as they are indeed private

actors. The only item alleged by Plaintiff that improperly suggests that CURTI was part of this

alleged conspiracy was the Letter. Otherwise, there are no factual allegations suggestive of same.

To that end, the Complaint states in pertinent part:

> In the summer of 2017, Defendant Shana Curti, Esq., together with
> Defendant McCabe, willfully conspired with Michael Valva --
> whom Curti was representing in the divorce proceedings -- to
> fabricate abuse claims against Plaintiff, and thereby help Valva gain
> substantial benefits in the divorce case, such as custody of the

couple's three children, as well as sole possession of the marital residence, and to completely destroy Plaintiff's life.

In furtherance of this conspiracy, Defendant Curti sent a letter dated July 7, 2017 to United Mortgage Corporation, 25 Melville Park Road, Ste 110, Melville New York, in which she stated -- without any lawful basis for making such a claim -- that Plaintiff would lose custody of her children, and that Valva would be granted full and exclusive custody of the children.

Specifically, in this letter, Defendant Curti wrote that "based off of the current situation, Mr. Valva will be receiving close to 100% custody of his 3 children.  She might be entitled to supervised visits. His kids will be living with him at 11 Bittersweet Lane, Center Moriches NY 11934."

Thus,  defendant Shana Curti, Esq., as attorney for Michael Valva, already knew, two (2) months prior to the issuance of the Temporary Custody Order dated 9/06/17, that Nassau County Supreme Judge Zimmerman was going to unlawfully and immediately take Plaintiff's three (3) children away from her, based on issuing a fictional temporary Full Stay Away Order of Protection against Plaintiff that was not recorded in the Court's minutes during the Court appearance on September 6, 2017, nor was it recorded in the Department of Justice Registry or Police Registry.

Further, two (2) months prior to the issuance of the Temporary Custody Order dated 9/06/17, defendant Shana Curti, Esq. already knew that Plaintiff was not going to be allowed to have ANY contact with her children, and that she might be entitled ONLY to supervised visitations, two (2) months before such a ruling was ever made.  Further, Curti already knew that Valva was going to have sole possession of the marital residence at 350 North Corona Avenue, Apt. 25, Valley Stream, N.Y. 11580.

The reason why Shana Curti knew that Valva would receive 100% custody of her 3 children was because she knew that Valva was planning -- with Curti and McCabe's full knowledge, consent and assistance -- on making false allegations of child abuse against Plaintiff with the Suffolk County Child Protective Services bureau, in order to justify the unlawful removal of Plaintiff's children from under her care and custody.

In furtherance of this unlawful plan, on August 31, 2017, Curti filed an Order to Show Cause ("OSC") seeking, inter alia, a change in parental custody rights.  The OSC filed by Curti, on behalf of Valva,

4

was rife with blatant lies, misrepresentations, and material omissions of fact.

On the same day, August 31, 2017, Plaintiff also filed an Order to Show Cause seeking a Temporary Restraining Order, asking for temporary custody over Plaintiff's children, since she was becoming increasingly concerned over the health, safety and welfare of her three children when they were in the presence of Valva and Pollina. (P. 11-13)

Based on a review of the Complaint, the only fact provided by ZUBKO to attempt to plead a conspiracy is the fraudulent Letter. Otherwise, she merely points at CURTI who was zealously representing her client in the very contentious Divorce Proceeding. Indeed, there is not a single fact, act, communication and/or action pled by ZUBKO that joins CURTI with the HON. ZIMMERMAN in an alleged conspiracy.

## PROCEDURAL HISTORY

This action was commenced on June 16, 2020 by way of Summons and Complaint. (Exhibit "A"). On July 14, 2020, issue was joined on behalf of Defendants, Shana Curti, Esq. and Orsetti & Curti PLLC. On August 16, 2020, the Defendants, Shana Curti, Esq. and Orsetti & Curti PLLC filed a request for a Pre-Motion Conference permitting Defendants to move to dismiss all claims alleged in the Complaint. The Court granted the Defendants' request and said Conference was held on October 20, 2020. To that end, Judge Joan M. Azrack granted Defendants' request and indeed, recognized that several of the motions were meritorious and would assist with dismissing improper parties. At the Court's request, a Scheduling Order was submitted directing that Defendants file their motions to dismiss by December 18, 2020.

