UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTYNA ZUBKO-VALVA, as Mother and
Natural Guardian of ANTHONY VALVA and
ANDREW VALVA, and as Administratrix of the
Estate of THOMAS VALVA, and JUSTYNA
ZUBKO-VALVA individually,

                                                                         Plaintiff,      **20-cv-2663 (JMA)(ARL)**

-against-

THE COUNTY OF SUFFOLK, et al.

                                                                         Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT
## OF COUNTY DEFENDANTS' MOTION PURSUANT
## TO F.R.C.P RULE 12(b)(6)

Dated: Hauppauge, New York
        June 18, 2021

                                                          Respectfully,

                                                          Dennis M. Cohen
                                                          Suffolk County Attorney
                                                          Attorney for County Defendants
                                                          H. Lee Dennison Building
                                                          100 Veterans Memorial Highway
                                                         P.O. Box 6100
                                                         Hauppauge, New York 11788

                BY:      *Brian C. Mitchell*
                                         Brian C. Mitchell
                                         Assistant County Attorney

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

POINT I
THE COMPLAINT FAILS TO ALLEGE A DENIAL OF DUE PROCESS
BASED ON THE "STATE CREATED DANGER" THEORY ...........................................2

POINT II
THE PLAINTIFF DID NOT SUFFER A DEPRIVATION OF LIBERTY
SUFFICIENT TO SUPPORT A MALICIOUS PROSECUTION CLAIM ..........................5

Probable Cause.................................................................................................................. 6

Absolute Immunity ............................................................................................................ 7

Abuse of Process, Fair Trial and Stigma Plus claims..........................................................7

POINT III
PLAINTIFF DID NOT COMPLY WITH THE
REQUIREMENTS OF GEN. MUN. LAW § 50......................................................................8

CONCLUSION ............................................................................................................................. 9

## PRELIMINARY STATEMENT

Defendants the County of Suffolk, Suffolk County Department of Social Services employees Michele Clark, Edward Heepe, Robert Leto, Jennifer Lantz, Melissa Estrada, Lydia Sabosto, Jean Montague and Assistant Suffolk County Attorney Randall Ratje, defendants in this civil rights action pursuant to 42 U.S.C. §1983 ("County defendants") submit this reply memorandum of law in support of their motion pursuant to Fed.R. Civ. P. Rule 12(b)(6) for an order dismissing the complaint as against them for failure to state a claim upon which relief can be granted as against them.

In her opposition to the County's motion the plaintiff continually relies upon the claim that the conduct of the Suffolk County defendants resulted in a denial of the custody of her children. However, and as shown by the attached exhibits, the custody status of the plaintiff's children was established through the Nassau County Supreme Court as part of the plaintiff's separate and unrelated matrimonial action. Moreover, in his decision on the Neglect proceedings against the plaintiff, Judge Cheng specifically notes that custody of the children was not a consideration for the Court, and that it had already been determined by the Nassau Court. Yet, throughout her memorandum in opposition, the plaintiff repeatedly asserts that her right with regard to the custody of her children were violated by the Suffolk County defendants, and uses this erroneous perception as the basis for her opposition to the County's motion.

Similarly, the plaintiff alleges that a substantive due process claim can proceed based upon the acts of Michael Valva under the "state created danger" theory of liability. Plaintiff claims that the conduct of the several County CPS workers somehow emboldened Valva to act in abusing his children. Again, without any facts to support her argument, the plaintiff puts forth purely speculative claims that, somehow, Valva was aware of inaction taken by CPS on complaints made against him, and that there was a level of camaraderie between the CPS

1

workers and Valva, that would give rise to a substantive due process claim. Such an assertion is wholly belied by the fact that, in response to allegations of abuse by Valva, a neglect petition was filed against him. Moreover, even if a "state created danger" claim could be construed, the conduct of the County defendants was not the sort of conscience shocking behavior that violates the constitution.

