Attn: County Attorney



US POSTAGE & FEES PAID
1 LB PRIORITY MAIL RATE
ZONE 1 NO SURCHARGE
ComBasPrice

062S0011546161
FROM 10007

stamps
endicia
04/03/2020

# PRIORITY MAIL 1-DAY™

Jon L. Norinsberg, Esq., PLLC
225 Broadway, Ste. 2700
New York NY 10007

MAY 19 2020

Hauppauge, New York

**B050**

SHIP
TO:
Suffolk County District Attorney
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge NY 11788-0099

## USPS TRACKING #



9405 5118 9956 2476 2369 76

SCANNED

# NOTICE OF CLAIM

### In the Matter of the Claim of

**JUSTYNA ZUBKO-VALVA, as Mother and Natural Guardian of ANTHONY VALVA
and ANDREW VALVA, as Administratrix of the estate of THOMAS VALVA,
and JUSTYNA ZUBKO-VALVA individually,**

-against-

**THE COUNTY OF SUFFOLK, and Individual Defendants acting within the scope of their
employment under THE COUNTY OF SUFFOLK, as identified in the attached Rider.**

TO: THE COUNTY OF SUFFOLK

 **PLEASE TAKE NOTICE** that the undersigned Claimant hereby makes and demand
against the County of Suffolk, and the individually named defendants identified in Rider A,
which is annexed hereto and made a part of hereof, as follows:

1. **The Name and Post-Office Address of Each Claimant and Claimant's Attorney:**

  JUSTYNA ZUBKO-VALVA    JON L. NORINSBERG, Esq.
  350 North Corona Avenue, Apt. 25  225 Broadway, Suite 2700
  Valley Stream, New York 11580  New York, NY 10007

2. **The Nature of The Claim:** Wrongful Death, Conscious Pain and Suffering, Malicious
Prosecution, Malicious Abuse of Process, Denial of Constitutional Right to a Fair Trial,
Intentional Infliction of Emotional Distress, Negligence, Deliberate Indifference, Failure
to Intervene, Violation of Civil Rights under 42 U.S.C.§1983, violation of New York State
Social Services Law, Negligent Hiring, Training, Retention and Supervision and Negligent
Infliction of Emotional Distress.

3. **The Time When, The Place Where and The Manner In Which The Claim Arose:** On
January 17, 2020, Claimant's eight (8) year old child, Thomas Valva, froze to death in
garage at the home of his father, Michael Valva ("Valva"), after being subjected to years
of severe physical, emotional and sexual abuse by Valva and his girlfriend Angela Pollina
("Pollina"). Thomas' death was not only foreseeable, but completely preventable. For over
two years leading up to his death, Claimant had repeatedly warned Respondents that her
three young children, including Thomas and his two siblings, Anthony and Andrew, were
being tortured, beaten, starved and abused at the hands of Valva and Pollina. Specifically,
Claimant repeatedly complained to Respondents about: i) the visible physical injuries on
her children, including but not limited to, multiple bruises in green, brown, and red color,
dark red marks, coagulated blood spots, broken blood vessels, caused by Valva's severe
and brutal beatings; ii) the fact that her children were repeatedly coming to school crying

1

and hungry, and were literally begging for food at school, eating crumbs off of the table, eating out of garbage cans, and going under the bleachers in the gym to try to find food; iii) the fact that her children were repeatedly coming to school with visible dirt on their bodies, and in urine soaked clothes, for days in a row; iv) the fact that her children had experienced marked and severe weight loss since living with their father, with Anthony and Thomas having a Body Mass Index ("BMI") of only 1%; v) the fact that her children were coming to school wearing diapers – having bathroom accidents and not being able to control their bowel movements – despite having been fully potty trained since two (years) of age; vi)  the fact that the children were repeatedly  forced to sleep in subfreezing temperatures on a cement slab in the garage;  vii) the fact that the children were locked in the garage without  any food, water, pillows or blankets, and without any access to a bathroom; and viii) the fact that the children  appeared to have marked and severe loss of muscle tone throughout their bodies.

Claimant repeatedly implored Respondents to take action and remove the children from the home of Valva and Pollina.  Claimant provided Respondents with overwhelming and irrefutable evidence of abuse, including documentary evidence, audio recordings and transcriptions, photographic evidence, and medical evidence.  Further, Claimant provided Respondents with her children's own recorded statements regarding the enormous physical and mental abuse of that they were suffering at the hands of Valva and Pollina.  Claimant also specifically warned Respondents that her children were in *"enormous danger of losing their lives* by Michael Valva and Angelina Pollina."

