UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JUSTYNA ZUBKO-VALVA, as Mother and Natural
Guardian of ANTHONY VALVA and ANDREW VALVA
and as Administratrix of the Estate of THOMAS VALA,
and JUSTYNA ZUBKO-VALVA, individually,

Civil Action No.:
20 Civ. 02663
(ERK) (ARL)

**ANSWER**

           Plaintiffs,

-against-

THE COUNTY OF SUFFOLK, CPS SENIOR
CASEWORKER MICHELE CLARK, Individually and
in her Official Capacity, CPS SUPERVISOR EDWARD
HEEPE, Individually and in his Official Capacity, CPS
ASSISTANT DIRECTOR ROBERT LETO, Individually
and in his Official Capacity, CPS INVESTIGATOR,
JENNIFER LANTZ, Individually and in her Official
Capacity, CPS INVESTIGATOR, MELISSA ESTRADA,
Individually and in her Official Capacity, CPS
INVESTIGATOR, LYDIA SABOSTO, Individually and in
her Official Capacity, CSP SUPERVISOR, JEAN
MONTAGUE, Individually and in her Official Capacity,
DEPARTMENT OF SOCIAL SERVICES COUNTY
ATTORNEY RANDALL RATJE, ESQ., Individually and in
his Official Capacity, ATTORNEY FOR CHILDREN
DONNA MCCABE, ESQ., Individually and in her Official
Capacity, THE LAW OFFICE OF DONNA MCCABE,
SHANA CURTI, ESQ., Individually and in her Official
Capacity, ORSETTI & CURTI, PLLC, EAST MORICHES
UNION FREE SCHOOL DISTRICT, PRINCIPAL
EDWARD SCHNEYER, Individually and in his Official
Capacity, SCHOOL SUPERINTENDENT CHARLES
RUSSO, Individually and in his Official Capacity, HOPE
SCHWARTZ ZIMMERMAN, Individually, ATTORNEY
FOR CHILDREN ETHAN HALPERN, ESQ., Individually
and in his Official Capacity, THE LEGAL AID SOCIETY
OF SUFFOLK COUNTY, INC., CHILDREN'S LAW
BUREAU, MICHAEL VALVA, and ANGELA POLLINA,

           Defendants.

------------------------------------------------------------------------x

      The defendants, EAST MORICHES UNION FREE SCHOOL DISTRICT,

PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, and

SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official

Capacity (hereinafter referred to as "SCHOOL DEFENDANTS"), by their attorneys, CONGDON, FLAHERTY, O'CALLAGHAN, FISHLINGER & PAVLIDES, ESQS., answering the allegations of the Plaintiffs' Complaint, alleges as follows:

## PRELIMINARY STATEMENT

FIRST:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "1", "6", and "7".

SECOND:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "2", "3", "4", "5", "8" and "9".

## JURISDICTION

THIRD:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "10" and "11", and refer all questions of law to the Court.

## VENUE

FOURTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "12", and refer all questions of law to the Court.

## JURY DEMAND

FIFTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "13", and submit that the Complaint speaks for itself.

## PARTIES

SIXTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "30", "31", "32", "33" and "34".

SEVENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "27", except admit that defendant, EAST MORICHES UFSD, is a municipal entity and union free school district, existing under and by virtue of the laws of the State of New York, with offices located at 9 Adelaide Avenue, East Moriches, New York.

EIGHTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "28", except admit that defendant, PRINCIPAL EDWARD SCHNEYER, was the Principal of the East Moriches Elementary School, located at 523 Montauk Highway, East Moriches, New York, and refer all questions of law to the Court.

NINTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "29", except admit that defendant, SCHOOL SUPERINTENDENT CHARLES RUSSO, was the Superintendent of the East Moriches Union Free School District, with offices located at 9 Adelaide Avenue, East Moriches, New York, and refer all questions of law to the Court.

## FACTS

TENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "35", except admit that plaintiff, THOMAS VALVA, died on January 17, 2022, at the home of his father, MICHAEL VALVA.

ELEVENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "36", "37", "39", "40" and "46".

TWELFTH:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "38", "41", "42", "43", "44" and "45".

