MJB/jlb            20-24653            07/20/22

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JUSTYNA ZUBKO-VALVA, as Mother and Natural Guardian of A\_\_\_ V\_\_\_ and A\_\_\_ V\_\_\_, and as Administratrix of the Estate of T\_\_\_ V\_\_\_ and JUSTYNA ZUBKO-VALVA individually,

                              Plaintiff(s),

   -against-

THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, CPS INVESTIGATOR LYDIA SABOSTO, Individually and in her Official Capacity, CPS SUPERVISOR JEAN MONTAGUE, individually and in her Official Capacity, DEPARTMENT OF SOCIAL SERVICES COUNTY ATTORNEY RANDALL RATJE, ESQ., Individually and in his Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official Capacity, THE LAW OFFICE OF DONNA MCCABE, SHANA CURTI, ESQ., Individually and in her Official Capacity, ORSETTI & CURTI PLLC, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, HOPE SCHWARTZ ZIMMERMAN, Individually, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., CHILDREN'S LAW BUREAU, MICHAEL VALVA, and ANGELA POLLINA,

                             Defendant(s).
----------------------------------------------------------------------X

**AMENDED ANSWER**

Index No. 20-cv-02663

**JURY DEMANDED**

The defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by their attorneys, MONTFORT, HEALY, McGUIRE & SALLEY LLP, answering the complaint of the plaintiff, herein, respectfully shows to this Court and alleges:

## ANSWERING THE ALLEGED PRIMARY STATEMENT

FIRST. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "1", "6" and "7" of the complaint herein.

SECOND. Defendant denies each and every allegation set forth in paragraphs designated "2", "3", "4", "5" and "8" of the complaint herein.

THIRD. As to those claims remaining against this defendant as set forth in paragraph designated "9" of the complaint said claims are denied.

## ANSWERING THE ALLEGED JURISDICTION

FOURTH. Defendant admits each and every allegation set forth in paragraphs designated "10" and "11" of the complaint herein.

## ANSWERING THE ALLEGED VENUE

FIFTH. Defendant admits each and every allegation set forth in paragraph designated "12" of the complaint herein.

## ANSWERING THE ALLEGED JURY DEMAND

SIXTH. Defendant admits each and every allegation set forth in paragraph designated "13" of the complaint herein.

## ANSWERING THE ALLEGED PARTIES

SEVENTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "14 through 22" and "25 through 34" of the complaint herein.

EIGHTH. Defendant admits each and every allegation set forth in paragraphs designated "23" and "24" of the complaint herein.

### ANSWERING THE ALLEGED FACTS

NINTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "35", "36", "58", "59", "71", "72", "73", "75 through 81", "84 through 92", "94 through 188", "190 through 195", "199", "202" and "204 through 273" of the complaint herein.

TENTH. Defendant denies each and every allegation set forth in paragraphs designated "37 through 41", "43", "45", "74", "82", "83", "93", "196", "197", "198", "200" and "201" of the complaint herein.

ELEVENTH. As to those claims remaining against this defendant as set forth in paragraphs designated "42", "44", "46 through 57", "60 through 70", "189" and "274 through 279" of the complaint said claims are denied.

TWELFTH. Defendant admits each and every allegation set forth in paragraph designated "203" of the complaint herein.

### ANSWERING THE ALLEGED FIRST CAUSE OF ACTION

THIRTEENTH. Answering paragraph designated "180" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "TWELFTH" of the defendant's answer.

FOURTEENTH. The claims alleged set forth in paragraphs designated "281 through 299" have been dismissed against the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by prior order of this court. To the extent any claims alleged herein remain said claims are denied.

## ANSWERING THE ALLEGED SECOND CLAIM FOR RELIEF

FIFTEENTH. Answering paragraph designated "300" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FOURTEENTH" of the defendant's answer.

SIXTEENTH. The claims alleged set forth in paragraphs designated "301 through 312" have been dismissed against the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by prior order of this court. To the extent any claims alleged herein remain said claims are denied.

