
| Jon L. Norinsberg | 110 East 59th Street |
| John J. Meehan | Suite 3200 |
| | New York, NY 10022 |
| Diego O. Barros | 69-06 Grand Avenue |
| Erica M. Meyer | 3rd Floor |
| | Maspeth, NY 11378 |
| | jon@norinsberglaw.com |

August 2, 2022

**VIA ECF**

Hon. Judge Edward E. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm 918
Brooklyn, New York 11201

      Re: **_Zubko-Valva v. County of Suffolk, et al._**
             **_Docket No.: 20 Civ. 02663 (ERK) (ARL)_**

Dear Judge Korman:

      We represent plaintiff Justyna Zubko-Valva in the above-referenced civil rights action brought under 42 U.S.C. §1983. We write now to respectfully request that the Court reinstate Plaintiff's state law claims against the Suffolk County Defendants. Defense counsel, Brian Mitchell, Esq., opposes this request.

      By way of background, on June 15, 2021, the Court issued a Memorandum and Order ("Order"), granting in part and denying the Suffolk County Defendants' motion to dismiss. Zubko-Valva v. Cty. of Suffolk, No. 20 Civ. 2663 (ERK)(ARL), 2022 U.S. Dist. LEXIS 106810 (E.D.N.Y. June 15, 2022). In relevant part, the Court dismissed Plaintiff's supplemental state law claims against Suffolk County because Plaintiff had not properly served her Notice of Claim by "certified or registered mail," as required by N.Y. Gen. Mun. Law §50-e(3)(A). The Court dismissed such claims "without prejudice," finding that Plaintiff's "failure to comply with 50(e)'s requirements [was] more akin to insufficient service." Zubko-Valva, 2022 U.S. Dist. LEXIS 106810, at *44

      Following the Court's ruling, on July 5, 2022, the parties had a meet-and-confer to discuss whether Suffolk County would consent to reinstating Plaintiff's state law claims if Plaintiff were to re-serve the Notice of Claim by certified mail, in compliance with N.Y. Gen. Mun. Law §50-e(3)(A). The following day, Mr. Mitchell indicated that his office would oppose any application by Plaintiff to reinstate the state law claims against Suffolk County.
T 212.791.5396 | T 212.JUSTICE | F 212.406.6890 | norinsberglaw.com

Thereafter, on July 26, 2022, Plaintiff re-served the Notice of Claim via certified mail, in compliance with N.Y. Gen. Mun. Law §50-e(3)(A). (Ex. A, Proof of Service). For the reasons set forth below, Plaintiff respectfully submits that her state law claims should be reinstated, since: i) her original Notice of Claim was timely based on the tolling orders issued by Governor Cuomo during the pandemic; and ii) Plaintiff has now cured the procedural defect identified by the Court relating to service of her original Notice of the Claim. Zubko-Valva, 2022 U.S. Dist. LEXIS 106810, at *44.

**I. Plaintiff's Original Notice of Claim was Timely, Since Governor Cuomo's Executive Orders Tolled All Filing Deadlines by 228 Days.**

In response to the Covid-19 pandemic, on March 20, 2020, then-New York Governor Andrew M. Cuomo signed Executive Order 202.8, which tolled for thirty (30) days "any specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued through subsequent extensions of that Order via Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, and 202.67, through November 3, 2020. In total, the Executive Orders "tolled the statute of limitations for a total of 228 days." Powell v. United States, 2022 U.S. Dist. LEXIS 93314, at *7 (S.D.N.Y. May 24, 2022) (citing Brash v. Richards, 195 A.D.3d 582, 149 N.Y.S.3d 560, 560 (2d Dep't 2021)).

The tolling orders effectively extended Plaintiff's time to file her Notice of Claim until December 3, 2020, or 228 days after the initial 90-day period had expired (April 19, 2020). As the Brash court explained, "[a] toll suspends the running of the applicable period of limitation for a finite time period, and the period of the toll is excluded from the calculation of the relevant time period." Id. 195 A.D.3d 582 (internal citations, brackets, and quotation marks omitted). In other words, "a toll operates by adding the days remaining before the deadline to the date after the toll ceases to be in effect." M.C. v. New York, 74 Misc. 3d 682, 689 (N.Y. Ct. Cl. 2022).

Here, Plaintiff served her Notice of Claim on April 2, 2020, by priority mail.[1] It is undisputed that Suffolk County ultimately received a copy of Plaintiff's Notice of Claim. Zubko-Valva, 2022 U.S. Dist. LEXIS 106810, at *43. While "the Suffolk County Attorney did not receive the notice until May 20, 2020 – 124 days after Tommy's death, ECF No. 78-5 at 7," Zubko-Valva, 2022 U.S. Dist. LEXIS 106810, at *44, service on this date was still timely based on the Executive Orders of Governor Cuomo. See Powell, 2022 U.S. Dist. LEXIS 93314, at *7 ("That 228-day toll was sufficient to preserve Plaintiff's Count IV false arrest claim, which was otherwise filed approximately 70 days late."); Brash, 195 A.D.3d at 585 ("Accordingly, the notice of appeal, which was served and filed on November 10, 2020, well within 30 days of November 3, 2020, was timely."). See also Barnes v. Uzu, Index No. 20-CV-5885 (KMK), 2022 U.S. Dist. LEXIS 46014, 2022 WL 784036, at *8-11 (S.D.N.Y Mar. 15, 2022); Foy v. New York, 71 Misc. 3d 605, 144 N.Y.S.3d 285 (NY Ct. Cl. 2021); Vivar v. Bsrep UA River Crossing LLC, 2021 NY Slip Op. 32153[U] (Sup. Ct. N.Y. Cty. Oct. 28, 2021); Payne v. King Neptunes NY, LLC, 73 Misc. 3d

---

[1] Plaintiff served the Notice of Claim by priority mail only because hand-delivery on Suffolk County was not possible due to the pandemic.

