**COUNTY OF SUFFOLK**



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**DENNIS M. COHEN**  **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

August 19, 2022

Hon. Edward R. Korman, U.S.D.J.
Eastern District of New York
Brooklyn Courthouse
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   *Zubko-Valva v. County of Suffolk, et al.*
        Docket No. CV-20-2663 (ERK)(ARL)

Dear Judge Korman:

This letter is submitted in opposition to the Plaintiffs' request for an order reinstating "Plaintiffs' state law claims against the Suffolk County Defendants." DE 95.

The County Defendants submitted  a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b). The County Defendants requested dismissal of Plaintiffs' state law claims due to Plaintiffs' failure to comply with New York State General Municipal Law §50-e. (G.M.L.)

By Order dated June 15, 2022, this Court determined that Plaintiffs "failed to comply with 50-e's requirements."  This failure was based on Plaintiffs' service of the Notice of Claim ("NOC") by priority mail (a method of service not permitted by statute) and the fact that the NOC was not served within the 90 day time limit set forth in the statute. Based on this failure, the Court dismissed the state law claims against the CPS Defendants without prejudice.

Plaintiffs now argue that service of the NOC was not untimely, based upon Governor Cuomo's Executive Orders which tolled all filing deadlines due to the Covid-19 pandemic.  For the reasons set forth herein, the Court should deny Plaintiffs' request to reinstate her state law claims due to her failure to comply with G.M.L. §50-e.

**Procedural History**
Thomas Valva died on January 17, 2020. Plaintiffs served a Notice of Claim on April 3, 2020.[1]  The Notice of Claim and "Priority Mail" label are attached as exhibit A.  The NOC was mailed to the Suffolk County District Attorney.  As indicated by the mail stamp, the County Attorney's Office received the NOC on May 20, 2020. Exhibit B. By letter dated June 1, 2020, the County Attorney's Office advised Plaintiffs' counsel that the NOC did not comply with Section 50(e) of the G.M.L. because it was not timely served and it was not served in the proper manner.  Exhibit C.

---

[1] Plaintiff's letter states that the NOC was mailed on April 2, 2020, but the Priority Mail label indicates April 3.

Plaintiffs took no steps to address the deficiencies in the service of the NOC until July 2022, when a second NOC was served, by certified mail, upon the County Attorney's Office. The County Attorney's Office advised counsel that the NOC was untimely served. Exhibit D.

**Plaintiffs have failed to properly serve a Notice of Claim and the state law claims must be dismissed**
Plaintiffs argue that the tolling provisions in the Executive Orders renders the service of the original NOC timely. While that may be true, the fact remains that Plaintiffs did not serve the NOC upon the proper entity or in the proper manner.[2] Pursuant to the G.M.L., that renders service of the NOC a nullity and the state claims must be dismissed.

As the Court noted in its Order, the Suffolk County Attorney's Office is the proper entity upon which a NOC may be served. While the County Attorney did receive the NOC on May 20, 2020, it was "rejected" on the basis that it was both untimely *and* improperly served.

General Municipal Law 50-e (3)(c) provides as follows:

> If the notice is served within the period specified by this section, but in a manner not in compliance with the provisions of this subdivision, the service shall be valid… *if the notice is actually received by a proper person within the time specified by this section, and the public corporation fail to return the notice, specifying the defect in the manner of service, within thirty days after the notice is received.* (italics added)

In this case, the County Attorney's Office returned the NOC within 30 days and specified that the NOC had not been served in the proper manner. The G.M.L. specifically provides a remedy for a claimant to address deficiencies in service. If a new notice is properly served within 10 days of the return of the defective notice, the new notice will be deemed properly served. G.M.L. § 50-e(3)(d). Plaintiffs did not avail themselves of this provision.

By its plain terms, the statute allows an improperly served NOC to be considered properly served only if the "proper person" receive the notices and does *not* return it. Here, as Plaintiff was specifically advised of the defect in service, and took no steps to cure, the fact that the County Attorney ultimately received the notice is of no effect. *See Johnson v. Tudisco,* 2020 WL 363647, *8, 9 [SDNY 2020].

