UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUSTYNA ZUBKO-VALVA, as Mother and Natural Guardian of ANTHONY VALVA and ANDREW VALVA, and as Administratrix of the Estate of THOMAS VALVA, and JUSTYNA ZUBKO-VALVA individually,

                                  Plaintiff,

-against-

THE COUNTY OF SUFFOLK, CPS SENIOR CASEWORKER MICHELE CLARK, Individually and in her Official Capacity, CPS SUPERVISOR EDWARD HEEPE, Individually and in his Official Capacity, CPS ASSISTANT DIRECTOR ROBERT LETO, Individually and in his Official Capacity, CPS INVESTIGATOR JENNIFER LANTZ, Individually and in her Official Capacity CPS INVESTIGATOR MELISSA ESTRADA, Individually and in her Official Capacity, ATTORNEY FOR CHILDREN DONNA MCCABE, ESQ., Individually and in her Official Capacity, THE LAW OFFICE OF DONNA MCCABE, EAST MORICHES UNION FREE SCHOOL DISTRICT, PRINCIPAL EDWARD SCHNEYER, Individually and in his Official Capacity, SCHOOL SUPERINTENDENT CHARLES RUSSO, Individually and in his Official Capacity, ATTORNEY FOR CHILDREN ETHAN HALPERN, ESQ, Individually and in his Official Capacity, THE LEGAL AID SOCIETY of SUFFOLK COUNTY, INC., CHILDREN'S LAW BUREAU, MICHAEL VALVA, and ANGELA POLLINA, Defendants.

                                  Defendants.

**STIPULATION OF CONFIDENTIALITY**

20-cv-2663 (ERK)(ARL)

1.     This stipulation applies to all parties and their attorneys with respect to the production of documents that contain confidential information.

2.     It is, accordingly, hereby agreed and stipulated that:

(a) Counsel is defined to include attorneys for any party and all employees and agents and any person in the employ of said counsel necessary to assist in this litigation, including consultants and experts.

(b) Confidential document is defined to mean Suffolk County Child Protective Services records, New York State Office of Children and Family Services records, New York State Central Registry Records, Suffolk County Family Court Records, Suffolk County Police Department Records, Nassau County Supreme Court Matrimonial Records, East Moriches Union Free School District Records, the legal files of defendant Donna McCabe, Esq., the legal files of defendant Ethan Halpern, Esq. and the Legal Aid Society, Medical Records of Justyna Zubko-Valva and Michael Valva, Medical Records of the children of Justyna Zubko-Valva and Michael Valva, Medical Records of Angela Pollina, Medical Records of the Children of Angelina Pollina, medical personnel or disciplinary records of any party, and/or any document subsequently identified as such by a producing party or their counsel as being confidential unless the Court determines that the documents or any portion of the documents are not entitled to confidentiality.

(c) Counsel will produce for inspection and use one copy of each confidential document to each of the other counsel. Counsel and parties are prohibited from making their own copy of any confidential document or portions thereof given to them pursuant to this stipulation, except for; (1) use as an exhibit to a paper filed in this litigation under paragraph (h); (2) for internal working copies to be utilized by counsel; and (3) for use at depositions or trial.

(d) All portions of each document disclosed consisting of confidential material is to be protected by this stipulation unless otherwise advised by counsel providing said documents.

(e) Counsel will use the confidential documents and information contained therein solely for the purposes of this litigation, including depositions and trial, and shall not, without the prior written consent of the producing counsel, make the confidential documents or the information contained therein available to any other person.

(f) Within ninety days after the production to counsel of the confidential documents, counsel shall return to producing counsel any documents that they believe they do not need for use in this litigation.

(g) Within five days after the entry of a final judgment in this litigation (including appeals or petitions for review), counsel shall (i) return or destroy all confidential documents produced pursuant to this stipulation; (ii) destroy all notes, summaries, digests, and synopses of the confidential documents. Notice of such destruction shall be given producing counsel immediately thereafter.

(h) In the event that a party wishes to use a confidential document or any confidential information therein in any paper filed in this litigation, such paper (or part thereof containing the confidential document or confidential information) shall be filed under seal and maintained under seal by the Court.

(i) Persons to whom confidential documents are made available under this stipulation are bound by the restrictions contained herein.

(j) Nothing herein shall be deemed to permit the provision of confidential documents, or the disclosure of the contents of confidential documents, to any member of the press, media, print, broadcast, cable, satellite or internet; or to any person or entity purporting to be working in the public interest. It is understood that any such provision or disclosure is a violation of this Order, the First Amendment rights of the recipients notwithstanding.

(k) In the event that a confidential document or any part thereof is read into the record at a deposition or quoted in a document generated in this litigation, the portion of said deposition or document containing the language from the confidential document shall also be confidential; and the underlying confidential document shall remain confidential notwithstanding that a portion of it was read into the record at a deposition or quoted in a document generated in this litigation.

(l) It is further understood that this Stipulation be "so ordered" without further notice and may then be enforced as a court order, even after the entry of final judgment in this

action. If this Stipulation is "so ordered," a copy will be furnished to counsel upon issuance of said order.

Dated: Hauppauge, New York
November   , 2022

Jon L. Norinsberg, Esq.
Attorney for Plaintiffs
110 East 59th Street
Suite 3200
New York, NY 10022

Dennis M. Cohen
Suffolk County Attorney
Attorney for County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099
By: Brian C. Mitchell

Michael J. Boranian, Esq.
Attorney for Donna McCabe
Montfort, Healy, McGuire and Salley LLP
840 Franklin Ave.
Garden City, NY 11530

Christine Gasser, Esq.
Laura Endrizzi, Esq.
Attorneys for East Moriches School District
Edward Schneyer and Charles Russo
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis and Fishlinger
333 Earle Ovington Boulevard
Uniondale, NY 11553

Jonathan B. Bruno, Esq.
Attorney for Ethan Halpern
Rivkin Radler LLP
477 Madison Ave, Suite 410
New York, NY 10022

**SO ORDERED:**
**Dated: Central Islip, New York**
_____, 2022

**Hon. Arlene R. Lindsay, USMJ**

action. If this Stipulation is "so ordered," a copy will be furnished to counsel upon issuance of said order.

Dated: Hauppauge, New York
November    , 2022

---

Jon L. Norinsberg, Esq.
Attorney for Plaintiffs
110 East 59th Street
Suite 3200
New York, NY 10022

---

Dennis M. Cohen
Suffolk County Attorney
Attorney for County Defendants
H. Lee Dennison Building
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, NY 11788-0099
By: Brian C. Mitchell

---

Michael J. Boranian, Esq.
Attorney for Donna McCabe
Montfort, Healy, McGuire and Salley LLP
840 Franklin Ave.
Garden City, NY 11530

---

Christine Gasser, Esq.
Laura Endrizzi, Esq.
Attorneys for East Moriches School District
Edward Schneyer and Charles Russo
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis and Fishlinger
333 Earle Ovington Boulevard
Uniondale, NY 11553

---

Jonathan B. Bruno, Esq.
Attorney for Ethan Halpern
Rivkin Radler LLP
477 Madison Ave
20th Floor
New York, NY 10022

**SO ORDERED:**
**Dated: Central Islip, New York**
         , 2022

---

**Hon. Arlene R. Lindsay, USMJ**