**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JUSTYNAZUBKO-VALVA, as Mother and Natural Guardian of ANTHONY VALVA and ANDREWVALVA, and as Administratrix of the Estate of THOMAS VALVA, and JUSTYNA ZUBKO-VALVA individually,

Plaintiff,

v.

THE COUNTY OF SUFFOLK et al.,

Defendants.

Case No.: 2:20-cv-02663 (BMC/ARL)

**ORDER APPROVING SETTLEMENT AND INFANT COMPROMISE**

AND NOW, this 27th day of ___July___ 2026, upon consideration of Plaintiff's Motion for Approval of Settlement with Infant Compromise Application, Defendants' Joint Response, and the entire record, it is hereby

**ORDERED** as follows:

1.  Plaintiff's Application for Approval of Settlement is **GRANTED** with the modifications set forth herein. The global settlement in the total amount of Nine Million Dollars ($9,000,000.00) is approved as fair and reasonable under the circumstances of the case, and shall be paid as per the terms of this Order as follows: The County of Suffolk and/or its insurers to pay Seven Million Four Hundred Twenty Thousand Dollars ($7,420,000.00); The Legal Aid Society of Suffolk County, Inc. and/or its insurers to pay One Million Three Hundred Thousand Dollars ($1,300,000.00); East Moriches Union Free School District and/or its insurers to pay Two Hundred Fifty Thousand Dollars ($250,000.00); and Donna McCabe, individually, and the Law Office of Donna McCabe to pay Thirty Thousand Dollars ($30,000.00).

2.  The Total Settlement of $9,000,000.00 shall be allocated as follows:

**A. Plaintiff Justyna Zubko-Valva individually (direct claims):**
A total sum **of $7,820,615.40** (gross), less Plaintiff's counsel's contingency fee of 33½% ($2,606,611.11), for a net amount of **$5,214,004.29,** shall be paid directly to Plaintiff Justyna Zubko-Valva via check. This portion represents Plaintiffs direct claims and is approved as part of the global settlement. This allocation does not require the same infant compromise review as the portions allocated to the infant plaintiffs and the Estate of Thomas Valva.

**B. Infant Plaintiff Anthony Valva:**
ORDERED that the sum of **$266,000.00** (gross) allocated to Infant Plaintiff Anthony Valva, after deduction of Plaintiff's counsel's contingency fee of 33½% ($88,657.80), for a net amount of **$177,342.20** shall be paid via check to a custodial account No. 10004686241 established in the name of Anthony Valva, with Justyna Zubko-Valva as natural guardian and custodian, at a federally insured FourLeaf Federal Credit Union paying the highest rate of interest available. No withdrawals shall be made from said account until Anthony Valva reaches the age of eighteen (18) years; and it is further

**C. Infant Plaintiff Andrew Valva:**

ORDERED that the sum **of $266,000.00** (gross) allocated to Infant Plaintiff Andrew Valva, after deduction of Plaintiff's counsel's contingency fee of 33½% ($88,657.80), for a net amount of **$177,342.20** shall be paid via check to a custodial account No. 10004686191 established in the name of Andrew Valva, with Justyna Zubko-Valva as natural guardian and custodian, at a federally insured FourLeaf Federal Credit Union paying the highest rate of interest available. No withdrawals shall be made from said account until Andrew Valva reaches the age of eighteen **(18)** years; and it is further ORDERED:

**2.1 Separate Allocation for the $647,386.00 ($431,612.25 minus attorney's fees) Settlement of New York State Law Claims (Wrongful Death, Conscious Pain and Suffering) against Legal Aid Society of Suffolk County, Inc., Ethan Halpern, Esq., Donna McCabe, Esq., The Law Office of Donna McCabe, East Moriches Union Free School District, School Superintendent Charles Russo, East Moriches School Principle Edward Schneyer:**

The $647,386,00 portion of the global settlement attributable to the New York State law claims for wrongful death, and conscious pain and suffering against the above-named defendants shall be further allocated and paid as follows, consistent with the statutory distinctions under New York law:

(a) **Wrongful Death Claim** – The portion attributable to the wrongful death claim in the amount **of $323,693.00 ($215,806.12** minus attorney's fees) shall be allocated and paid via check directly to Justyna Zubko-Valva as the sole distributee of the decedent Thomas Valva, pursuant to Estates, Powers and Trusts Law § 5-4.3 and § 5-4.4. Under EPTL § 5-4.4, damages recovered in a wrongful death action or by settlement are exclusively for the benefit of the decedent's distributees and shall be distributed to the persons entitled thereto under Estates, Powers and Trusts Law § 4-1.1. This portion is not an asset of the Estate of Thomas Valva.

(b) **Conscious Pain and Suffering (Survival) Claim** – The portion attributable to the conscious pain and suffering claim in the amount **of $323,693.00 ($215,806.12** minus attorney's fees) shall be allocated and paid via check directly to Justyna Zubko-Valva as Administratrix of the Estate of Thomas Valva, pursuant to Estates, Powers and Trusts Law § 11-3.2. Under EPTL § 11-3.2, the cause of action for injury to person survives the death of the decedent, and recovery for the decedent's conscious pain and suffering inures to the benefit of the decedent's estate as an estate asset to be administered in accordance with applicable law.

3. The total attorney's fees in this case in the amount of $3,000,000.00 (33½% of the gross settlement) shall be disbursed to Plaintiff's current counsel, Thomas E. Bosworth, Esq., to be placed in escrow pending resolution of the fee dispute between Plaintiff's current counsel, Thomas E. Bosworth, Esq., and Plaintiff's former counsel, Jon Norinsberg, Esq. Litigation disbursements and expenses in the amount of $6,479.23 are waived by Thomas E. Bosworth, Esq. and Bosworth Law, LLC.

4. Decedent's father, Michael Valva, is disqualified from receiving any share of the Estate of Thomas Valva under New York's Slayer's Rule. Plaintiff Justyna Zubko-Valva is the sole distributee for all claims for wrongful death and conscious pain and suffering on behalf of the Estate.

5. Within fifteen (15) days of the date of this Order, Plaintiff shall deliver to Defendants' counsel an executed General Release, W-9 forms, and any other required documents.[1]

6. Defendants shall make all payments required by this Order within thirty (30) days after the

---

1  Plaintiff already delivered to defendants a signed, executed, and notarized copy of the Release that all parties have agreed to.

later of (a) entry of this Order or (b) receipt of the executed General Release and W-9 forms. Payments shall be made by check as indicated in the Order. Interest on any late payment shall accrue on the outstanding principle balance at the rate set forth in 28 U.S.C. § 1961 beginning on the 30th day after receipt by defendants' counsel of a copy of this Order, and only against the specific Defendant or insurer responsible for the delay.

7. Within seven (7) business days after receipt of all settlement proceeds, Plaintiff shall file the Stipulation of Discontinuance with Prejudice (in the form attached as Exhibit B).

8. No additional guardian ad !item or separate attorney for the infant plaintiffs is required. Plaintiff Justyna Zubko-Valva, as the natural mother and guardian, is fully capable of protecting the children's interests, and there is no conflict necessitating separate representation.

9. This Order resolves all claims in the above-captioned action. The Clerk of Court is directed to close this case upon filing of the Stipulation of Discontinuance.

**SO ORDERED.**

Dated: July 27, 2026

Brooklyn, New York

*Brian M. Cogan*
_____

Hon. Brian M. Cogan
United States District Judge