## APPLICABLE STANDARD

The standard applied to a Rule 12(c) motion for judgment on the pleadings is the same standard applicable to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief

5

can be granted. *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 126 (2nd Cir. 2001). In resolving a motion to dismiss for failure to state a claim upon which relief can be granted, the court is limited to the factual allegations in the Plaintiff's complaint and must accept the Plaintiff's allegations of fact as true, together with such reasonable inferences as may be drawn in Plaintiff's favor. *Patel, supra* at page 126.

The Court must determine whether the complaint as plead is legally sufficient, and not to weigh the evidence that might be presented at trial. The court is limited in its analysis to the four corners of the complaint. *Kopec v. Coughlin*, 767 F.Supp. 467 (S.D.N.Y. 1991). Moreover, "[a] complaint cannot survive a motion to dismiss if 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *RCC Ventures, LLC v. Am. DG Energy, Inc.,* 2018 WL 7 1415219, at *2 (S.D.N.Y. Mar. 19, 2018), (quoting *Iqbal*, 556 U.S. at 679). For a motion to dismiss, the court may consider "facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local,* 504, 992 F.2d 12, 15 (2d Cir.1993).

If the federal claims fail, the Court should not exercise supplemental jurisdiction over the plaintiff's state law claims. See 28 U.S.C. 1367; see also *United Mine Workers v. Gibbs*, 38 U.S. 715, 726 (1966); *Milione. City Univ. of N.Y.,* 950 F.Supp. 2d 704, 713-714 (S.D.N.Y. 2013). Courts have repeatedly held that the dismissal of plaintiff's federal claims deprives the federal court of supplemental jurisdiction over the plaintiff's remaining state law claims. *Id*.

These well-settled principles mandate the dismissal of all claims asserted in the Complaint against Defendants.

**LEGAL ARGUMENT**

I.    **DEFENDANTS ARE NOT STATE ACTORS, DID NOT ACT UNDER "COLOR OF STATE LAW" AND, THEREFORE, CANNOT BE HELD LIABLE UNDER 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides in pertinent part that "every person who, under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunity secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."

To state a claim under § 1983, a Plaintiff must allege that the challenged conduct was attributable, at least in part, to a person acting under color of state law. *Lugar v. Edmondson Oil Company*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Elmasri v. England*, 111 F.Supp.2d 212 (E.D.N.Y. 2000); *Arena v. Department of Social Services of Nassau County*, 216 F.Supp.2d 146 (E.D.N.Y. 2002); *Dwares v. City of New York*, 985 F.2d 94, 98 (2nd Cir. 1993); *McDarby v. Dinkins*, 907 F.2d 1334 (2nd Cir. 1990).

A litigant who claims that his or her constitutional rights have been violated must first establish that the challenged conduct amounts to "state action." *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2784-85; 73 L.Ed.2d 534 (1982); *United States v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 941 F.2d 1292 (2nd Cir. 1991); *Daniel v. Safir*, 135 F.Supp.2d 367 (EDNY 2001); *Erbacci, Serone & Moriarty, Ltd. v. United States*, 939 F.Supp 1045 (S.D.N.Y. 1996). "To qualify as state action, the conduct in question must be caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Erbacci, Serone &*

*Moriarty, Ltd.*, 939 F.Supp. 1045, 1054 (quoting *Lugar v. Edmondson Oil Company*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753-54 (1982)). As such, in order to state a cognizable claim under Section 1983, a Plaintiff must allege that he has been deprived of a federally protected right by someone acting under the color of state law. 42 U.S.C. § 1983; *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978). Indeed, there are no exceptions.

Private counselors typically do not qualify as state actors under § 1983. See, e.g., *Koulkina v. City of New York*, 559 F. Supp. 2d 300 (S.D.N.Y. 2008).  In *DeCrenza v. Children's Law Ctr.*, No. 14 CIV. 3921 (KBF), 2014 WL 12783237, (S.D.N.Y. June 6, 2014), the defendants were employees of the Children's Law Center, who were appointed by the Court to represent the Plaintiff's daughter during custody proceedings. The Court held that the defendants were not state actors under § 1983.  *Id* at 3.