The remainder of the plaintiff's claims are equally without merit and based upon the arguments below, as well as those in our original memorandum of law, that plaintiff's complaint should be dismissed for failing to state plausible claims upon which relief can be granted.

### POINT I

### THE COMPLAINT FAILS TO ALLEGE A DENIAL OF DUE PROCESS BASED ON THE "STATE CREATED DANGER" THEORY

The complaint filed asserts a claim for a denial of substantive due process based upon an alleged failure of the defendants to protect Thomas Valva from the harm of others. Recognizing that no "special relationship" existed between the County and the plaintiff's children, and accordingly no basis for a claim of a denial of due process, the plaintiff attempts, without any substantive facts, to argue that a claim exists under the "state created danger" theory of liability.

As noted in our original memorandum in support, a state-created danger claim requires the plaintiff to plead that the municipal defendant assisted in creating or increasing the danger to the harmed individual through specific interaction with the *wrongdoer*. *Coleman v. Cty. of Suffolk*, 174 F. Supp. 3d 747 (E.D.N.Y. 2016), aff'd, 685 F. App'x 69 (2d Cir. 2017); *see also; HB v. Monroe Woodbury Central School District*, 2012 WL 4477552, at *10. There is no state created danger where the plaintiff's claim is premised upon a defendants failure to take additional actions to protect the plaintiff from harm. *HB v. Monroe Woodbury Central School District*, 2012 WL 4477552. Rather, the conduct must rise to the level of an "affirmative act"

2

that "communicates ... official sanction of private violence" to the perpetrator. *Coleman v. Cty. of Suffolk*, 685 F. App'x 69, 71 (2d Cir. 2017) *citing, Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d at 429, 435.

In an effort to create a cause of action where one otherwise does not exist, the plaintiff engages in speculative arguments in an attempt to establish a level of interaction between the County defendants and Valva that would give rise to a state crated danger theory of liability. Plaintiff's arguments fail. First, the plaintiff claims that inaction by CPS on other complaints made against Valva would have affirmatively communicated to him that he could abuse the children with impunity. However, the complaint is void of any facts to even suggest that Valva was aware of the complaints or of their outcome. Plaintiff's claim that because Valva "actively participated" in the neglect hearing against the plaintiff, it can be inferred that he would have become aware of the prior allegations, is baseless speculation. There is nothing in the complaint to even suggest that the "evidentiary productions" in the hearing against the plaintiff included the alleged prior complaints, nor is there any evidence that Valva was present in Court when this evidence was supposedly produced.

Plaintiff also tries to establish "affirmative communication" between the CPS workers and Valva that he could act without recourse through an incident where CPS was investigating a claim of abuse by Valva and he refused to speak with them. Plaintiff alleges, without a sliver of proof that the Suffolk County Police Department refused to entertain a complaint by the plaintiff because Valva was "one of its own", notwithstanding that Valva was employed by an entirely different police department (the NYPD), and there is zero evidence that any member of the Suffolk Police Department was even aware that Valva was employed as a law enforcement officer. Additionally, plaintiff herself was employed as a law enforcement officer with the New York City Corrections Department, who based on plaintiff's expansive theory of law

enforcement favoritism, should have been entitled to that same kind of preferential treatment. More significantly, plaintiff's assertion that the SCPD conduct can then somehow be transferred to the CPS defendants as proof of camaraderie with Valva, is beyond speculative and enters the realm of fantasy. Lastly, when faced with allegations of abuse by Valva, CPS actually filed a neglect petition against Valva.

The facts of this case are nothing like *Okin*, where officers frequented the bar owned by the abuser and mocked his victim in his presence. Rather, the record here reveals affirmative actions taken by defendants *against* Valva, including the filing the neglect petition for the very purpose of protecting the child victim from his abuse. *Coleman*, 685 F. App'x 69, 71 (2d Cir. 2017). Plaintiff's additional claim that defendant Mejia took no action to force Valva to comply with the court-ordered visitation (established by the Nassau Supreme Court) is baseless, as enforcement of such an order would fall to the plaintiff in her matrimonial action. Perhaps one of the most speculative arguments made by the plaintiff is that the neglect petition against her "undoubtedly impacted her custody proceedings before the a matrimonial court" (see Plaintiff's MOL in Opposition at 14), and that the conduct of CPS prevented her from regaining the custody of her children, and that this would serve to embolden Valva to cause them harm.