Notwithstanding Claimant's repeated warnings, and the overwhelming evidence of abuse that Claimant had provided to Respondents as *proof* that her children were being severely abused by Valva and Pollina, Respondents did absolutely nothing. Rather than taking action to protect the children, and report the multiple complaints of abuse that had been made – as they were *required* to do under New York State Social Services Law – Respondents hid the truth about the children's health and fabricated false, misleading and dishonest reports about Claimant and her children.  Defendants not only refused to remove Claimant's children from the custody of Valva and Pollina, but also, suppressed, destroyed and falsified evidence, thereby ensuring that Claimant's children would remain with Valva. In so doing, Respondents flagrantly violated their legal duties under New York State Law and exhibited a shocking indifference to the health, safety and welfare of Claimant's children.

As a result of Respondents' negligent, reckless and intentional acts of misconduct conduct, as set forth above, Claimant's eight-year-old son, Thomas Valva, a special needs child on the Autism Spectrum Disorder, died of hypothermia on January 17, 2020, after being forced to spend the night in a freezing cold, unheated garage at Valva's home, where temperatures plummeted to 19 degrees Fahrenheit outside. Upon his arrival at the hospital, Thomas had an internal temperature of 76.1 degrees, and was completely non-responsive. Thereafter, Valva lied about the cause of Thomas' death, telling hospital workers that Thomas was "running and tripped and struck his head on the cement ground." However, the hospital workers noted that there were "no abrasions to hands or knees indicating that

the patient fell." Thomas was noted to have multiple abrasions on the top of his hairline and middle of his forehead, running down to the bridge of his nose. Some of these facial abrasions had scabs on them, indicating that they were older injuries. Further, Thomas was observed to have two large symmetrical bruises on his forehead at the Suffolk County Medical Examiner's Office. At Valva's arraignment, prosecutors revealed that Valva and Pollina had in fact joked about Thomas's condition on the morning that he died, saying that he had "face planted" to the ground due to the cold. Valva and Pollina have since been indicted on Second-Degree Murder for Thomas' death.

**The Items of Damage or Injuries Claimed Are:** Based on Respondents' repeated acts of gross negligence, recklessness, and intentional falsification of evidence, as well their repeated failures to act on documentary evidence of abuse -- such as the January 13, 2018 documented physical abuse of Thomas by Valva and Pollina -- and their failures to act complaints by Claimant, Thomas Valva was caused to suffer years of conscious pain and suffering, resulting in his tragic death on January 17, 2020. Had Respondents acted on *any* of the evidence and complaints listed above, the children would have been removed from Valva's custody, and Thomas' tragic, needless, and entirely foreseeable death would have been avoided.

Further, as a result of Respondents' negligent, reckless and intentional acts of misconduct conduct, as set forth above, Claimant's two other minor children, Anthony, who was also diagnosed with Autism Spectrum Disorder, and Andrew, were subjected to years of extreme physical, emotional and sexual abuse, and were also starved, beaten and tortured, and were otherwise caused to suffer severe emotional distress and serious physical injuries.

**TOTAL AMOUNT CLAIMED:**

$100,000,000 COMPENSATORY DAMAGES
$100,000,000 PUNITIVE DAMAGES

The undersigned Claimant therefore presents this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to your, the claimant intends to commence an action on this claim.

JUSTYNA ZUBKO-VALVA

Attorney(s) for Claimant(s)
Office and Post Office Address and
Telephone Number
JON L. NORINSBERG, ESQ.
225 Broadway, Suite 2700
New York, New York 10007

3

## RIDER A

## LIST OF INDIVIDUAL DEFENDANTS EMPLOYED BY THE COUNTY OF SUFFOLK

1. Michele Clark
2. Jessica Lantz
3. Melissa Estrada
4. Lydia Sabosto
5. Edward Heepe
6. Jean Montague
7. Renee Marzovilla
8. June Johnson
9. Robert Leto
10. Sharon Frew-Byrne
11. Mark Clavin
12. Cynthia Alvarez
13. Peggy Dewar
14. Yolanda Desarme
15. Randall Ratje, Esq.
16. "John" Brown, Esq.
17. P.O. Laurie-Ann McManus
18. Sgt. William Krause
19. John Cahill
20. Lt. Robert Musial
21. Capt. David Lawler
22. Sgt. David Kopycinski
23. Sgt. James Clahane
24. P.O. Timothy Malloy
25. P.O. Ryan Doherty
26. P.O. Michele Speed
27. P.O. James Skidmore
28. William Reed
29. Gerard Hardy
30. John W. Sumwalt
31. Lt. Joseph Terry
32. Lt. Komorowski

4

## INDIVIDUAL VERIFICATION

State of New York      )
                            ss: )
County of Nassau       )

JUSTYNA ZUBKO-VALVA, being duly sworn, deposes and says that deponent is the claimant in the within action; that he has read the foregoing Notice of Claim and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____
JUSTYNA ZUBKO-VALVA

Sworn to before me, this
____ day of _____, 2020

_____
Notary Public

JON L. NORINSBERG
Notary Public, State of New York
No. 02NO6177973
Qualified in Bronx County
Commission Expires November 19, 2023

5

RECEIVED

2020 MAY 20 P 1:09

DEPT. OF LAW
COUNTY ATTORNEY
SUFFOLK COUNTY