**Valva Conspires with Defendant Curti and Defendant McCabe to Manufacture False Claims of Abuse Against Plaintiff in Order to Gain Custody of the Children.**

THIRTEENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "47", "48", "49", "50", "51", "52", "53" "54", "55", "56" and "57".

**Judge Zimmerman States on the Record that She is "Not Going to Do Anything" on September 6, 2017, but then Changes Her Mind at the Behest of McCabe and Curti.**

FOURTEENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "58", "59", "60", "61" and "62".

**Based on False, Misleading and Dishonest Claims by McCabe, Plaintiff's Children Are Unlawfully Removed from Her Custody.**

FIFTEENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "73" and "74".

**Without Any Petition, Notice or Hearing, Judge Zimmerman Summarily Takes Away Plaintiff's Children, Flagrantly Violating Plaintiff's Constitutional Rights without Due Process of Law.**

SIXTEENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "75", "76", "77", "78", "79", "80", "81", "82", "83", "84" and "85".

**Judge Zimmerman's Decision to Summarily Take Away Plaintiff's Children Violated the Family Court Act, and was Done in the Complete Absence of Jurisdiction.**

SEVENTEENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "86", "90", "91" and "92".

EIGHTEENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "87" and "88", and submit that the statute speaks for itself.

NINETEENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "89", and refer all questions of law to the Court.

**Valva Files a Blatantly False Child Abuse Claim with CPS to Ensure that Plaintiff Permanently Loses Custody of her Children.**

TWENTIETH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "93", "94", "95" and "96".

**CPS Investigator Michele Clark Becomes Involved in the Case and Readily Accepts Valva's Blatantly False Allegations, While ignoring Plaintiff's Overwhelming Evidence of Abuse.**

TWENTY-FIRST:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "97", "98", "99", "100" and "101".

**Plaintiff Files Multiple Reports of Abuse with CPS, But CPS Turns a Blind-Eye to These Complaints and Summarily Closes Out the Reports Without Any Investigation.**

TWENTY-SECOND:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "102", "103", "104", "105", "106", "107", "108" and "109".

**Plaintiff Meets with the CPS Defendants in December 2017 and Provides Them with Direct Evidence of Abuse, But Still CPS Does Nothing.**

TWENTY-THIRD:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "110", "111", "112" and "113".

**The CPS Defendants Ignore Evidence Provided Plaintiff from the Children's Doctors, All of Whom Attest to the Fact that Plaintiff Had a Very Normal and Loving Relationship with Her Children.**

TWENTY-FOURTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "114", "115", "116", "117", "118", "119", "120", "121" and "122".

**Plaintiff Files Two Additional Reports with CPS, But the CPS Defendants Ignore These Reports and Summarily Mark Them "Closed" Without any Investigation.**

TWENTY-FIFTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "123", "124", "125" and "126".

**As a Direct Consequence of the CPS Defendants' Gross Negligence and Deliberate Indifference, Tommy is Severely Beaten by Valva.**

TWENTY- SIXTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "127", "128", "129", "130" and "131".

**Valva Attempts to Hide Evidence of the Beating by Denying CPS Access to See Tommy, and CPS Does Nothing to Stop Him.**

TWENTY-SEVENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "132", "133", "134", "135", "136", "137", "138" and "139".

**Plaintiff Informs Clark that She Intends to File a Complaint against Her, and in Retaliation, Defendant Clark Initiates a Neglect Petition Against Plaintiff Based on Flagrant Lies.**

TWENTY-EIGHTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "140", "141", "142", "143", "144", "145", "146", "147", "148", "149", "150", "151" and "152".

**In Support of Her Retaliatory and Baseless Neglect Petition, CPS Investigator Michele Clark Lies to the Court and Suppresses Material Evidence.**

TWENTY-NINTH:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "153", "154", "155", "156", "157", "158", "159", "160", "161", "162", "163", "164", "165", "166" and "167".

**CPS Case workers Jessica Lantz and Melissa Estrada Take Over for Clark and Continue Telling Vicious Lies Against Plaintiff and Falsifying Evidence, so as to Ensure that the Baseless Neglect Petition Continues.**

THIRTIETH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "168", "169", "170", "171", "172", "173", "174" and "175".