## ANSWERING THE ALLEGED THIRD CLAIM FOR RELIEF

SEVENTEENTH. Answering paragraph designated "313" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "SIXTEENTH" of the defendant's answer.

EIGHTEENTH. The claims alleged set forth in paragraphs designated "314 through 318" have been dismissed against the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by prior order of this court. To the extent any claims alleged herein remain the said claims are denied.

## ANSWERING THE ALLEGED FOURTH CLAIM FOR RELIEF

NINETEENTH. Answering paragraph designated "319" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "EIGHTEENTH" of the defendant's answer.

TWENTIETH. The claims alleged set forth in paragraphs designated "320 through 324" have been dismissed against the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ.,

INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by prior order of this court. To the extent any claims alleged herein remain said claims are denied.

### ANSWERING THE ALLEGED FIFTH CLAIM FOR RELIEF

TWENTY-FIRST. Answering paragraph designated "325" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "TWENTIETH" of the defendant's answer.

TWENTY-SECOND. The claims alleged set forth in paragraphs designated "326 through 331" have been dismissed against the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by prior order of this court. To the extent any claims alleged herein remain said claims are denied.

### ANSWERING THE ALLEGED SIXTH CLAIM FOR RELIEF

TWENTY-THIRD. Answering paragraph designated "332" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "TWENTY-FOURTH" of the defendant's answer.

TWENTY-FOURTH. The claims alleged set forth in paragraphs designated "333 through 338" have been dismissed against the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by prior order of this court. To the extent any claims alleged herein remain said claims are denied.

### ANSWERING THE ALLEGED SEVENTH CLAIM FOR RELIEF

TWENTY-FIFTH. Answering paragraph designated "339" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "TWENTY-FOURTH" of the defendant's answer.

TWENTY-SIXTH. The claims alleged set forth in paragraphs designated "340 through 344" have been dismissed against the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, by prior order of this court. To the extent any claims alleged herein remain said claims are denied.

### ANSWERING THE ALLEGED EIGHTH CLAIM FOR RELIEF

TWENTY-SEVENTH. Answering paragraph designated "345" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "TWENTY-SIXTH" of the defendant's answer.

TWENTY-EIGHTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "346 through 362" of the complaint herein.

### ANSWERING THE ALLEGED NINTH CLAIM FOR RELIEF

TWENTY-NINTH. Answering paragraph designated "363" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "TWENTY-EIGHTH" of the defendant's answer.

THIRTIETH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "364 through 380" of the complaint herein.

### ANSWERING THE ALLEGED THE CLAIMS UNDER NEW YORK STATE LAW

THIRTY-FIRST. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated "381" of the complaint herein.

## ANSWERING THE ALLEGED TENTH CLAIM FOR RELIEF

THIRTY-SECOND. Answering paragraph designated "382" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "THIRTY-FIRST" of the defendant's answer.

THIRTY-THIRD. Defendant denies each and every allegation set forth in paragraphs designated "383" and "384" of the complaint herein.

## ANSWERING THE ALLEGED ELEVENTH CLAIM FOR RELIEF

THIRTY-FOURTH. Answering paragraph designated "385" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "THIRTY-THIRD" of the defendant's answer.

THIRTY-FIFTH. Defendant denies each and every allegation set forth in paragraphs designated "386 through 389" of the complaint herein.

## ANSWERING THE ALLEGED TWELFTH CLAIM FOR RELIEF

THIRTY-SIXTH. Answering paragraph designated "390" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "THIRTY-FIFTH" of the defendant's answer.

THIRTY-SEVENTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "391" and "392" of the complaint herein.

## ANSWERING THE ALLEGED THIRTEENTH CLAIM FOR RELIEF

THIRTY-EIGHTH. Answering paragraph designated "393" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "THIRTY-EIGHTH" of the defendant's answer.

THIRTY-NINTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "394", "395" and "396" of the complaint herein.

### ANSWERING THE ALLEGED FOURTEENTH CLAIM FOR RELIEF

FORTIETH. Answering paragraph designated "397" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "THIRTY-NINTH" of the defendant's answer.