1210[A], 154 N.Y.S.3d 409, 2021 N.Y. Slip. Op. 50994[U] (N.Y. Sup. Ct. Warren Cty. Oct. 7, 2021). Accordingly, even if Plaintiff's Notice of Claim was not received until May 20, 2020, it was nonetheless timely.

**II.      Defendants Will Not Suffer any Prejudice If Plaintiff's State Law Claims Are Reinstated.**

General Municipal Law § 50-e (5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim. The statute requires the court to consider whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within [90 days after the accrual of the claim] or within a reasonable time thereafter." (General Municipal Law § 50-e [5]). Additionally, the statute requires the court to consider "all other relevant facts and circumstances" and provides a "nonexhaustive list of factors that the court should weigh." Williams v. Nassau County Med. Ctr., 6 N.Y.3d 531, 538-539 (2006). "One factor the court must consider is 'whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.' (General Municipal Law § 50-e [5])." Matter of Newcomb v. Middle Country Cent. Sch. Dist., 28 N.Y.3d 455, 460-61(2016).

Here, it is undisputed that Defendants received actual notice of Plaintiff's claim on May 20, 2020. Zubko-Valva, 2022 U.S. Dist. LEXIS 106810, at *43. Further, Tommy's death received widespread media coverage, providing further notice of the facts and circumstances surrounding Tommy's tragic death. Under such circumstances, the County Defendants cannot claim prejudice. Newcomb, 28 N.Y.3d at 465-66 ("We hold that a finding that a public corporation is substantially prejudiced by a late notice of claim cannot be based solely on speculation and inference; rather, a determination of substantial prejudice must be based on evidence in the record.").

In sum, since Plaintiff's "failure to comply with 50(e)'s requirements [was] more akin to insufficient service," Zubko-Valva, 2022 U.S. Dist. LEXIS 106810, at *44 -- and since Plaintiff has now cured the defective service by reserving the Notice of Claim by certified mail (Ex. A) -- Plaintiff respectfully requests that her state law claims against the Suffolk County Defendants be reinstated.

We thank the Court for its consideration of this request.

Respectfully submitted,

Jon L. Norinsberg, Esq.

*Cc: All parties (via ECF)*

# EXHIBIT A

# USPS Tracking®

FAQs >

**Track Another Package +**

Remove ✕

**Tracking Number:** 70141200000136936720

Your item has been delivered and is available at a PO Box at 7:25 am on July 26, 2022 in SMITHTOWN, NY 11787.

USPS Tracking Plus® Available ⌄

## ✓ Delivered, PO Box

July 26, 2022 at 7:25 am
SMITHTOWN, NY 11787

Feedback

Get Updates ⌄

---

Text & Email Updates ⌄

---

Tracking History ⌃

July 26, 2022, 7:25 am
Delivered, PO Box
SMITHTOWN, NY 11787
Your item has been delivered and is available at a PO Box at 7:25 am on July 26, 2022 in SMITHTOWN, NY 11787.

July 25, 2022, 10:25 am
Available for Pickup
SMITHTOWN, NY 11787

**July 25, 2022, 10:18 am**
Out for Delivery
HAUPPAUGE, NY 11788

**July 25, 2022, 10:07 am**
Arrived at Post Office
SMITHTOWN, NY 11787

**July 24, 2022, 6:19 pm**
Departed USPS Regional Facility
MID NY DISTRIBUTION CENTER

**July 23, 2022, 8:41 am**
Arrived at USPS Regional Facility
MID NY DISTRIBUTION CENTER

**July 22, 2022, 4:09 pm**
Departed Post Office
NEW YORK, NY 10022

**July 22, 2022, 2:13 pm**
USPS in possession of item
NEW YORK, NY 10022

## USPS Tracking Plus®

## Product Information

| **Postal Product:** | **Features:** | See tracking for related item: 9590940248929032695023 (/go/TrackConfirmAction?tLabels=9590940248929032695023) |
|---|---|---|
| First-Class Mail® | Certified Mail™ | |

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Susan A. Flynn, Esq.
   County Attorney
   100 Veteran's Memorial Hwy
   6th floor, P.O. Box 6100
   Hauppauge, NY 11788

2. Article Number (Transfer from service label)

   7014 1200 0001 3693 6720

PS Form 3811, July 2015 PSN 7530-02-000-9053

# COMPLETE THIS SECTION ON DELIVERY

A. Signature

   X [signature]    ☒ Agent
                    ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☒ No

[Postmark: SMITHTOWN POST OFFICE JUL 26 2022 11787-USPS]

3. Service Type
   ☐ Adult Signature
   ☐ Adult Signature Restricted Delivery
   ☐ Certified Mail®
   ☐ Certified Mail Restricted Delivery
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery
   ☐ Insured Mail
   ☐ Insured Mail Restricted Delivery

   ☐ Priority Mail Express®
   ☐ Registered Mail™
   ☐ Registered Mail Restricted Delivery
   ☒ Return Receipt for Merchandise
   ☐ Signature Confirmation™
   ☐ Signature Confirmation Restricted Delivery

9590 9402 4892 9032 6950 23

Domestic Return Receipt