Nor does Plaintiffs' service of a NOC in July 2022 cure the defects. The statute of limitations for Plaintiffs' state claims expired on April 19, 2021. It is well settled that a request for permission to file a late notice of claim must be made "to the supreme court or county court." G.M.L. §50-e(7). "Section 50–e(5) provides that a court "[u]pon application" of a plaintiff may, in its discretion, extend the time to serve a notice of claim. However, although the Court of Appeals has not ruled on the issue, district courts in the Second Circuit have routinely found that they ack jurisdiction to even consider such an application*." Humphrey v. County of Nassau,* 06-CV-3682(JFB)(AKT), 2009 WL 875534, at *21 [EDNY Mar. 30, 2009].

Further, the courts are without jurisdiction to allow the filing of a late notice of claim once the statute of limitations has run. As held in *Baumgarten v. Suffolk County,* 2013 WL 3973089 [EDNY, 2012],

---

[2] Plaintiff states that priority mail was used because hand-delivery on Suffolk County was not possible due to the pandemic. This is not accurate. This office was always staffed with someone to accept service throughout the pandemic; and Plaintiff does not explain why certified mail was not used.

"even if the Court were to consider a possible extension of the time to file a Notice of Claim, the one year and ninety day statute of limitations has expired. Accordingly, the Court cannot extend the period to file the Notice of Claim at this juncture."

**Service of a Notice of Claim is a condition precedent to suit**
Respectfully, although the Court's Order finds Plaintiffs' failure to comply with Section 50(e) to be "akin to insufficient service under Federal Rule of Civil Procedure 12(b)(5)," it is well established that a Notice of Claim is a condition precedent to suit and failure to comply with the statute mandates dismissal of Plaintiffs' state claims. *Hardy v New York City Health & Hosp. Corp.* 164 F.3d 786, 793 [2nd Cir. 1999]; *Parise v. New York City Dept. of Sanitation,* 306 Fed.Appx.695 [2nd Cir. 2000].

"State law claims brought in federal court are subject to state procedural rules, which here are those of New York. *Felder v. Casey*, 487 U.S. 131, 152 (1988) ("[F]ederal courts are constitutionally obligated to apply state law to state claims."). Under New York law, a notice of claim is a condition precedent to bringing a personal injury action against a municipal corporation, or any of its officers, agents, or employees. N.Y. Gen. Mun. Law §§ 50-e(1), 50-i(1); *see Parise v. N.Y.C. Dep't of Sanitation*, 306 Fed. App'x 695, 697 (2d Cir. 2009); *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)." *Johnson v Tudisco*, 17-CV-8621 (NSR), 2020 WL 363647, at *8 [SDNY Jan. 21, 2020].

It is well established under New York law that the proper service of a NOC is a condition precedent to suit. *Fernandez v. City of New York*, 148 A.D. 3d 995, 996, 51 N.Y.S.3d 100, 102 [2nd Dept. 2017]. "As a condition precedent to initiating a personal injury action against a municipality, a notice of claim must be served within 90 days after the claim arises (*see* General Municipal Law § 50–e [1][a] ). The action must also be commenced within the statutorily prescribed one–year–and–90–day limitations period (*see* General Municipal Law § 50–i[1] ). Although a court is authorized to extend the filing of a notice of claim beyond the 90–day period, the time for filing may not be extended beyond the expiration of the applicable statute of limitations (*see* General Municipal Law § 50–e [5] )." *Heslin v County of Greene*, 14 NY3d 67, 73-74 [2010].

Federal courts are obligated to apply state law provisions relating to the service of a Notice of Claim to state law claims pending in federal court. *Felder v. Casey*, 487 U.S. 131, 133, 108 S.Ct. 2302,2304 [1988]; *DeCarolis v. Town of Vienna,* 322 Fed. Appx. 25, 26 [2nd Cir.2009].
"Federal courts do not have jurisdiction to hear state law claims brought by plaintiffs who have failed to comply with the notice of claim requirement, nor can a federal court grant a plaintiff permission to file a late notice of claim." *Dillon v Suffolk County Dept. of Health Services*, 917 F Supp 2d 196, 216 [EDNY 2013].

Based on the foregoing, Plaintiffs has wholly failed to comply with the G.M.L. in that a Notice of Claim has *never* been timely and properly served.  The NOC purportedly served in May 2020 is a nullity, as is the NOC served in July 2022, which was served well beyond the expiration of

the statute of limitations.  Respectfully, Plaintiffs' application must be denied. Thank you.

Very truly yours,
Dennis M. Cohen
Suffolk County Attorney

*/s/ Susan A. Flynn*
By:   Susan A. Flynn
        Deputy County Attorney