Importantly, Courts have held that unsupported, speculative and conclusory allegations in a Complaint cannot support an actionable conspiracy under § 1983.  See, *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997).

Here, CURTI was a private attorney for VALVA, representing him in the underlying Divorce Proceeding. Based on the well-settled law, CURTI cannot be deemed a state actor or viewed as acting under the color of the law in her capacity as a private attorney for VALVA in the Divorce Proceeding. As such, all claims in the Complaint pled under § 1983 must be dismissed.

Once again, Plaintiff cannot bring a claim under § 1983 against CURTI, absent a showing of factual allegations showing that CURTI willfully collaborated with an official state actor in the deprivation of a federal right, which Plaintiff failed to do for the reasons set forth below.

## II.   DEFENDANTS DID NOT ACT UNDER THE COLOR OF LAW AND THERE ARE NO ALLEGED FACTS TENDING TO SHOW THAT SHE ENTERED INTO AGREEMENT TO ACHIVE UNLAWFUL END THUS THE CONSPIRACY CLAIM MUST FAIL

To the extent the Complaint can be read to assert a conspiracy theory of liability against Defendants, it fails to state a claim.

42 U.S.C.S. § 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be deprived of any rights, privileges, or immunities secured by the Constitution and laws of the United States. In order to state a claim under § 1983, a Plaintiff must allege facts showing (i) an agreement between two or more state actors or between a state actor and a private entity (ii) to act in concert to inflict an unconstitutional injury, and (iii) an overt act done in furtherance of that goal causing damages.  See *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

Conspiracy claims are "so easily made and can precipitate such protracted proceedings with such disruption of governmental functions" that detailed fact pleading is required. *Bender v. City of New York*, No. 09 Civ. 3286 (BSJ), 2011 WL 4344203, at *1 (S.D.N.Y. Sept. 14, 2011) (quoting Angola v. Civiletti, 666 F.2d 1, 4 (2d Cir. 1981)). In order to state a claim for conspiracy under Section 1983, the complaint must contain more than mere conclusory allegations. *Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993), *overruled on other grounds by Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012). A Plaintiff must allege "details of time and place and the alleged effect of the conspiracy." *Id*. (internal quotation marks omitted). In addition, a Plaintiff must plead facts to demonstrate that the defendants entered into an agreement, express or tacit, to achieve the unlawful end. *Warren*, 33 F. Supp. 2d at 177.

Here, the Complaint fails to allege that CURTI entered into a conspiracy with anyone, let alone a state actor or an individual acting under the color of the law. The only fact provided by

Plaintiff to attempt to plead a conspiracy is the fraudulent Letter and her conclusory interpretation of same. Otherwise, Plaintiff merely points at CURTI who was zealously representing VALVA in the very contentious Divorce Proceeding.

In fact, at a minimum, Plaintiff's claims as against CURTI are not due to any of CURTI's actions but ZUBKO's inactions prompting the temporary loss of custody. The transcript from the September 6, 2017 hearing is abundantly clear that the HON. ZIMMERMAN made her ruling based on ZUBKO's failure to comply with Court orders and directives as well as concern for the CHILDREN, nothing else.

To further demonstrate that Plaintiff's alleged conspiracy is baseless is the status of custody from the September 6, 2017 Order. The fraudulent Letter on which ZUBKO relies states that VALVA "will be receiving close to 100% custody of his 3 children." Paragraph 52 of the Complaint misstates that VALVA received 100% custody. But yet, the HON. ZIMMERMAN was clear that she was not making a final determination, but, at the time, ordered temporary custody to VALVA based on ZUBKO's inactions and concern for the CHILDREN. Indeed, ZUBKO wholly failed to plead how CURTI conspired with the HON. ZIMMERMAN as she could not plead a single date of an agreement, whether overt or tacit, that led to an unlawful end in that even the relief granted at the September 6, 2017 hearing was not in line with the statement in the fraudulent Letter.

It also appears from the review of the Complaint that the Plaintiff attempts to allege a conspiracy between CURTI and MCCABE. However, even assuming arguendo that the Plaintiff adequately pled a conspiracy between CURTI and MCCABE, private counselors, like MCCABE, typically do not qualify as state actors under § 1983. See, e.g., *Koulkina v. City of New York*, 559 F. Supp. 2d 300 (S.D.N.Y. 2008). MCCABE was not a state actor simply because her firm was

appointed by the Family Court. See *DeCrenza* at 3. Thus, the Complaint fails to plead the requisite elements showing a conspiracy under § 1983, and therefore all claims plead under § 1983 must be dismissed.