There are simply no facts in the complaint sufficient to establish a claim of a due process violations based upon a "state created danger" theory of liability, nor are there facts, that even if such a claim could be sustained, that the defendants' behavior was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Matican*, 524 F.3d at 155. As the Supreme Court has explained, intentionally inflicted injuries are the "most likely to rise to the conscience-shocking level." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Accordingly, the substantive due process claims must be dismissed.

4

## POINT II
## THE PLAINTIFF DID NOT SUFFER A DEPRIVATION OF LIBERTY
## SUFFICIENT TO SUPPORT A MALICIOUS PROSECUTION CLAIM

As anticipated the plaintiff claims that as a result of the neglect proceedings the plaintiff was "deprived of the custody of her children for over two years" and that this depravation would give rise to a claim for malicious prosecution, citing, *Yuan v. Rivera*, 48 F.Supp.2d 335. This argument is meritless for several reasons. First, *Yuan* involved the removal of the plaintiff's children from her custody for a period of several months. As noted throughout our supporting papers, the plaintiff's custody status *vis-a-vis* her children was established in her matrimonial action, and the neglect proceeding in Suffolk County Family Court had no impact on the Nassau Court's determination. Moreover, while *Yuan* court held that a malicious prosecution action might be available for Child Protective proceedings, it did so in a very limited fashion citing the Second Circuit pronouncement that "we do not hold that civil malicious prosecution can never give rise to a cause of action under § 1983, although we suspect it normally will not." *Yuan v. Rivera*, 48 F. Supp. 2d 335, 348–50 (S.D.N.Y. 1999)(citing *Easton v. Sundram*, 947 F.2d 1011). The Court also noted that a Malicious Prosecution action will only lie if "there is a showing of some interference with plaintiff's person or property, by the use of such provisional remedies as arrest, attachment, replevin or injunction, or other burden imposed on plaintiff beyond the ordinary burden of defending a law suit." *Yuan* at 348-350. See also, *Washington v. Cty. of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004).

The plaintiff claims that she suffered a depravation of liberty through the loss of the custody of her children. However, the neglect proceedings against her did not result in such a loss. Even if there was a "removal" based upon the issuance by the Family Court of an ex parte Temporary Order of Protection against the plaintiff, this did not constitute the violation of a

5

constitutionally protected interest, as the basis for the "removal" was confirmed by Judge Cheng on January 17, 2018 and thereafter on January 31, 2018 and March 6, 2018.

Additionally, in the child removal context, "because the law contemplates a careful balancing of interests, a parent's substantive constitutional rights are not infringed if a caseworker, in effecting a removal of a child from the parent's home, has a reasonable basis for thinking that a child is abused or neglected." *Southerland*, 680 F.3d at 152. "Where a case[ ]worker's action concerning removal of infant from parent's custody is 'incorrect or ill-advised' or where an investigation is 'faulty,' such deficiencies do not rise to the level of an unconstitutional investigation, provided that the case[ ]worker's action is 'consistent with some significant portion of the evidence before [her].' " *Orlik v. Dutchess Cnty.*, 603 F. Supp. 2d 632, 647 (S.D.N.Y. 2009) *Grullon v. Admin. for Children's Servs.*, No. 18-CV-3129 (LJL), 2021 WL 981848, at *6 (S.D.N.Y. Mar. 16, 2021). Notwithstanding the plaintiff's baseless claims that CPS 'fabricated" the allegations against her, in addition to the claims made by Valva and his girlfriend Polina, the petition is supported by evidence of admissions by the children themselves to their teacher as well as admissions by the children to CPS. Accordingly, plaintiff did not suffer a violation of a constitutionally protected interest.