**Assistant County Attorney Randall Ratje Provides Additional False and Misleading Evidence to the Court, and Hides Exculpatory Evidence from Plaintiff.**

THIRTY-FIRST:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "176", "177", "178", "179", "180", "181", "182", "183", "184" and "185".

**Defendant Halpern Flagrantly Disregards His Duties to the Children and Provides Falsified Evidence to the Court, Thereby Ensuring that the Neglect Proceedings Would Continue.**

THIRTY-SECOND:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "186", "187", "188", "189", "190", "191", "192", "193", "194" and "195".

**McCabe Continues to Improperly Interject Herself into the Family Court Proceedings, Despite Having No Legal Authority to Do So.**

THIRTY-THIRD:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "196", "197", "198", "199", "200" and "201".

**Finding Valva's Allegations to Be "Less than Credible", Judge Cheng Dismisses the Neglect Petition in its Entirety.**

THIRTY-FOURTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "202", "203" and "204".

**Plaintiff is Further Vindicated When an Administrative Law Judge Determines that CPS Should Not Have "Indicated" Plaintiff on Abuse Charges in the First Place.**

THIRTY-FIFTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "205", "206", "207", "208", "209" and "210".

**Despite Clear and Shocking Evidence of Abuse, the School Defendants Turn a Blind-Eye and Fail to Protect the Children.**

THIRTY-SIXTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "211", "213", "215" and "216".

THIRTY-SEVENTH:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "212", "214", "217", "218" and "219".

**The Children are Literally Starving to Death, but the School Defendants Fail to Report Valva to the Authorities or Take Other Meaningful Action.**

THIRTY-EIGHTH:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "220", "224", "225", "226", "227" and "228".

THIRTY-NINTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "221" and "223", except admit that there were issues involving nutrition.

FORTIETH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "222", except admit that there were issues involving toilet training.

FORTY-FIRST:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "229", except admit that District employees filed reports with CPS.

**The Court-Ordered Investigative Reports by CPS Confirm that the Children Are Being Severely Abused by Valva and Pollina, but Still Nothing is Done.**

FORTY-SECOND:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "230", "231", "232", "233" and "236".

FORTY-THIRD:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "234", "235", "237", "238", "239" and "240".

**Defendants Schneyer and Russo Block Plaintiff From Visiting Her Children in School in the Presence of Their Teachers, Further Impending Her Efforts to Stope the Abuse.**

FORTY-FOURTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "241".

FORTY-FIFTH:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "242", "244", "245" and "246".

FORTY-SIXTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "243", and submit that the Order speaks for itself.

**The Evidence of Physical Abuse is Readily Visible, But Still the School Defendants do Nothing.**

FORTY-SEVENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "247" and "251".

FORTY-EIGHTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs'

Complaint marked and numbered "248" and "249", except admit that there were issues with injuries.

FORTY-NINTH:   Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "250", "252" and "253".

**CPS Has One Last Chance to Save Tommy, But Defendant Montague Shuts Down the Investigation and Tommy dies Less than 10 Days Later.**

FIFTIETH:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "254", "255" and "256".

**Tommy Freezes to Death as a Result of Valva and Pollina's Cruel, Callous and Inhuman Punishment.**

FIFTY-FIRST:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "257", "258", "259", "260", "261" and "262".

FIFTY-SECOND:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "263", except admit that Thomas Valva died on January 17, 2020, at the home of his father, Michael Valva.

**Tommy's Shocking Condition Upon Arrival at the Hospital, and Valva's Lies About What Caused His Death.**

FIFTY-THIRD:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "264", "265", "266", "267", "268" and "269".

**Valva's Horrific Abuse is Further Confirmed at the Arraignment.**

FIFTY-FOURTH:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "270", "271", "272" and "273".

**The Deliberate Indifference of the CPS Defendants and the School Defendants, and the Gross Negligence and Willful Misconduct of All Other Defendants, Allowed Valva and Pollina to Get Away with Their Severe Abuse of the Children for years, and Directly Led to Tommy's Death.**

FIFTY-FIFTH:   Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "274", "275", "276", "277", "278" and "279".