FORTY-FIRST. As to those claims remaining against this defendant as set forth in paragraphs designated "398 through 402" of the complaint said claims are denied.

### ANSWERING THE ALLEGED FIFTEENTH CLAIM FOR RELIEF

FORTY-SECOND. Answering paragraph designated "403" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FORTY-FIRST" of the defendant's answer.

FORTY-THIRD. As to those claims remaining against this defendant as set forth in paragraphs designated "404 through 411" of the complaint said claims are denied.

### ANSWERING THE ALLEGED SIXTEENTH CLAIM FOR RELIEF

FORTY-FOURTH. Answering paragraph designated "412" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FORTY-THIRD" of the defendant's answer.

FORTY-FIFTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "413 through 420" of the complaint herein.

### ANSWERING THE ALLEGED SEVENTEENTH CLAIM FOR RELIEF

FORTY-SIXTH. Answering paragraph designated "421" of the plaintiff's complaint, defendant

repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FORTY-THIRD" of the defendant's answer.

FORTY-SEVENTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "422 through 429" of the complaint herein.

### ANSWERING THE ALLEGED EIGHTEENTH CLAIM FOR RELIEF

FORTY-EIGHTH. Answering paragraph designated "430" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FORTY-SEVENTH" of the defendant's answer.

FORTY-NINTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "431 through 437" of the complaint herein.

### ANSWERING THE ALLEGED EIGHTEENTH CLAIM FOR RELIEF

FIFTIETH. Answering paragraph designated "438" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FORTY-NINTH" of the defendant's answer.

FIFTY-FIRST. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "439 through 452" of the complaint herein.

### ANSWERING THE ALLEGED NINETEENTH CLAIM FOR RELIEF

FIFTY-SECOND. Answering paragraph designated "453" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FIFTY-FIRST" of the defendant's answer.

FIFTY-THIRD. Defendant denies in the form alleged each and every allegation set forth in paragraphs designated "454", "455" and "456" of the complaint herein, except defendant admits that

defendant, DONNA MCCABE, owed a duty to plaintiff's children, and respectfully refers all questions of law to this Court and all questions of fact to a trial therein.

FIFTY-FOURTH. Defendant denies each and every allegation set forth in paragraphs designated "457 through 460" of the complaint herein.

### ANSWERING THE ALLEGED TWENTIETH CLAIM FOR RELIEF

FIFTY-FIFTH. Answering paragraph designated "461" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FIFTY-FOURTH" of the defendant's answer.

FIFTY-SIXTH. As to those claims remaining against this defendant as set forth in paragraphs designated "462 through 473" of the complaint said claims are denied.

### ANSWERING THE ALLEGED TWENTY-FIRST CLAIM FOR RELIEF

FIFTY-SEVENTH. Answering paragraph designated "474" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FIFTY-SIXTH" of the defendant's answer.

FIFTY-EIGHTH. Defendant admits each and every allegation set forth in paragraphs designated "475" and "476" of the complaint herein.

FIFTY-NINTH. Defendant denies each and every allegation set forth in paragraphs designated "477 through 486" of the complaint herein.

### ANSWERING THE ALLEGED TWENTY-SECOND CLAIM FOR RELIEF

SIXTIETH. Answering paragraph designated "487" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "FIFTY-NINTH" of the defendant's answer.

SIXTY-FIRST. Defendant denies each and every allegation set forth in paragraph designated "488" of the complaint herein.

SIXTY-SECOND. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "489 through 499" of the complaint herein.

## ANSWERING THE ALLEGED TWENTY-THIRD CLAIM FOR RELIEF

SIXTY-THIRD. Answering paragraph designated "500" of the plaintiff's complaint, defendant repeats, reiterates and realleges each and every denial set forth in paragraphs designated "FIRST" through "SIXTY-SECOND" of the defendant's answer.