**A.  PLAINTIFF'S CLAIM FOR "STIGMA PLUS" UNDER 42 U.S.C. § 1983 MUST BE DISMISSED BECAUSE THE DEFENDANTS ARE NOT STATE ACTORS DO NOT ACT UNDER "COLOR OF STATE LAW."**

For "Stigma Plus," a plaintiff must plead (1) the utterance of a statement sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false, and (2) a material state-imposed burden or state-imposed alteration of the Plaintiff's status or rights. *Spinale v. USDA*, 621 F. Supp. 2d 112 (S.D.N.Y. 2009).

Here, as noted above, CURTI was not a state actor and did not act under the color of the law, nor did CURTI engage in a conspiracy with any state actor or person acting under the color of the law. Moreover, the Complaint fails to provide non conclusory factual allegations that demonstrate what false statements were made by CURTI. Thus, Plaintiff's claim for "Stigma Plus" must be dismissed.

**B.  PLAINTIFF'S CLAIM FOR FABRICATION OF EVIDENCE/DENIAL OF THE RIGHT TO A FAIR TRIAL UNDER 42 U.S.C. § 1983 MUST BE DISMISSED BECAUSE THE DEFENDANTS ARE NOT STATE ACTORS DO NOT ACT UNDER "COLOR OF STATE LAW."**

For a claim for fabrication of evidence and denial of the right to a fair trial, under 42 U.S.C. § 1983, the Plaintiff must establish that the CURTI was a state actor or under the color of the law. Here, Plaintiff alleges in a conclusory fashion that CURTI violated her due process rights when she conspired with MCCABE and the Court to award her client's full custody. Again, CURTI was not a state actor and did not act under the color of the law, nor did CURTI engage in a conspiracy with any state actor or person acting under the color of the law.

Moreover, there was a lengthy judicial process, involving various judges, and the HON. ZIMMERMAN made a determination based on the available record, all submitted evidence, inlduing from ZUBKO, and order from a prior Judge. CURTI cannot be held liable for HON. ZIMMERMAN'S decision, a decision in which she admitted that both parties had problems with their case. CURTI's obligation in the Divorce Proceeding was to zealously represent VALVA and his interests. As such, Plaintiff's claim for Fabrication of Evidence/Denial of the Right to a Fair Trial must be dismissed.

### III.   PLAINTIFF FAILS TO PLEAD ANY OF THE REQUISITE ELEMENTS OF THE MALICIOUS PROSECUTION CLAIM AND THE MALICIOUS ABUSE OF PROCESS CLAIM.

As a threshold matter, Plaintiff is barred from bringing a § 1983 claim predicated on malicious prosecution because, during the Family Court proceedings, Plaintiff was not subject to criminal liability.  See *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992).  Because she was subject only to civil liability, "any abuse would have been malicious abuse of process rather than malicious prosecution."  Id.  "While section 1983 liability may be predicated on a claim for malicious prosecution … it may not be predicated on a claim for malicious abuse of process."  Id.

For a § 1983 claim for malicious abuse-of-process, a plaintiff must establish the claim's elements under state law as well as the deprivation of a constitutional right. See *Cook v. Sheldon,* 41 F.3d 73, 79–80 (2d Cir.1994). Under New York State law, plaintiff must establish that the defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse [or] justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir.2003) (quoting *Cook*, 41 F.3d at 80);

Here, CURTI was not a state actor and did not act under the color of the law, nor did CURTI engage in a conspiracy with any state actor or person acting under the color of the law.

Moreover, the Plaintiff failed to satisfy the elements of malicious abuse of process. First, as mentioned above, CURTI was the private attorney for VALVA in the Divorce Proceeding and her duty was to represent her client zealously. Under no interpretation of the facts alleged in the Complaint can CURTI be deemed to have been acting with the intent to do harm without excuse or justification as against ZUBKO. Second, CURTI's objective in the Divorce Proceeding was to represent VALVA, which she did zealously. Nothing about CURTI's representation of VALVA contained within the Complaint or Court records shows that CURTI was somehow seeking a collateral objective outside the legitimate ends of the process of the Divorce Proceeding. Therefore, Plaintiff's claim for Malicious Abuse of Process must be dismissed.