### *Probable Cause*

Plaintiff's malicious prosecution claim must also fail because there was probable cause to initiate the proceeding against her. Plaintiff's claim that the defendants have waived the probable cause argument because a hearing officer later determined that a claim by Valva on October 31, 2017 was unfounded, does not vitiate the probable cause for the petition filed against the plaintiff on January 17, 2018; which as stated above was also based on statements made by the subject children to their teacher, and statements made directly to defendant Michele Clark that their mother hurt them bad and hit them.

### *Absolute Immunity*

Plaintiff claims that the defendants are not entitled to absolute immunity because they "concealed exculpatory evidence the plaintiff presented to them on December 19, 2017". (Plaintiff MOL in Opposition at 26). Presumably the plaintiff is referring to a thumb drive that she claimed had evidence favorable to her position. First, the information on the thumb drive cannot be considered "concealed" if the plaintiff possessed the material herself, and the thumb drive is referenced by the defendants in the petition and is also referenced by Judge Cheng in his decision.

Equally baseless are the plaintiff's wholly unsupported allegations that defendant Clark encouraged the children's therapist to give false testimony and that much of this conduct happened "at the behest of defendant Ratje." These are the very kind of conclusory arguments that Ashcroft held do not meet the plausibility requirements of Fed.R.Civ.P Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### *Abuse of Process, Fair Trial and Stigma Plus claims*

The plaintiff's opposition to each of the County defendants' arguments on the claims of Abuse of Process, Denial of a Fair Trial, and Stigma-plus are all based upon the same flawed premise; that the plaintiff suffered a deprivation of liberty because she was denied the custody of her children. The plaintiff was not denied the custody of her children in relation to the neglect proceedings and accordingly, all these claims must be dismissed for the arguments advanced in our original memorandum of law.

7

## POINT III

## PLAINTIFF DID NOT COMPLY WITH THE REQUIREMENTS OF GEN. MUN. LAW § 50

As noted in our original memorandum of law, under New York law, "a plaintiff must file a notice of claim before suing municipal defendants in a personal injury action." *Rentas v. Ruffin*, 816 F.3d 214, 226–27 (2d Cir. 2016). "The notice of claim must set forth, *inter alia*, the nature of the claim, and must be filed within ninety days of when the claim arises." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Additionally, to comply with the statute service must be done properly. As evidenced by Exhibit B, which is the USPS Priority Mail envelope in which the Notice of Claim was ultimately received, the plaintiff served the Notice on the Suffolk County District Attorney, which does not comply with the requirements of the statute. The plaintiff asserts that service was proper because the notice of claim eventually made its way to the Office of the County Attorney. Significantly though, the notice was never actually served by the *plaintiff* on the County Attorney's Office. To overcome this fatal defect, the plaintiff cites to that portion of General Municipal Law § 50-e which provides that service will be valid if the notice is actually received by the proper person "within the time specified by this section." Gen Mun § 50-e 3(c) Regardless of how the notice eventually wound up at the County Attorney's Office, it did not arrive there within ninety days of when the claim arose. The date of the claim in the notice is January 17, 2018. The notice was not received by the County Attorney until May 20, 2021, long past the ninety day requirement. As plaintiff failed to comply with the statutory pre-requisite of filing a Notice of Claim prior to suit, the pendant State claims must be dismissed. The State claims must also be dismissed based upon the arguments advanced in our original memorandum in support.

8

## CONCLUSION

Based upon the foregoing, the Suffolk County defendants respectfully submit that the Court should grant this motion pursuant to Rule 12(b)(6) for an order dismissing the complaint for failure to state a claim upon which relief can be granted.

Dated: Hauppauge, New York
June 18, 2021

>Dennis M. Cohen
>Suffolk County Attorney
>Attorney for Suffolk County Defendants
>100 Veterans Memorial Highway
>P.O. Box 6100
>Hauppauge, New York 11788

By: */s/ Brian C. Mitchell*
Brian C. Mitchell
Assistant County Attorney