**AS AND FOR DEFENDANT'S ANSWER TO
THE PLAINTIFF'S FIRST CAUSE OF ACTION:**

FIFTY-SIXTH:   The School Defendants, deny each and every allegation in paragraphs numbered "280" through "299" of Plaintiffs' First Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO
THE PLAINTIFF'S SECOND CAUSE OF ACTION:**

FIFTY-SEVENTH:   The School Defendants, deny each and every allegation in paragraphs numbered "300" through "312" of Plaintiffs' Second Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO
THE PLAINTIFF'S THIRD CAUSE OF ACTION:**

FIFTY-EIGHTH:   The School Defendants, deny each and every allegation in paragraphs numbered "313" through "318" of Plaintiffs' Third Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S FOURTH CAUSE OF ACTION:**

FIFTY-NINTH:   The School Defendants, deny each and every allegation in paragraphs numbered "319" through "324" of Plaintiffs' Fourth Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S FIFTH CAUSE OF ACTION:**

SIXTIETH:   The School Defendants, deny each and every allegation in paragraphs numbered "325" through "331" of Plaintiffs' Fifth Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S SIXTH CAUSE OF ACTION:**

SIXTY-FIRST:   The School Defendants, answering paragraph "332" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

SIXTY-SECOND:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "333", "334", "335", "336", "337" and "338".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S SEVENTH CAUSE OF ACTION:**

SIXTY-THIRD:   The School Defendants, deny each and every allegation in paragraphs numbered "339" through "344" of Plaintiffs' Seventh Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S EIGHTH CAUSE OF ACTION:**

SIXTY-FOURTH:   The School Defendants, answering paragraph "345" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

SIXTY-FIFTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "346", 347", "348", "349", "350", "351", "352", "353", "354", "355", "356", "357", "358", "359", "360", "361" and "362".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S NINTH CAUSE OF ACTION:**

SIXTY-SIXTH:   The School Defendants, deny each and every allegation in paragraphs numbered "363" through "380" of Plaintiffs' Ninth Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO THE**
**PLAINTIFF'S CLAIMS UNDER NEW YORK STATE LAW:**

SIXTY-SEVENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "381", except admit that a notice of claim was served, a municipal hearing was held, the claim has not been paid, and refer all questions of law to the Court.

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S TENTH CAUSE OF ACTION:**

SIXTY-EIGHTH:   The School Defendants, answering paragraph "382" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

SIXTY-NINTH:   Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "383" and "384".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S ELEVENTH CAUSE OF ACTION:**

SEVENTIETH:   The School Defendants, answering paragraph "385" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

SEVENTY-FIRST:   Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "386", "387", "388" and "389".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S TWELFTH CAUSE OF ACTION:**

SEVENTY-SECOND:   The School Defendants, answering paragraph "390" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

SEVENTY-THIRD:   Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "391" and "392".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S THIRTEENTH CAUSE OF ACTION:**

SEVENTY-FOURTH:  The School Defendants, answering paragraph "393" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

SEVENTY-FIFTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "394" "395" and "396".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S FOURTEENTH CAUSE OF ACTION:**

SEVENTY-SIXTH:  The School Defendants, answering paragraph "397" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

SEVENTY-SEVENTH:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "398", "399", "400", "401" and ""402".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S FIFTEENTH CAUSE OF ACTION:**

SEVENTY-EIGHTH:  The School Defendants, deny each and every allegation in paragraphs numbered "403" through "411" of Plaintiffs' Fifteenth Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**S AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S SIXTEENTH CAUSE OF ACTION:**

SEVENTY-NINTH:  The School Defendants, answering paragraph "412" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

EIGHTIETH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "413", "414", "415", "416", "417", "418", "419" and "420".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S SEVENTEENTH CAUSE OF ACTION:**

EIGHTY-FIRST:  The School Defendants, answering paragraph "421" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

EIGHTY-SECOND:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "422", and refer all questions of law to the Court.

EIGHTY-THIRD:   Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "423", "424", "425", "426" "427", "428" and "429".