SIXTY-FOURTH. Defendant denies that they have any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in paragraphs designated "501 through 514" of the complaint herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

SIXTY-FIFTH. Upon information and belief, that the injury or injuries, if any, sustained by the plaintiff at the time and place, or on the occasion referred to in the plaintiff's complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the plaintiff, and that any damages recoverable by plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

SIXTY-SIXTH. Upon information and belief, the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, THE DEFENDANT, ALLEGES:

SIXTY-SEVENTH. Upon information and belief, in the event plaintiff, recover at time of trial against defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, such recovery for non-

economic loss shall not exceed defendant's equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, is found to be fifty percent or less of the total liability of all persons, parties and/or entities liable.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGE(S):

SIXTY-EIGHTH. Upon information and belief, that the injury or injuries, if any, sustained by the plaintiff, the infant plaintiff and plaintiff's intestate at the time and place, or on the occasion referred to in the plaintiff's complaint, and which it is alleged was the cause of the death/injuries of the plaintiff's intestate were sustained or so suffered or caused by the negligent act or acts of the plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

SIXTY-NINTH. Plaintiff's complaint fails to state a cause of action for which relief can be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

SEVENTIETH. That whatever damages the plaintiff recovers as against this answering defendant be reduced pursuant to General Obligations Law Section 15-108.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

SEVENTY-FIRST. That punitive damages are not recoverable against ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE under the allegations herein.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

SEVENTY-SECOND. Upon information and belief, that all or a part of plaintiff's special damages have been paid or will be paid by collateral sources and no award should, in any event, be made for same.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, THE DEFENDANT ALLEGES:

SEVENTY-THIRD. Whatever injuries and/or damages were purportedly sustained by the infant plaintiff at the time and place alleged in the complaint, were caused in whole or in part by the acts and omissions of the plaintiff parent.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST THE DEFENDANTS, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, THE DEFENDANT, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, RESPECTFULLY ALLEGES:

SEVENTY-FOURTH. That if the plaintiffs recover herein, it will be by virtue of the recklessness, carelessness and negligence of the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, and not of the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE

ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, and that the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, demands complete indemnification from the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, or that the respective degrees of negligence of the plaintiffs/defendants be ascertained, determined and adjudicated by and pursuant to Sections 1401, 1402 and 1403 of the C.P.L.R and that the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, has judgement over and against the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE

LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, as to the proportionate share commensurate with the respective degrees of negligence as will be decided on at the trial herein.

WHEREFORE, defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, demands judgment dismissing the plaintiff's complaint on the merits and that this answering defendant, demands complete indemnification from the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, or in the alternative, that the defendant, ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE, has judgement over and against the defendants, THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity, CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually

and in his Official Capacity, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., MICHAEL VALVA, and ANGELA POLLINA, to the degree and proportionate share of the plaintiff's recover as to their respective degrees of negligence as determined herein, together with costs and disbursements of this action.

Dated: Garden City, New York
July 21, 2022

                                      Yours, etc.,

                                      MONTFORT, HEALY, McGUIRE & SALLEY LLP

                                      BY: _____
                                             MICHAEL J. BORANIAN
                                    Attorneys for Defendant(s), ATTORNEY FOR CHILDREN DONNA MCCABE ESQ., INDIVIDUALLY, AND IN HER OFFICIAL CAPACITY AND THE LAW OFFICE OF DONNA MCCABE
                                    840 Franklin Avenue
                                    P.O. Box 7677
                                    Garden City, New York 11530-7677
                                    (516) 747-4082

TO:    JON L. NORINSBERG, ESQ., PLLC
         Attorneys for Plaintiffs
         225 Broadway, Suite 2700
         New York, New York 10007
         (212) 791-5396

         DENNIS M. COHEN
         SUFFOLK COUNTY ATTORNEY
         Attorney for Defendant - The County of Suffolk, CPS Caseworkers Clark, Heepe, Leto, Lantz, Estrada, Sabosto, Montague and Assistant County Attorney Randall Ratje
         (County Defendants)
         P.O. Box 6100
         Hauppauge, New York 11788
         (631) 853-4049

         VIGGOROTO, BARKER, PATTERSON NICHOLS & PPRTER, LLP
         Attorneys for Defendants
         Orsetti & Curti, PLLC
         300 Garden City, Plaza, Suite 308
         Garden City, New York 11530
         (516) 282-3355

CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER
Attorneys for Defendants
East Moriches Union Free School District, Principal Edward Schneyer and School Superintendent Charles Russo
The OMNI
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York 11553-3625
(516) 542-5900

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant
Hon. Hope Schwartz Zimmerman
By Lori L. Pack
Assistant Attorney General
300 Motor Parkway, Suite 230
Hauppauge, New York 11788
(631) 231-2424

RIVKIN RADLER, LLP
Attorneys for Defendants
The Legal Aid Society of Suffolk County, Inc.,
Children Law Bureau and Ethan Halpern
477Madison Avenue, 20th Floor
New York, New York 10022-5843
(212) 455-9555

## NOTICE OF SERVICE BY MAIL

**PLEASE BE ADVISED THAT** in light of the current international epidemic arising from the COVID-19 virus, and in an effort to stop the spread of the virus, our office is working remotely. Due to widespread office closures, Court closures, other official closures, remote work and/or other procedures and protocols enacted to inhibit the spread of the virus, this document, and all documents, cannot be served by regular mail or otherwise. Under all current circumstances, and upon information and belief, service by email is the optimal and safest form of service at this time. If you object, please notify us in which case we reserve all rights to re-serve this document in compliance with all applicable laws and/or rules following the resolution of any and all protocols enacted relating to the COVID-19 virus.

**THE PARTIES TO THIS ACTION ARE HEREBY NOTIFIED** that the document(s) to which this Notice and Affidavit are attached is/are being served by email. The Affidavit of Service by Email follows:

## AFFIDAVIT OF SERVICE BY EMAIL

**JENNIFER L. BRYANT**, being duly sworn, deposes and says: that deponent is not a party to this action that she is of 18 years and upwards, and that she is employed by the offices of MONTFORT, HEALY, McGUIRE & SALLEY LLP, attorneys for Defendants, DONNA MCCABE, ESQ., wrongly sued herein as ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., individually and in her Official Capacity and THE LAW OFFICE OF DONNA MCCABE. in the above entitled action, that the office address of said attorneys is 840 Franklin Avenue, Garden City, New York 11530-7677; that on the 21st day of July, 2022, I served by ECF ONLY the within **AMENDED ANSWER WITH CROSS CLAIM** upon the following:

**VIA ECF ONLY**

TO:   **VIA ECF ONLY**
      JON L. NORINSBERG, ESQ., PLLC
      Attorneys for Plaintiffs
      225 Broadway, Suite 2700
      New York, New York 10007
      (212) 791-5396

      DENNIS M. COHEN
      SUFFOLK COUNTY ATTORNEY
      Attorney for Defendant - The County of Suffolk, CPS Caseworkers Clark, Heepe, Leto, Lantz, Estrada, Sabosto, Montague and Assistant County Attorney Randall Ratje (County Defendants)
      P.O. Box 6100
      Hauppauge, New York 11788
      (631) 853-4049

VIGGOROTO, BARKER, PATTERSON NICHOLS & PPRTER, LLP
Attorneys for Defendants
Orsetti & Curti, PLLC
300 Garden City, Plaza, Suite 308
Garden City, New York 11530
(516) 282-3355

CONGDON, FLAHERTY, O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER
Attorneys for Defendants
East Moriches Union Free School District, Principal Edward Schneyer and School Superintendent Charles Russo
The OMNI
333 Earle Ovington Boulevard, Suite 502
Uniondale, New York 11553-3625
(516) 542-5900

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant
Hon. Hope Schwartz Zimmerman
By Lori L. Pack
Assistant Attorney General
300 Motor Parkway, Suite 230
Hauppauge, New York 11788
(631) 231-2424

RIVKIN RADLER, LLP
Attorneys for Defendants
The Legal Aid Society of Suffolk County, Inc.,
Children Law Bureau and Ethan Halpern
477Madison Avenue, 20th Floor
New York, New York 10022-5843
(212) 455-9555