## IV. PLAINTIFF FAILS TO PLEAD WRONGFUL DEATH AND NEGLIGENCE AGAINST THE DEFENDANTS, AS THE DEFENDANTS OWED PLAINITFF NO DUTY.

In order to establish a prima facie case of negligence, a Plaintiff must first demonstrate the existence of a duty owed by the defendant to the plaintiff.  See, *Solomon v. City of New York*, 66 N.Y.2d 1026 (1985). It is well established that "an attorney owes no duty to third persons for acts committed bona fides in the performance of his obligation to his client (*Hakala v. Van Schaick*, 171 Misc. 418) and this remains the rule even where negligence results in damage to the third party. *See Vernes v. Phillips*, 266 N.Y. 298, (1935).

The wrongful death statue is applied to cases of death resulting from personal injuries caused by the negligence of another. See, *Mascarella v. Brown*, 813 F. Supp. 1015 (S.D. N.Y. 1993); *Cestone v. Harkavy*, 243 A.D. 732 (2d Dep't 1935). An essential element of a wrongful

death action is the negligence of a defendant causing the death. *Id*. Moreover, in order to state a wrongful death claim under a negligence theory, the Plaintiff must establish a duty.

Here, CURTI was the attorney for VALVA in the Divorce Proceeding. The Plaintiff and CHILDREN were separately and CURTI had no privity with them. CURTI only had a duty to her client, VALVA. As such, CURTI owed no duty to the Plaintiff or the child(ren). Thus, the Plaintiff's claim for Wrongful death and Negligence must be dismissed.

### V.   PLAINTIFF'S CLAIM FOR CONCIOUS PAIN AND SUFFERING FAILS TO STATE A CAUSE OF ACTION.

Conscious pain and suffering is not an independent viable cause of action, but part of damages, and therefore must be dismissed. See e.g., *Cummins v. County of Onondaga*, 84 N.Y.2d 322 (1994).

### VI.   PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS TIME BARRED AND ENTIRELY FAILS TO STATE A CAUSE OF ACTION.

The claim of intentional infliction of emotional distress (hereinafter "IIED") should be dismissed on both the substantive and procedural grounds, as it was filed beyond the statute of limitations period, and it fails to state a cause of action.

Under New York law, a claim of IIED is subject to a one-year statute of limitations. See, e.g., *Havell v. Islam,* 292 A.D.2d 210, 210, 739 N.Y.S.2d 371, 372 (1st Dep't 2002); *Cuellar v. Love*, 2014 U.S. Dist. LEXIS 51622, 2014 WL 1486458, *5 (S.D.N.Y. April 11, 2014); *Santan-Morris v. New York Univ. Med. Ctr.,* 1996 U.S. Dist. LEXIS 18237, 1996 WL 709577, *2 (S.D.N.Y. Dec. 10, 1996); *Neufeld v. Neufeld*, 910 F. Supp. 977, 981 (S.D.N.Y. 1996).

Here, the Plaintiff filed the Complaint on July 14, 2020. The allegations giving the basis to the suit arose out of the "fabrication of the abuse claims" allegedly made by CURTI during the Divorce Proceeding which led to her client, VALVA, obtaining a full custody of the children. This

fabrication was allegedly made in the summer of 2017, as per the Complaint. Applying the applicable one-year statute of limitations, the time within which the Plaintiff could have brought the claim expired in the summer of 2018. As such, the Plaintiff is procedurally precluded from bringing the cause of action of IIED.

Notwithstanding the procedural bar, the Plaintiff's IIED claim also fails to satisfy any of the requisite elements. A claim of IIED has four elements: (1) extreme and outrageous conduct; (2) an intent to cause (or disregard of a substantial probability of causing) severe emotional distress; (3) a causal connection between the conduct and the injury and (4) severe emotional distress. *Diaz v. City Univ. of New York*, 2014 U.S. Dist. LEXIS 184757 (S.D.N.Y. 2014), see also *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993). Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996); *Silver v. Kuehbeck*, 2005 U.S. Dist. LEXIS 26956, 2005 WL 2990642, *7 (S.D.N.Y. Nov. 7, 2005).