**AS AND FOR DEFENDANT'S ANSWER TO THE PLAINTIFF'S
<u>FIRST CAUSE OF ACTION NUMBERED EIGHTEENTH</u>:**

<u>EIGHTY-FOURTH</u>:  The School Defendants, answering paragraph "430" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

<u>EIGHTY-FIFTH</u>:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "431", "432", "433", "434", "435", "436" and "437".

**AS AND FOR DEFENDANT'S ANSWER TO THE PLAINTIFF'S
<u>SECOND CAUSE OF ACTION NUMBERED EIGHTEENTH</u>:**

<u>EIGHTY-SIXTH</u>:  The School Defendants, deny each and every allegation in paragraphs numbered "438" through "452" of Plaintiffs' Eighteenth Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR DEFENDANT'S ANSWER TO
<u>THE PLAINTIFF'S NINETEENTH CAUSE OF ACTION</u>:**

<u>EIGHTY-SEVENTH</u>:  The School Defendants, answering paragraph "453" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

<u>EIGHTY-EIGHTH</u>:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "454", "455", "456", "457", "458", "459" and "460".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S TWENTIETH CAUSE OF ACTION:**

EIGHTY-NINTH:   The School Defendants, answering paragraph "461" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

NINETIETH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "462", and submit that the statute speaks for itself.

NINETY-FIRST:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Plaintiffs' Complaint marked and numbered "463", and refer all questions of law to the Court.

NINETY-SECOND:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "464", "466" and "467".

NINETY-THIRD:  Deny the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "465", "468", "469", "470", "471", "472" and "473".

**AS AND FOR DEFENDANT'S ANSWER TO**
**THE PLAINTIFF'S TWENTY-FIRST CAUSE OF ACTION:**

NINETY-FOURTH:  The School Defendants, answering paragraph "474" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

NINETY-FIFTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "475", "476", "477", "478", "479", "480", "481", "482", "483", "484", "485" and "486".

**AS AND FOR DEFENDANT'S ANSWER TO
THE PLAINTIFF'S TWENTY-SECOND CAUSE OF ACTION:**

NINETY-SIXTH:  The School Defendants, answering paragraph "487" of the Plaintiffs' Complaint, repeat and reiterate each and every admission and denial heretofore made in their Answer with the same force and effect as if set forth at length herein.

NINETY-SEVENTH:  Deny they have any knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Plaintiffs' Complaint marked and numbered "488", "489", "490", "491", "492", "493", "494", "495", "496", "497", "498" and "499".

**AS AND FOR DEFENDANT'S ANSWER TO THE
PLAINTIFF'S TWENTY-THIRD CAUSE OF ACTION:**

NINETY-EIGHTH:  The School Defendants, deny each and every allegation in paragraphs numbered "500" through "514" of Plaintiffs' Twenty-Third Cause of Action, as this cause of action has been dismissed as against the School Defendants.

**AS AND FOR A FIRST AFFIRMATIVE
DEFENSE ON BEHALF OF SCHOOL
DISTRICT DEFENDANTS:**

NINETY-NINTH:  The complaint fails to state a cause of action against the individually named school defendants in their individual capacities.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE ON BEHALF OF SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDREDTH:   That the complaint fails to state a cause of action for punitive damages as against the School District defendants.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE ON BEHALF OF SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDRED-FIRST:   Whatever injuries and/or damages were purportedly sustained by plaintiffs at the time and place alleged in the complaint, were in whole or in part the result of the parent plaintiff's acts or omissions.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE ON BEHALF OF SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDRED-SECOND:   If plaintiffs sustained any injury or incurred any loss or damages as alleged in the Plaintiffs' Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom the School District defendants, neither exercised nor had any right to control, for which the School District defendants, are and were not responsible, and whose conduct the School District defendants had no duty or reason to anticipate or control.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE ON BEHALF OF SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDRED-THIRD:   If the liability of these answering defendants is found to be fifty (50%) percent or less of the total liability assigned to all persons liable, the liability of such defendants to the plaintiffs for non-economic loss shall not exceed the defendants' equitable share determined in accordance with the relative culpability of