As this tort imposes liability based upon after-the fact judgments about the actor's behavior, the requirements of the rule are rigorous and difficult to satisfy. *Howell v. New York Post Co., Inc.,* 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993). In fact, liability should only be found where the conduct is so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and be utterly intolerable in a civilized community. *Stuto v. Fleishman,* 164 F.3d 820, 827 (2d Cir. 1999). When the alleged conduct falls short of being extreme and outrageous, no claim for intentional infliction of emotional distress can be maintained. *Id.*

## VII.  PLAINTIFF'S CLAIM FOR DEFAMATION IS TIME BARRED AND ENTIRELY FAILS TO STATE A CAUSE OF ACTION.

Under New York law, Defamation is "the making of a false statement which tends to expose the Plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in

15

society." *Foster v. Churchill*,87 N.Y.S 2d 744, 751 (1996) (quoting *Rinaldi v. Holt*, 42 NY2d 369, 379 (1977). The statute of limitations applicable to defamation claims is one year (CPLR § 215 [3]), and generally accrues on the date of the first publication. *Colantonio v. Mercy Med Ctr.*, 115 AD3d 902, 903 (2nd Dep't 2014).

A Court is entitled to determine on a motion to dismiss whether statements are privileged. See, *Ticketmaster Corp. v. Lidsky*, 245 AD2d 142, (1st Dep't 1997). A challenged communication is protected by absolute litigation privilege when it is made by an individual participating in a public function, such as executive, legislative, judicial or quasi-judicial proceedings. See, *Rosenberg v. Metlife, Inc.*, 8 NY3d 359, 365, (2007). If a statement is pertinent to litigation, it is privileged regardless of "any malice, bad faith, recklessness or lack of due care with which it was spoken or written, and regardless of its truth or falsity." See, *Sexter & Warmflash, P.C. v. Margrabe*, 38 AD3d 163, 172 (1st Dep't 2007). "The test to determine whether a statement is pertinent to litigation is extremely liberal, such that the offending statement, to be actionable, must have been outrageously out of context." *Seltzer v. Fields*, 20 AD2d 60, 63 (1st Dep't 1963).

Here, the Plaintiff filed the Complaint on July 14, 2020.  The allegations giving the basis to the suit arose out of the "fabrication of the abuse claims" allegedly made by CURTI during the Divorce Proceeding which led to her client, VALVA, obtaining a full custody of the children. This fabrication was allegedly made in the summer of 2017, as per the Complaint. Applying the applicable one-year statute of limitations, the time within which the Plaintiff could have brought the claim expired in the summer of 2018. As such, the Plaintiff is procedurally precluded from bringing the cause of action of Defamation.

Moreover, the alleged statements made by CURTI during the Divorce Proceeding was in her capacity as the attorney for VALVA during the course of litigation. As such, it is privileged

16

regardless of any malice, bad faith, recklessness or lack of due care with which it was spoken or written, and regardless of its truth or falsity. Thus, Plaintiff's claim for Defamation must be dismissed.

## **CONCLUSION**

Defendants respectfully submit that the Complaint, on its face, must be dismissed in its entirety, with prejudice. Notwithstanding a liberal interpretation of the of the law and facts in Plaintiff's favor, Plaintiff never alleged the necessary elements of any of the multiple Federal or State claims. Indeed, Defendants are not state actors and the Complaint fails to allege an overt or tacit act of a conspiracy which would even suggest that they conspired with a state actor. For the same reasons, the State claims also fail and, in part, are also procedurally barred. That being said, should the Court choose not to dismiss these claims, then it is further respectfully requested that supplemental jurisdiction not be exercised.

Dated: Garden City, New York
      December 17, 2020

                        Respectfully submitted,

                        VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP

                        By:    *Anna I. Hock*

                              Anna I. Hock - 9249

                              *Joseph Muscarella*

                              Joseph Muscarella - 8482

                        *Attorneys for Defendant*

                        SHANA CURTI, ESQ.  and ORSETTI & CURTI PLLC

                        300 Garden City Plaza, Suite 308

                        Garden City, NY 11530

                        (516) 282-3355