each person causing or contributing to the total liability for non-economic loss, pursuant to Article 16 of the C.P.L.R.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE ON BEHALF OF SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDRED-FOURTH:   Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.  If any damages are recoverable against the said answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE ON BEHALF OF SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDRED-FIFTH:  The individual defendants at all times acted reasonably in the discharge of their duties and solely pursuant to their duties and responsibilities as public officials.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE ON BEHALF OF SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDRED-SIXTH:  If plaintiffs have settled, discontinued and ended this lawsuit and/or any other lawsuit arising out of the same incident to which the within action pertains, and/or does so in the future as against one or more of the defendants

herein and/or any other alleged tortfeasor, these answering defendants assert their right to any and all set-offs provided by General Obligations Law §15-108.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST THE REMAINING DEFENDANTS, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR, JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR, MELISSA ESTRADA, Individually and in her Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official Capacity, THE LAW OFFICE OF DONNA MCCABE, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ., Individually and in his Official Capacity, THE LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, ON BEHALF OF THE SCHOOL DISTRICT DEFENDANTS:**

ONE-HUNDRED-SEVENTH:  That if the plaintiffs recover herein, it will be by virtue of the recklessness, carelessness and negligence of the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR, JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR, MELISSA ESTRADA, Individually and in her Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official Capacity, THE LAW OFFICE OF DONNA MCCABE, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ., Individually and in his Official Capacity, THE LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, and not of the SCHOOL DISTRICT DEFENDANTS, and that the

SCHOOL DISTRICT DEFENDANTS, demand complete indemnification from the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR, JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR, MELISSA ESTRADA, Individually and in her Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official Capacity, THE LAW OFFICE OF DONNA MCCABE, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ., Individually and in his Official Capacity, THE LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, or that the respective degrees of negligence of the plaintiffs/defendants be ascertained, determined and adjudicated by and pursuant to Sections 1401, 1402 and 1403 of the C.P.L.R. and that the SCHOOL DISTRICT DEFENDANTS, have judgment over and against the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR, JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR, MELISSA ESTRADA, Individually and in her Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official Capacity, THE LAW OFFICE OF DONNA MCCABE, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ., Individually and in his Official Capacity, THE LEGAL AID

SOCIETY OF SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, as to the proportionate share commensurate with the respective degrees of negligence as will be decided on at the trial herein.

WHEREFORE, the SCHOOL DISTRICT DEFENDANTS, demand judgment dismissing the plaintiff's complaint on the merits and that these answering defendants demand complete indemnification from the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR, JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR, MELISSA ESTRADA, Individually and in her Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official Capacity, THE LAW OFFICE OF DONNA MCCABE, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ., Individually and in his Official Capacity, THE LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, or in the alternative, that the SCHOOL DISTRICT DEFENDANTS, have judgment over and against the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR, JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR, MELISSA ESTRADA, Individually and in her Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official

Capacity, THE LAW OFFICE OF DONNA MCCABE, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ., Individually and in his Official Capacity, THE LEGAL AID SOCIETY OF SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, to the degree and proportionate share of plaintiff's recovery as to their respective degrees of negligence as determined herein, together with costs and disbursements of this action.

Dated:  Uniondale, New York
        July 20, 2022.

                                  CONGDON, FLAHERTY, O'CALLAGHAN,
                                  FISHLINGER & PAVLIDES, ESQS.

                                By:    *CHRISTINE GASSER*
                                        CHRISTINE GASSER

                                Attorneys for Defendants – EAST MORICHES
                                UNION FREE SCHOOL DISTRICT,
                                PRINCIPAL EDWARD SCHNEYER,
                                Individually and in his Official Capacity, and
                                SCHOOL SUPERINTENDENT CHARLES
                                RUSSO, Individually and in his Official
                                Capacity
                                Office & P.O. Address
                                The OMNI
                                333 Earle Ovington Boulevard - Suite 502
                                Uniondale, New York 11553-3625
                                (516) 542-5900
                                [File No.:  2NYS3440]
                                [E-Mail:  Cgasser@cfolegal.com]

TO:  JON L. NORINSBERG, PLLC
     Attorney for Plaintiffs
     Office & P.O. Address
     110 East 59TH Street – Suite 3200
     New York, New York 10022
     (212) 791-5396
     [E-Mail:  jon@norinsberglaw.com; jmeehan@norinsberglaw.com; and
     jinhan@jinhanlaw.com]

BRIAN C. MICHELL
Attorney for Defendants - THE COUNTY OF SUFFOLK,
CPS SENIOR CASEWORKER MICHELE CLARK,
Individually and in her Official Capacity, CPS
SUPERVISOR EDWARD HEEPE, Individually and in his
Official Capacity, CPS ASSISTANT DIRECTOR ROBERT
LETO, Individually and in his Official Capacity, CPS
INVESTIGATOR, JENNIFER LANTZ, Individually and in
her Official Capacity, CPS INVESTIGATOR, MELISSA
ESTRADA, Individually and in her Official Capacity
Office & P.O. Address
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
(631I) 853-4055; Fax:  (631) 853-5833
[E-Mail:  brian.mitchell@suffolkcountyny.gov]

MONTFORT, HEALY, McGUIRE and SALLEY, LLP
Attn:  Michael J. Boranian, Esq.
Attorneys for Defendant - ATTORNEY FOR CHILDREN
DONNA MCCABE, ESQ., Individually and in her Official
Capacity, THE LAW OFFICE OF DONNA MCCABE
Office & P.O. Address
840 Franklin Avenue
Garden City, New York 11530
(516) 281-1825; Fax:  (516) 746-0748
[E-Mail: mboranian@mhms-law.com]

RIVKIN RADLER, LLP
Attorneys for Defendant – ATTORNEY FOR CHILDREN
ETHAN HALPERN, ESQ., Individually and in his Official
Capacity, THE LEGAL AID SOCIETY OF SUFFOLK
COUNTY, INC.
Attn:  Jonathan B. Bruno, Esq.
Office & P.O. Address
477 Madison Avenue – 20TH Floor
New York, New York 10022
(212) 455-9554; Fax:  (212) 687-9044
[E-Mail:  jonathan.bruno@rivkin.com]

NO CLAIMS REMAIN AGAINST THE FOLLOWING DEFENDANTS:
CPS INVESTIGATOR, LYDIA SABOSTO, Individually
and in her Official Capacity, CSP SUPERVISOR, JEAN
MONTAGUE, Individually and in her Official Capacity,
DEPARTMENT OF SOCIAL SERVICES COUNTY
ATTORNEY RANDALL RATJE, ESQ., Individually and
in his Official Capacity, SHANA CURTI, ESQ., Individually
and in her Official Capacity, ORSETTI & CURTI, PLLC,
HOPE SCHWARTZ ZIMMERMAN, Individually, and
CHILDREN'S LAW BUREAU

## **CERTIFICATE OF SERVICE**

I certify that on July 20, 2022, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

JON L. NORINSBERG, PLLC
Attorney for Plaintiffs
110 East 59TH Street – Suite 3200
New York, New York 10022

BRIAN C. MICHELL
Attorney for Defendants - THE COUNTY OF SUFFOLK,
CPS SENIOR CASEWORKER MICHELE CLARK,
Individually and in her Official Capacity, CPS
SUPERVISOR EDWARD HEEPE, Individually and in his
Official Capacity, CPS ASSISTANT DIRECTOR ROBERT
LETO, Individually and in his Official Capacity, CPS
INVESTIGATOR, JENNIFER LANTZ, Individually and in
her Official Capacity, CPS INVESTIGATOR, MELISSA
ESTRADA, Individually and in her Official Capacity
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788

MONTFORT, HEALY, McGUIRE and SALLEY, LLP
Attn:  Michael J. Boranian, Esq.
Attorneys for Defendant - ATTORNEY FOR CHILDREN
DONNA MCCABE, ESQ., Individually and in her Official
Capacity, THE LAW OFFICE OF DONNA MCCABE
840 Franklin Avenue
Garden City, New York 11530

RIVKIN RADLER, LLP
Attorneys for Defendant – ATTORNEY FOR CHILDREN
ETHAN HALPERN, ESQ., Individually and in his Official
Capacity, THE LEGAL AID SOCIETY OF SUFFOLK
COUNTY, INC.
Attn:  Jonathan B. Bruno, Esq.
477 Madison Avenue – 20TH Floor
New York, New York 10022

*CHRISTINE GASSER*
CHRISTINE GASSER